IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, Individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendants. | § § § § § § § § § § § § § | 2:08-cv-422 |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

The Plaintiffs, PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY, AND KELLY HAMPTON bring this action on behalf of themselves and other former employees and present employees of Defendants, TYLER TECHNOLOGIES, INC., and EDP ENTERPRISES, INC. (hereinafter, "Plaintiffs and Putative Class Members") to recover overtime compensation, liquidated damages, attorney's fees, and costs, under the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended (29 USCA § 216(b)).

## I.
## OVERVIEW

1.1   This is a collective action to recover overtime wages brought under the Fair Labor Standards Act ("FLSA").

1.2   The Putative Class Members are those persons employed by Defendants as "Customer Service Representatives," "Customer Liaisons," "Engineers," "Trainers," and "Education Services

Specialists" and who were regularly required by Defendants to work in excess of 40 hours per week.

1.3    Plaintiffs and the Putative Class Members were not paid overtime for any hours worked in excess of 40 hours per week in accordance with the FLSA. Accordingly, Plaintiffs, PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY, AND KELLY HAMPTON, bring this action on behalf of themselves and Putative Class Members, who were employed by Defendants as "Customer Support Analysts," "Client Liaisons," "Engineers," "Trainers," "Education Services Specialists" to recover unpaid overtime compensation under Section 216(b) of the FLSA.

## II.
## PARTIES

2.1    Plaintiff, PATTY BEALL, is an individual who resides in Longview, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as a Customer Support Analyst during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BEALL'S consent to this action is filed herewith as Exhibit "A."

2.2    Plaintiff, MATTHEW MAXWELL, is an individual who resides in Longview, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as an engineer during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. MAXWELL'S consent to this action is filed herewith as Exhibit "B."

2.3    Plaintiff, TALINA MCELHANY, is an individual who resides in White Oak, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as a Customer Support Analyst, and Client Liaison during the relevant three-year period. Plaintiff did not properly receive

overtime compensation or benefits for hours worked in excess of 40 hours per week. MCELHANY'S consent to this action is filed herewith as Exhibit "C."

2.4   Plaintiff, KELLY HAMPTON, is an individual who resides in Kilgore, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as a " Trainer," "Education Services Specialist" and "Client Liaison" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. HAMPTON'S consent to this action is filed herewith as Exhibit "D."

2.5   Additional persons, within the putative class, who wish to opt-in to this collective action complaint have given their written consents which are attached hereto as Exhibits "E" and "F."

2.6   Defendant, TYLER TECHNOLOGIES, INC. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal office and place of business located in the City of Dallas, State of Texas, within the territorial jurisdiction of this Court, and, at all times hereinafter mentioned, defendant employed Plaintiff and Putative Class Members in several states. TYLER TECHNOLOGIES, INC. can be served through its registered agent for service, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701.

2.7   Defendant, EDP ENTERPRISES, INC. is a corporation duly organized and existing under the laws of the State of Texas, having its principal office and place of business located in the City of Longview, State of Texas, within the territorial jurisdiction of this Court. EDP ENTERPRISES, INC., can be served through its registered agent for service, A Wesley Ray, Jr., 1512 Colony Circle, Longview, TX 75604.

### III.

## JURISDICTION

3.1     Jurisdiction of this action is conferred on this Court by Section 216(b) of the Act (29 USCA § 216(b)), and by the provisions of 28 USCA § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

## IV.
## VENUE

4.1     Venue is proper in the Eastern District, Marshall Division because Defendant, EDP Enterprises, Inc., resides in the Eastern District, Marshall Division. Additionally, Defendant, Tyler Technologies, Inc., is subject to personal jurisdiction in the Eastern District Marshall Division because its contacts with the State of Texas and the Eastern District are continuous and systematic, such that the Court has general personal jurisdiction over it. Venue is also appropriate in the Eastern District, Marshall Division because a substantial part of the events or omission giving rise to the claim occurred, within the Eastern District of Texas. The named Plaintiffs are all residents of the Eastern District of Texas. Pursuant to 28 U.S.C. § 1391 (West 2000), venue is proper in any division of the Eastern District of Texas.

## V.
## COVERAGE UNDER THE FLSA

5.1     At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said

enterprises have and continue to have employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiffs' and Putative Class Members' employment by Defendants, Plaintiffs and Putative Class Members provided services for Defendants that involved interstate commerce. In performing the operations herein above described, Plaintiffs and Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§203(b), 203(i), 203(j), 206(a), and 207(a) of the Act. (29 USCA §§ 203(b), 203(i), 203(j), 206(a), 207(a)).

5.4    At all times hereinafter mentioned, Plaintiffs and Putative Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.5    During the relevant time period, TYLER TECHNOLOGIES, INC. through its employees, created, ratified and implemented its unlawful payment scheme. Thus, TYLER TECHNOLOGIES, INC. has acted directly or indirectly as an employer with respect to the named Plaintiffs and Putative Class Members within the meaning of the FLSA.

5.6    During the relevant time period, EDP ENTERPRISES, INC through is employees, created, ratified and implemented its unlawful payment scheme. Thus, EDP ENTERPRISES, INC., has acted directly or indirectly as an employer with respect to the named Plaintiffs and Putative Class Members within the meaning of the FLSA.

5.7    The class of similarly situated employees, i.e. putative class members sought to be

certified under 29 U.S.C. § 216(b) is defined as "all current and former employees of Defendants, EDP Enterprises, Inc. and Tyler Technologies, Inc. that held the position of "Customer Support Analysts," "Client Liaisons," "Engineers," " Trainers," "Education Services Specialists" from October 23, 2005 through the present." The precise size and identity of the Putative Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants, and their related and affiliated entities.

## VI.
## FACTS

6.1     Defendants EDP ENTERPRISES, INC. and TYLER TECHNOLOGIES, INC., are in the business of creating, installing and providing customer training and support for specialized software programs for use by public entities including schools, appraisal districts, courts, pension plans and public safety entities. In September 2007, Defendant TYLER TECHNOLOGIES, INC. merged with EDP ENTERPRISES, INC. and thereafter continued its operations as TYLER TECHNOLOGIES, INC. During all times relevant to this action, Plaintiffs and Putative Class Members were employed by Defendants as exempt salaried employees and were not provided any additional compensation for any hours they worked over 40 hours per week, with the exception of travel bonuses of $50.00 per day for each day the employee was required to stay overnight during a job.

6.2     During all times relevant to this action Plaintiffs and Putative Class Members were classified as "Customer Support Analysts," "Client Liaisons," "Engineers," "Trainers," and "Education Services Specialists," or similar job title(s).

6.3     Customer Support Analysts' primary job duties consisted of assisting Defendants'

clients with problems they encountered with Defendants' computer software programs.

6.4  Client Liaisons' primary job duties consisted of interacting with clients during the conversion of the client's old software system to Defendants' software system, including the entry of the client's data after it is converted to the new software, reviewing the data for errors, assisting the client with correcting errors, and providing client support several months after the conversion.

6.5  Engineers' primary job duties involved the installation of hardware and software.

6.6  Trainers' primary job duties involved teaching clients how to use Defendant's software after conversion was complete.

6.7  Education Services Specialists' primary job duties involved training in software applications, data entry and customer support.

6.8  During the relevant time period, Plaintiffs and Putative Class Members were considered exempt employees by Defendants, notwithstanding the fact that they did not qualify for any recognized FLSA exemption. Specifically, Plaintiffs and Putative Class Members did not regularly perform managerial functions. Instead, Plaintiffs and Putative Class Members spent the majority of their working hours performing non-managerial and non-exempt functions on behalf of Defendants. Plaintiffs and Putative Class Members did not customarily or regularly exercise discretionary power, nor did they possess the authority to hire or fire other employees or make weighted recommendations concerning hiring, firing or advancement. Plaintiffs and Putative Class Members did not regularly direct or manage the work of two or more full-time employees.

6.9  Furthermore, Plaintiffs and Putative Class Members were not exempt under the computer professional exemption. Plaintiffs and Putative Class Members were not paid an hourly rate of not less than $27.63 per hour. Additionally, the Plaintiffs' and Putative Class Members'

primary duties did not consist of the performance of work that required the application of one of the following:

    A.    Systems analysis techniques and procedures, including consulting with users to determine hardware, or system functional specifications.

    B.    The design, development, documentation, testing, creation or modification of computer programs related to machine operating systems.

    C.    The design, documentation, testing, creation or modification of computer programs related to machine operating systems.

6.10    Plaintiff and Putative Class Members' duties were solely involved with the operation of computer hardware, networks, or equipment and as such were not exempt under the FLSA's computer professional exemption.

6.11    During the period from October 31, 2005, to the present time, Defendants regularly required Plaintiffs and Putative Class Members to work longer than 40 hours per week, and failed and refused to compensate them for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 207(a) of the Act (29 USCA § 207(a)).  Accordingly, Plaintiffs contend that Defendants owe them, and the Putative Class Members, overtime compensation under 29 U.S.C. § 207(a)(1).

## VII.
## FLSA VIOLATIONS

7.1    During the relevant time period, Defendants have violated, and are violating, the provisions of Sections 206 and/or 207 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in

excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

7.2     The positions of "Customer Support Analyst," "Client Liaison," "Engineer," "Trainer," and "Education Services Specialist" are not exempt positions under the FLSA.

7.3     Moreover, Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs and the Putative Class Members overtime compensation. The decision by Defendants not to pay overtime compensation to its "Customer Support Analysts," "Client Liaisons," "Engineers," "Trainers," and "Education Services Specialists" was neither reasonable nor in good faith. Accordingly, Plaintiffs and Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorneys's fees and costs.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

8.1     Other employees have been victimized by this pattern, practice and policy which is in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Plaintiff, PATTY BEALL, complained to management on numerous occasions that the failure to pay overtime was a violation of the law. Plaintiff BEALL was simply told that her job position was exempt. From the Plaintiffs personal knowledge and their discussions with management and similarly situated employees, Plaintiffs are aware that the illegal practice or policy of Defendants has been imposed on the Putative Class Members.

8.2     The Putative Class Members are "all current and former employees of Defendants,

EDP Enterprises, Inc. and Tyler Technologies, Inc. that held the positions of 'Customer Support Analyst,' 'Customer Liaisons,' 'Engineers,' 'Software Trainers,' and 'Education Services Specialists' from October 31, 2005 through the present and who regularly worked in excess of 40 hours per week."

8.3   The employees who were victimized by Defendants' unlawful compensation practices are also similarly situated to Plaintiffs in terms of job duties. The job positions of "Customer Support Analyst," "Customer Liaison," "Engineer," " Trainer," and "Education Services Specialist" require the same general job functions and duties throughout the Defendants' operations. Although Defendants may have given different job titles to employees that work on different software programs, the essential job functions performed by Plaintiffs as "Customer Support Analyst," "Customer Liaison," "Engineer," " Trainer," and "Education Services Specialist" are universally applicable to all Defendants' employees that perform the same or similar job duties.

8.4   Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Putative Class Members. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

8.5   The specific job titles or precise job requirements of the various Putative Class Members do not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

**ALL CURRENT AND FORMER CUSTOMER SUPPORT ANALYSTS, CLIENT LIAISONS, ENGINEERS, TRAINERS, EDUCATION SERVICES SPECIALISTS AND SIMILAR JOB POSITIONS, WHO WERE CLASSIFIED AS EXEMPT WHILE EMPLOYED BY EDP ENTERPRISES, INC. OR TYLER TECHNOLOGIES INC. DURING THE TIME PERIOD FROM OCTOBER 31, 2005 TO PRESENT AND WERE NOT PAID OVERTIME COMPENSATION FOR TIME WORKED IN EXCESS OF 40 HOURS PER WEEK.**

## IX.
## ACCOUNTING

9.1   The Plaintiffs and Putative Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to the Plaintiffs and Putative Class Members.

9.2   The Plaintiffs and Putative Class Members do not know the precise amount of compensation due to the Plaintiffs and Putative Class Members. The Plaintiffs and Putative Class members were required to submit the hours they worked to Defendants thus, Defendants possess records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

9.3   The amount of interest and penalties owed to Plaintiffs and Putative Class Members is based on the amount of compensation owed to members of the Class by Defendants. This amount can only be determined by an accounting of books and records in the possession of Defendants.

## X.
## RELIEF SOUGHT

10.1   WHEREFORE, Plaintiffs and Putative Class Members pray for judgment against Defendants as follows:

    a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names and addresses of all putative collective action members;

b.     For an Order Approving the form and content of a Notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For judgment finding Defendants liable for unpaid overtime pay at a rate not less than one and one-half times their regular rate of pay;

d.     For an award of liquidated damages equal in amount of the unpaid compensation found due to Plaintiffs and Putative Class Members;

e.     For an Order awarding Plaintiffs and Putative Class Members the costs of this action;

f.     For an Order awarding Plaintiffs and Putative Class Members their attorney's fees;

g.     For an Order awarding Plaintiffs and Putative Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

h.     For an Order granting Plaintiffs and Putative Class Members an accounting; and

i.     For an Order granting such other relief as may be necessary and appropriate.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY
LAW FIRM


/s/ Laureen F. Bagley
John D. Sloan, Jr.
State Bar No. 18505100
Laureen F. Bagley
State Bar No. 24010522
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
(903) 757-7000
(903) 757-7574 (Fax)

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, Individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. <br> Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages from Defendants. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

**Full Legal Name:** Patricia Ann Beall

**Street Address:** 19007 CR 2187 E

**City/State/Zip Code:** Tatum, Texas 75691

**Telephone Number:** 903/947.6123 or 903/646.5051

**Employment location:** _____

**Signature/Date:** Patty Beall   10-24-08

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs



EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PATTY BEALL, MATTHEW §
MAXWELL, TALINA MCELHANY AND §
KELLY HAMPTON, Individually §
and on behalf of all others similarly situated; §
§
  Plaintiffs, §
§
vs. § CIVIL ACTION NO. _____
§
TYLER TECHNOLOGIES, INC. AND §
EDP ENTERPRISES, INC. §
  Defendant. §

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages from Defendants. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

**Full Legal Name:** Matthew William Maxwell

**Street Address:** 3804 Gray Stone Rd, 1

**City/State/Zip Code:** Longview, TX 75605

**Telephone Number:** 903-297-1699

**Employment location:** Longview, TX

**Signature/Date:** [signature] 10/29/08

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs



EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, Individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages from Defendants. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

**Full Legal Name:** Talina R. McElhany

**Street Address:** 1301 Creekbend

**City/State/Zip Code:** White Oak, TX 75693

**Telephone Number:** 903-653-1089

**Employment location:** Longview, TX

**Signature/Date:** Talina McElhany  10/30/08

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs


EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, Individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages from Defendants. I have been given an opportunity to request and review a copy of the Complaint and Employment Services Agreement and agree to be bound by its terms.

**Full Legal Name:** Kelly Hampton

**Street Address:** 605 Hunter

**City/State/Zip Code:** Kilgore, TX 75662

**Telephone Number:** 903/983.2244

**Employment location:** Longview, TX

**Signature/Date:** [signature] 10/24/08

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs



EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, Individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## CONSENT TO OPT-IN

By my signature below, I represent to the Court that I do hereby elect to opt-in to the above referenced suit. I have been given an opportunity to request and review a copy of the Complaint.

**Full Legal Name:** _Lisa White_

**Street Address:** _205 Spillway_

**City/State/Zip Code:** _Longview, TX 75604_

**Telephone Number:** _903-297-3442_

**Job titles:** _____

**Employment location:** _____

**Signature/Date:** _Lisa White    10/30/08_

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs



EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, Individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendant. | §§§§§§§§§§§§§ CIVIL ACTION NO. _____ |

## CONSENT TO OPT-IN

By my signature below, I represent to the Court that I do hereby elect to opt-in to the above referenced suit. I have been given an opportunity to request and review a copy of the Complaint.

**Full Legal Name:** Diana Hudman

**Street Address:** 18289 E. FM 1797 PO BOX 1391

**City/State/Zip Code:** Tatum, TX 7691

**Telephone Number:** 903.947.2556 or 903.736.5446

**Job titles:** _____

**Employment location:** _____

**Signature/Date:** Diana Hudman 10-31-08

Please Return This Form For Filing with The Court To:

JOHN D. SLOAN, JR.
LAUREEN BAGLEY
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
903-757-7000
Counsel for Plaintiffs



EXHIBIT "F"