IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, DAVID GRAVLEY, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR, Individually and on behalf of all others similarly situated; | § § § § § § § § § | |
| Plaintiffs, | § § | 2:08-cv-422 TJW |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. Defendants. | § § § § | |

**PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

The Plaintiffs, PATTY BEALL, MATTHEW MAXWELL, DAVID GRAVLEY, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR bring this action on behalf of themselves and other former employees and present employees of Defendants, TYLER TECHNOLOGIES, INC., and/or EDP ENTERPRISES, INC. (hereinafter, "Plaintiffs and Putative Class Members") to recover overtime compensation, liquidated damages, attorney's fees, and costs, under the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended (29 USCA § 216(b)).

# I.
# OVERVIEW

1.1     This is a collective action to recover overtime wages brought under the Fair Labor Standards Act ("FLSA").

1.2     The Putative Class Members are those persons employed by Defendants as "Customer Support Analysts," "Systems Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainers," "Systems Engineers," "Client Liaisons," "Trainers," "Implementation Specialists," "Implementation Consultants," "Technical Sales Product Specialists," "Systems Analyst/Quality Assurance Analysts," or similar job title(s), and who classified by Defendant as exempt employees who were regularly required by Defendants to work in excess of 40 hours per week.

1.3     Plaintiffs and the Putative Class Members were not paid overtime for any hours worked in excess of 40 hours per week in accordance with the FLSA. Accordingly, Plaintiffs, PATTY BEALL, MATTHEW MAXWELL, DAVID GRAVLEY, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR bring this action on behalf of themselves and Putative Class Members, who were employed by Defendants as "Customer Support Analysts," "Systems Support Specialists/Systems Analysts," "Software Support Specialist," "Technical Support Specialists/Trainers," "Systems Engineers," "Client Liaisons," "Trainers," "Implementation Specialists," "Implementation Consultants," "Technical Sales Product Specialists," "Systems Analyst/Quality Assurance Analysts," or maintained positions with similar job duties as those listed above, to recover unpaid overtime

compensation under Section 216(b) of the FLSA.

## II.
## PARTIES

2.1    Plaintiff, PATTY BEALL, is an individual who resides in Longview, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as a "Customer Support Analyst" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BEALL'S consent to this action is filed herewith as Exhibit "A."

2.2    Plaintiff, MATTHEW MAXWELL, is an individual who resides in Longview, Gregg County, Texas. Plaintiff was employed by Defendant, EDP Enterprises, Inc. in Longview, Texas as a "Systems Engineer" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. MAXWELL'S consent to this action is filed herewith as Exhibit "B."

2.3    Plaintiff, DAVID GRAVLEY, is an individual who resides in Overton, Texas. Plaintiff was employed by Defendants in Longview, Texas as a "Systems Engineer" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. GRAVLEY'S consent to this action is filed herewith as Exhibit "C ."

2.4    Plaintiff, TALINA MCELHANY , is an individual who resides in White Oak, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as a "Customer Support Analyst," "Client Liaison" and "Implementation Specialist" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of

40 hours per week. MCELHANY'S consent to this action is filed herewith as Exhibit "D."

2.5    Plaintiff, KELLY HAMPTON, is an individual who resides in Kilgore, Gregg County, Texas. Plaintiff was employed by Defendants in Longview, Texas as a "Trainer," "Client Liaison" and "Implementation Specialist" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. HAMPTON'S consent to this action is filed herewith as Exhibit "E."

2.6    Plaintiff, CASEY BROWN, is an individual who resides in Windsor, Colorado. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Lakewood, Colorado as a "Software Support Specialist" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BROWN'S consent to this action is filed herewith as Exhibit "F."

2.7    Plaintiff, JASON BONNER, is an individual who resided in Denton, Texas. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Plano, Texas as a "Technical Support Specialist/Trainer" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BONNER'S consent to this action is filed herewith as Exhibit "G."

2.8    Plaintiff, KEVIN TULLOS, is an individual who resides in McKinney, Texas. Plaintiff was employed by Defendant, Tyler Technologies in Plano, Texas as a "Systems Support Specialist/Systems Analyst" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. TULLOS' consent to this action is filed herewith as Exhibit "H."

2.9    Plaintiff, ANTHONY DODD, is an individual who resides in Lubbock, Texas.

Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Lakewood Colorado as an "Implementation Specialist" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. DODD'S consent to this action is filed herewith as Exhibit "I."

2.10   Plaintiff, ILENE MEYERS, is an individual who resides in Cary, North Carolina. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Raleigh, North Carolina as an "Implementation Specialist" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. MEYER'S consent to this action is filed herewith as Exhibit "J."

2.11   Plaintiff, TOM O'HAVER, is an individual who resides in Bonney Lake, Washington. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Renton, Washington as a " Implementation Consultant" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. O'HAVER'S consent to this action is filed herewith as Exhibit "K."

2.12   Plaintiff, JOY BIBLES, is an individual who resides in Bothell, Washington. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Renton, Washington as a "Implementation Consultant" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. BIBLE'S consent to this action is filed herewith as Exhibit "L."

2.13   Plaintiff, DON LOCCHI, is an individual who resides in San Antonio, Texas. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Lubbock, Texas as a " Technical Sales Product Specialist" during the relevant three-year period. Plaintiff did not properly receive

overtime compensation or benefits for hours worked in excess of 40 hours per week. LOCCHI'S consent to this action is filed herewith as Exhibit "M."

2.14    Plaintiff, MELISSA PASTOR, is an individual who resides in Allen, Texas. Plaintiff was employed by Defendant, Tyler Technologies, Inc. in Irving, Texas as a "Systems Analyst/Quality Assurance Analyst II" during the relevant three-year period. Plaintiff did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. PASTOR'S consent to this action is filed herewith as Exhibit "N."

2.15    Additional persons, within the putative class, who wish to opt-in to this collective action complaint have given their written consents which are attached hereto as Exhibits "O," "P," "Q," "R," "S" and "T."

2.16    Defendant, TYLER TECHNOLOGIES, INC. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal office and place of business located in the City of Dallas, State of Texas, within the territorial jurisdiction of this Court, and, at all times hereinafter mentioned, Defendant employed Plaintiffs and Putative Class Members in several states. TYLER TECHNOLOGIES, INC. has been served through its registered agent for service, and is properly before the court.

2.17    Defendant, EDP ENTERPRISES, INC. is a corporation duly organized and existing under the laws of the State of Texas, having its principal office and place of business located in the City of Longview, State of Texas, within the territorial jurisdiction of this Court and, at all times hereinafter mentioned, Defendant employed Plaintiffs and Putative Class Members. EDP ENTERPRISES, INC., has been served through its registered agent for service, and is properly before the court.

## III.
## JURISDICTION

3.1     Jurisdiction of this action is conferred on this Court by Section 216(b) of the Act (29 USCA § 216(b)), and by the provisions of 28 USCA § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

## IV.
## VENUE

4.1     Venue is proper in the Eastern District, Marshall Division because Defendant, EDP Enterprises, Inc., resides in the Eastern District, Marshall Division.  Additionally, Defendant, Tyler Technologies, Inc., is subject to personal jurisdiction in the Eastern District Marshall Division because its contacts with the State of Texas and the Eastern District are continuous and systematic, such that the Court has general personal jurisdiction over it.  Venue is also appropriate in the Eastern District, Marshall Division because a substantial part of the events or omission giving rise to the claim occurred, within the Eastern District of Texas.  Four of the named Plaintiffs are residents of the Eastern District of Texas.  Pursuant to 28 U.S.C. § 1391 (West 2000), venue is proper in any division of the Eastern District of Texas.

## V.
## COVERAGE UNDER THE FLSA

5.1     At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3( r) of the FLSA, 29 U.S.C. § 203( r).

5.3     At all times hereinafter mentioned, Defendants have been  enterprises engaged in

commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have and continue to have employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiffs' and Putative Class Members' employment by Defendants, Plaintiffs and Putative Class Members provided services for Defendants that involved interstate commerce. In performing the operations herein above described, Plaintiffs and Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§203(b), 203(i), 203(j), 206(a), and 207(a) of the Act. (29 USCA §§ 203(b), 203(i), 203(j), 206(a), 207(a)).

5.4     At all times hereinafter mentioned, Plaintiffs and Putative Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.5     During the relevant time period, TYLER TECHNOLOGIES, INC. through its employees, created, ratified and implemented its unlawful payment scheme. Thus, TYLER TECHNOLOGIES, INC. has acted directly or indirectly as an employer with respect to the named Plaintiffs and Putative Class Members within the meaning of the FLSA.

5.6     During the relevant time period, EDP ENTERPRISES, INC through is employees, created, ratified and implemented its unlawful payment scheme. Thus, EDP ENTERPRISES, INC., has acted directly or indirectly as an employer with respect to the named Plaintiffs and Putative Class Members within the meaning of the FLSA.

5.7     The class of similarly situated employees, i.e. putative class members sought to be certified under 29 U.S.C. § 216(b) is defined as "all current and former employees of Defendants, Tyler Technologies, Inc.,  EDP Enterprises, Inc. and/or predecessor companies of Tyler Technologies, Inc. that held the positions of "Customer Support Analyst," "Systems Support Specialist/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainer," "Systems Engineer," "Trainer," "Client Liaison," "Implementation Specialist," "Implementation Consultant," "Technical Sales Product Specialist,"and  "Systems Analyst/Quality Assurance Analyst," or similar job positions that included  similar job duties as those listed above, from October 31, 2005, through the present. The precise size and identity of the Putative Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants, and their  related and affiliated entities.

## VI.
## FACTS

6.1     Defendants, TYLER TECHNOLOGIES, INC., and EDP ENTERPRISES, INC are in the business of creating, installing and providing customer training and support for specialized software programs for use by public entities including schools, appraisal districts, courts, pension plans and public safety entities.  In September 2007, Defendant TYLER TECHNOLOGIES, INC. merged with EDP ENTERPRISES, INC. and thereafter continued its operations as TYLER TECHNOLOGIES, INC.   During all  times relevant to this action,  Plaintiffs and Putative Class Members were employed by Defendants as exempt salaried employees and were not provided any additional compensation for any hours they worked over 40 hours per week, with the exception of travel bonuses  for each day an employee was required to stay overnight during a job.

6.2     During all times relevant to this action Plaintiffs and Putative Class Members were classified as "Customer Support Analysts," "Systems Support Specialists/Systems Analyst," "Software Support Specialists," "Technical Support Specialist/Trainer," "Client Liaisons," "Systems Engineers," "Trainers," "Implementation Specialists," "Implementation Consultants," "Technical Sales Product Specialists," and "Systems Analyst/Quality Assurance Analysts," or similar job title(s) and were treated as exempt employees notwithstanding the fact that their job duties did not warrant such treatment.

6.3     "Customer Support Analysts" primary job duties consist of assisting Defendants' customers via telephone with problems they encountered with the use and operation of Defendants' computer software programs.

6.4     "Systems Support Specialists/Systems Analyst" primary job duties consist of assisting Defendant. Tyler Technologies, Inc.'s customers via telephone or computer with problems they encountered with the use and operation of Tyler Technologies, Inc.'s computer software programs.

6.5     "Software Support Specialists" primary job duties consist of assisting Defendant, Tyler Technologies, Inc.'s customers via telephone or computer with problems they encountered with the use and operation of Tyler Technologies, Inc's computer software programs.

6.6      "Technical Support Specialist/Trainer" primary job duties consist of assisting Defendant, Tyler Technologies, Inc.'s customers via telephone or computer with problems they encountered with the use and operation of Tyler Technologies, Inc's computer software programs as well as training customers on the software.

6.7     "Systems Engineers" primary job duties involved the installation and maintenance of computer hardware and software for Defendants and their customers.

6.8     "Client Liaisons"[1] primary job duties consisted of interacting with EDP Enterprises, Inc's customers, via telephone, during the conversion of the customer's old software system to EDP Enterprises, Inc.'s software system, including the entry of the client's data after it is converted to the new software, reviewing the data for errors, assisting the client with correcting errors, and providing customer support several months after the conversion.

6.9     "Trainer," "Implementation Consultants" and/or "Implementation Specialists" are job titles that involve the same or similar job duties. "Trainers," "Implementation Consultants" and/or "Implementation Specialists" provide on-site assistance to Defendants' customers during the implementation of Defendants' software. These positions often entail extensive travel to customer sites where the "Trainers," "Implementation Specialists" and/or "Implementation Consultants assist customers during the conversion of their existing software to Defendants' software.[2] This process involves the conversion of the customer's data from their existing software to Defendants' software, reviewing the converted data for errors, assisting the customer with correcting data errors. The "Trainers," "Implementation Consultants" and/or "Implementation Specialists" also set up software modules and train the customer's employees on the use and operation of Defendants' software.

6.10    "Technical Sales Product Specialists" primary job duties consist of providing pre and post sale technical product assistance to Tyler Technologies, Inc.'s sales managers, consisting of on-site presentations to explain the technical aspects of the Tyler Technologies, Inc's software to

---

[1] The job title of "Client Liaison" was exclusive to EDP Enterprises, Inc. Although the position continued after Tyler Technologies purchased EDP Enterprises, Inc. the name of the position changed to "Implementation Specialist."

[2] Tyler Technologies, Inc. sells a wide variety of software products for use by public entities. Although the software packages are designed for different applications, the job duties of the Implementation Specialists/Consultants are essentially the same.

potential customers and post sale technical support during the conversion and implementation of the software.[3]

6.11   "Systems Analyst/Quality Assurance Analysts" primary job duties involved preparing test scripts to test Defendant's software to assure that it operates in "real life" scenarios as it was intended to operate.

6.12   During the relevant time period, Plaintiffs and Putative Class Members were classified and treated as exempt employees by Defendants, notwithstanding the fact that they did not qualify for any recognized FLSA exemption.

6.13   During the period from October 31, 2005, to the present time, Defendants regularly required Plaintiffs and Putative Class Members to work longer than 40 hours per week, and failed and refused to compensate them for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the provisions of Section 207(a) of the Act (29 USCA § 207(a)).  Accordingly, Plaintiffs contend that Defendants owe them, and the Putative Class Members, overtime compensation under 29 U.S.C. § 207(a)(1).

## VII.
## FLSA VIOLATIONS

7.1   During the relevant time period, Defendants have violated, and are violating, the provisions of Sections 206 and/or 207 of the FLSA, 29 U.S.C.  §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they

---

[3]The position of "Technical Sales Product Specialist" is only applicable to Tyler Technologies, Inc.'s employees.

were employed.

7.2   The positions of "Customer Support Analyst," "Systems Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainer," "Client Liaison," "Systems Engineer," "Trainer" "Implementation Specialists," "Implementation Consultants," "Technical Sales Product Specialists," and "Systems Analyst/Quality Assurance Analysts" are not exempt positions under the FLSA.

7.3   Moreover, Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs and the Putative Class Members overtime compensation.  The decision by Defendants not to pay overtime compensation to its "Customer Support Analysts," "Systems Support Specialists/Systems Analysts," "Software Support Specialists," "Technical Support Specialist/Trainer," "Client Liaisons," "Systems Engineers," "Trainers," "Implementation Specialists and/or Implementation Consultants," "Technical Sales Product Specialists," and "Systems Analyst/Quality Assurance Analysts" and employees that performed similar jobs was neither reasonable nor in good faith.  Moreover the decision to classify Plaintiffs job positions as exempt was made centrally and applied to all such job positions throughout Defendants' companies, irrespective of the location of the position, the type of software being supported and/or the type of customer being serviced.  Accordingly, Plaintiffs and Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorneys's fees and costs.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

8.1   Other employees have been victimized by this pattern, practice and policy which is

in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Plaintiff, PATTY BEALL, complained to management on numerous occasions that the failure to pay overtime was a violation of the law. Plaintiff BEALL was simply told that her job position was exempt. From the Plaintiffs personal knowledge and their discussions with management and similarly situated employees, Plaintiffs are aware that the illegal practice or policy of Defendants has been imposed on the Putative Class Members.

   8.2  The Putative Class Members are "all current and former employees of Defendants, and Tyler Technologies, Inc. and/or EDP Enterprises, Inc. or predecessor companies of Tyler Technologies, Inc., that held the positions of "Customer Support Analyst," "Systems Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainer," "Systems Engineer," "Trainer," "Client Liaison," "Implementation Specialist," "Implementation Consultant," "Technical Sales Product Specialist," and/or "Systems Analyst/Quality Assurance Analyst," or similar positions, from October 31, 2005, through the present and who classified as exempt employees and who worked in excess of 40 hours per week."

   8.3  The employees who were victimized by Defendants' unlawful compensation practices are also similarly situated to Plaintiffs in terms of job duties. The job positions of "Customer Support Analyst," "Systems Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainer," "Systems Engineer," "Client Liaison," "Trainer," "Implementation Specialist," "Implementation Consultant," "Technical Sales Product Specialist," and/or "Systems Analyst/Quality Assurance Analyst" require the same general job functions and duties throughout the Defendants' operations. Although Defendants may have given different job

titles to employees that work on different software programs, the essential job functions performed by Plaintiffs as "Customer Support Analyst," "Systems Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainer," "Systems Engineer," "Client Liaison," "Trainer," "Implementation Specialist," "Implementation Consultant," "Technical Sales Product Specialist," and/or "Systems Analyst/Quality Assurance Analyst" are universally applicable to all Defendants' employees that perform the same or similar jobs.

8.4   Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Putative Class Members.  Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

8.5   The specific job titles or precise job requirements of the various Putative Class Members do not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **ALL CURRENT AND FORMER CUSTOMER SUPPORT ANALYSTS, SYSTEMS SUPPORT SPECIALISTS/SYSTEMS ANALYST, SOFTWARE SUPPORT SPECIALISTS, TECHNICAL SUPPORT SPECIALIST/TRAINER, SYSTEMS ENGINEERS, CLIENT LIAISONS, TRAINERS, IMPLEMENTATION SPECIALISTS, IMPLEMENTATION CONSULTANTS, TECHNICAL SALES PRODUCT SPECIALISTS, AND SYSTEMS ANALYST/QUALITY ASSURANCE ANALYSTS OR SIMILAR JOB POSITIONS, WHO WERE CLASSIFIED AS EXEMPT WHILE EMPLOYED BY TYLER TECHNOLOGIES INC. , EDP ENTERPRISES, INC. AND/OR A PREDECESSOR COMPANY OF TYLER TECHNOLOGIES, INC. DURING THE TIME PERIOD FROM OCTOBER**

**31, 2005, TO PRESENT AND WERE NOT PAID OVERTIME COMPENSATION FOR TIME WORKED IN EXCESS OF 40 HOURS PER WEEK.**

## IX.
## ACCOUNTING

9.1     The Plaintiffs and Putative Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to the Plaintiffs and Putative Class Members.

9.2     The Plaintiffs and Putative Class Members do not know the precise amount of compensation due to the Plaintiffs and Putative Class Members.  The Plaintiffs and Putative Class members were required to submit the hours they worked to Defendants thus, Defendants possess records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

9.3     The amount of interest and penalties owed to Plaintiffs and Putative Class Members is based on the amount of compensation owed to members of the Class by Defendants.  This amount can only be determined by an accounting of books and records in the possession of Defendants.

## X.
## RELIEF SOUGHT

10.1    WHEREFORE, Plaintiffs and Putative Class Members pray for judgment against Defendants as follows:

> a.  For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, and telephone numbers of all putative collective action members;
>
> b.  For an Order Approving the form and content of a Notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;
>
> c.  For judgment finding Defendants liable for unpaid overtime pay at a rate not

        less than one and one-half times their regular rate of pay;

d.   For an award of liquidated damages equal in amount of the unpaid compensation found due to Plaintiffs and Putative Class Members;

e.   For an Order awarding Plaintiffs and Putative Class Members the costs of this action;

f.   For an Order awarding Plaintiffs and Putative Class Members their attorney's fees;

g.   For an Order awarding Plaintiffs and Putative Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

h.   For an Order granting Plaintiffs and Putative Class Members an accounting; and

i.   For an Order granting such other relief as may be necessary and appropriate.

        Respectfully submitted,

        SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

        /s/ Laureen F. Bagley
        John D. Sloan, Jr.
        State Bar No. 18505100
        jsloan@textrialfirm.com
        Laureen F. Bagley
        State Bar No. 24010522
        lbagley@textrialfirm.com
        101 East Whaley Street
        P.O. Drawer 2909
        Longview, Texas 75606
        (903) 757-7000
        (903) 757-7574 (Fax)

        Alexander R. Wheeler
awheeler@rrexparris.com
Jason Paul Fowler
jfowler@rrexparris.com
R. REX PARRIS LAW FIRM
42220 10TH Street West, Suite 109
Lancaster, CA 93534-3428
(661) 949-2595
(661) 949-7524 (Fax)

John P. Zelbst
zelbst@zelbst.com
Chandra L. Holmes Ray
chandra@zelbst.com
ZELBST, HOLMES & BUTLER
P.O. Box 365
Lawton, OK 73502-0365
(580) 248-4844
(580) 248-6916 (Fax)

James E. Wren
Texas State Bar No. 22018200
James_Wren@baylor.edu
One Bear Place #97288
Waco, Texas 76798-7288
(254) 710-7670
(254) 710-2817 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record via electronic mail on this 6TH day of April, 2009, as follows:

Paulo B. McKeeby
Joel S. Allen
Sharon Fast Fulgham
*MORGAN, LEWIS & BOCKIUS, LLP*
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347

Deron R. Dacus
*RAMEY & FLOCK, P.C.*
100 East Ferguson, Suite 500
Tyler, Texas 75702

                                                          s/Laureen F. Bagley
                                                          LAUREEN F. BAGLEY