# **DECLARATION OF TALINA MCELHANY**

1.      My name is Talina McElhany, I reside at 1301 Creekbend Street White Oak, Texas, 75693. I am over the age of eighteen (18) and am competent to testify to the following from my own personal knowledge and experience.

2.      I was employed with EDP Enterprises Inc. from August 2002 through September, 2007. During the time I worked for EDP Enterprises, Inc. I held the position of Customer Support Representative from August 2002 through September of 2005. From September 2005 through September of 2007, I held the position of Client Liaison.

3.      During the time that I was a Customer Support Representative my job duties involved answering phone calls from EDP Enterprises Inc. customers regarding problems they were experiencing with the use or operation of the EDP Enterprises, Inc. software. I worked with the EDpro, and UNIX financial software, as well as LYNX student software.

4       During the time that I was a Client Liaison with EDP Enterprises, Inc. my job duties consisted primarily of assisting customers during the conversion of their existing software to the new EDP Enterprises, Inc. software, EDpro. This process involved the conversion of the customer's data from their existing software to the Edpro software as well as supporting the customer's employees on the use and operation of the EdPro software. Additionally, my job duties consisted of gathering information from the customers and communicating information about the customer's data to the software conversion programmers. I performed this work from the EDP Enterprises, Inc. office using the telephone and my computer, which I could network into the customer's computer. During the conversion process I would verify the customer's data after it was converted. When I found an error I would contact the customer and assist them with correcting the error. I supported the customers when they had questions about the new software program and assisted the on-site implementation team while they were training the customer's employees. If the client had a software requirement that was not provided by the basic software package, I would write a program change request specific to the client's needs. If the software developers thought that this was an important change they would make the necessary changes to the program. After completing the conversion, clients would continue to contact me for support for a period of six weeks to six months regarding use of the software and I would assist them over the phone

5.      After Tyler Technologies, Inc. purchased EDP Enterprises, Inc. I continued to perform the same job duties that I performed for EDP Enterprises, Inc. as a Client Liaison, but my new job title was "Implementation Specialist." I worked for Tyler Technologies from September 2007 through August 25, 2008.

6.      During the time that I worked for EDP Enterprises and Tyler Technologies I reported to work at the Longview Office at 211 East Tyler St. Longview, TX 75601.

7.      During the time that I worked for EDP Enterprises, Inc. as a Client Liaison I regularly worked an average of 50-55 hours per week. Some weeks I worked as many as 70-80 hours.



EXHIBIT "I"

8. During the time that I worked for Tyler Technologies, Inc. as a Implementation Specialist I regularly worked an average of 50-55 hours per week. Some weeks I worked as many as 70-80 hours.

9. EDP Enterprises, Inc. paid me a salary ranging from 30, 000 to 36,800.00. EDP Enterprises, Inc. did not pay me any additional compensation when I worked more than 40 hours in a week.

10. Tyler Technologies paid me a salary ranging from $ 36,800.00 - $38,700.00. Tyler Technologies, Inc. did not pay me any additional compensation when I worked more than 40 hours in a week.

11. I regularly worked with two other Client Liaison's/Implementation Specialists and several Trainers at EDP Enterprises, Inc. and Tyler Technologies, Inc. I have personal knowledge that these co-workers regularly worked more than 40 hours per week.

12. Although I was paid on a salary basis, I was required to report the hours that I worked. I filled out a time sheet every week on an in-house developed spread sheet and submitted it to my supervisor. This time sheet was then transferred into a different time-keeping system by the secretary-receptionist. Even though I reported working over 40 hours a week, I was not paid any additional wages for time that I worked over 40 hours per week.

13. From my experience, the job title "Client Liaison" was used by EDP Enterprises, Inc. to refer to a group of EDP Enterprise, Inc. employees that shared the same job position and the same job duties as I did.

14. From my experience, the job title "Implementation Specialist" was used by Tyler Technologies, Inc. to refer to a group of Tyler Technologies, Inc. employees that shared the same job position and the same job duties as I did.

15. From my experience working as a "Client Liaison" with EDP Enterprises, Inc. I have personal knowledge of EDP Enterprises, Inc.'s policies and procedures for compensating its "Client Liaisons." It was EDP Enterprises, Inc's policy and practice to pay all of its "Client Liaisons" on a salary basis without additional compensation for time worked over 40 hours per week.

16. From my experience working as a "Implementation Specialist" with Tyler Technologies, Inc. I have personal knowledge of Tyler Technologies, Inc.'s policies and procedures for compensating its "Implementation Specialists." It was Tyler Technologies, Inc's policy and practice to pay all of its "Implementation Specialists" on a salary basis without additional compensation for time worked over 40 hours per week.

17. From my experience and conversations with other EDP Enterprises, Inc.'s Client Liaisons, I know that other Client Liaisons performed the same duties as did I and have been

subjected to the same compensation policies and practices as I.

18. From my experience and conversations with other Tyler Technologies, Inc.'s Implementation Specialists, I know that other Implementation Specialists performed the same duties as did I and have been subjected to the same compensation policies and practices as I.

19. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of March 2009, at White Oak, Texas.

*Talina McElhany*
TALINA McELHANY