## DECLARATION OF KELLY HAMPTON

My name is Kelly Hampton, I reside at 605 Hunter Street Kilgore, Texas, 75662. I am over the age of eighteen (18) and am competent to testify to the following from my own personal knowledge and experience.

1. I was employed with EDP Enterprises, Inc. from March 2004 through September 2007. I worked for Tyler Technologies from September 2007 through October 2007. During my employment with EDP Enterprises, Inc., I held the positions of "Trainer" and "Client Liaison." During my employment with Tyler Technologies, Inc., I held the position of "Implementation Specialist." In each of these positions my job duties involved working with EDP Enterprises Inc.'s and Tyler Technologies, Inc.'s customers regarding the implementation of EDP Enterprises' and Tyler Technologies' software programs. I worked with the EDPRO, UNIX, and Microsoft Office software programs

2. During the time that I was a "Trainer" for EDP Enterprises, Inc., my job duties consisted primarily of assisting customers during the conversion of their existing software to EDPRO software. This process involved the conversion of the customer's data from their existing software to the EDPRO software as well as training the customer's employees on the use and operation of the software. During the conversion process, I would assist the "Client Liaison" with verifying the customer's data after it was converted. If there were errors in the converted data I would assist the "Client Liaison" and customer with correcting data errors. I also trained customers how to operate the new software program. I performed my job primarily at the customer's offices where I would remain until the conversion was complete and the customer was up and running on the EDPRO software. When I was not at a customer's location, I reported to the Longview office to work. From the office I would schedule and conduct


EXHIBIT "K"

training sessions on-line and over the telephone. I would also answer telephone calls from customers concerning the use and operation of EDPRO software.

3. During the time that I held the Client Liaison position with EDP Enterprises, Inc., my job duties were very similar to those that I performed as a "Trainer," except I would remain in the office and network into the customer's computer. I would verify the customer's data by reviewing the converted data for errors. I would contact the customer and assist them with correcting any data errors. I participated in conversion planning meetings, trained customers how to operate the new software program and assisted the trainers while they were on site. If the client had a software requirement that was not provided by the basic software package, I would relay the necessary information regarding the specific client needs to EDP Enterprise Inc.'s software developers and they would make the necessary changes to the program. I would work with the conversion team until the customer was up and running on the new software. After completing the conversion, clients would occasionally contact me regarding use of the software and I would assist them over the phone. After I became employed with Tyler Technologies, Inc., I continued to perform the same job duties that I performed for EDP Enterprises, Inc. as a "Client Liaison." However, the name of the position changed to "Implementation Specialist."

4. During the time I worked for EDP Enterprises, Inc. I generally worked an average of 40-45 hours per week. Some weeks I worked as many as 65 hours.

5. During the time I worked for Tyler Technologies, Inc., I generally worked an average of 45-50 hours per week.

6. EDP Enterprises, Inc. paid me a salary of approximately $34,000.00. During the time I was a "Trainer," I also received a travel bonus of $50.00 per day when my travel required that I stay out of town overnight. I was not paid any additional wages for time that I worked

over 40 hours per week.

7. During the time I worked for Tyler Technologies, Inc., I was paid a salary of approximately $34,000.00. I was not paid any additional wages for time that I worked over 40 hours per week.

8. Although I was paid on a salary basis, I was required to report the hours that I worked. I filled out a time sheet every week that I accessed on the company website, and submitted it to my supervisor.

9. From my experience, the job title "Trainer" was used by EDP Enterprises, Inc. to refer to a group of EDP Enterprise, Inc. employees that shared the same job position and the same job duties as I did.

10. From my experience, the job title "Client Liaison" was used by EDP Enterprises, Inc. to refer to a group of EDP Enterprise, Inc. employees that shared the same job position and the same job duties as I did.

11. From my experience, the job title "Implementation Specialist" was used by Tyler Technologies, Inc. to refer to a group of Tyler Technologies, Inc. employees that shared the same job position and the same job duties as I did.

12. From my experience working as a "Trainer" with EDP Enterprises, Inc., I have personal knowledge of EDP Enterprises, Inc.'s policies and procedures for compensating its "Trainers." It was EDP Enterprises, Inc's policy and practice to pay all of its "Trainers" on a salary basis without additional compensation for time worked over 40 hours per week.

13. From my experience working as a "Client Liaison" with EDP Enterprises, Inc., I have personal knowledge of EDP Enterprises, Inc.'s policies and procedures for compensating its "Client Liaisons." It was EDP Enterprises, Inc's policy and practice to pay all of its "Client

Liaisons" on a salary basis without additional compensation for time worked over 40 hours per week. This practice continued when Tyler Technologies purchased EDP Enterprises, Inc. and changed the position to "Implementation Specialist."

14. I regularly worked with four Trainers and two Client Liaisons at EDP Enterprises, Inc. I have personal knowledge that these co-workers regularly worked more than 40 hours per week and that this practice continued when Tyler Technologies, Inc. purchased EDP Enterprises, Inc.

15. I declare under penalty of perjury that the foregoing is true and correct. Executed this _1_ day of _April_ 2009, at _10:45 am_, _New London, Texas_.

_Kelly Hampton_
KELLY HAMPTON