**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PATTY BEALL, MATTHEW** | § | |
| **MAXWELL, TALINA MCELHANY,** | § | |
| **KELLY HAMPTON, CASEY BROWN,** | § | |
| **JASON BONNER, KEVIN TULLOS,** | § | |
| **ANTHONY DODD, ILENE MEYERS,** | § | |
| **TOM O'HAVER, JOY BIBLES, DON** | § | |
| **LOCCHI AND MELISSA PASTOR,** | § | |
| **individually and on behalf of all other** | § | |
| **similarly situated;** | § | |
| | § | |
| **Plaintiffs,** | § | **2:08-cv-422   TJW** |
| | § | |
| | § | |
| | § | |
| **TYLER TECHNOLOGIES, INC. AND** | § | |
| **EDP ENTERPRISES, INC.** | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Tyler Technologies, Inc. ("Tyler"), by and through its attorneys, hereby answers the First Amended Complaint in the above referenced matter on behalf of itself and on behalf of Defendant EDP Enterprises, Inc. ("EDP"), as its successor-in-interest, (collectively, "Defendants").

**I.
OVERVIEW**

1.1     Defendants acknowledge that Plaintiffs seek to recover overtime wages under the Fair Labor Standards Act ("FLSA") as a collective action, but deny that they are entitled to relief thereunder.  Defendants further deny that they violated the FLSA with respect to Plaintiffs or any class that they seek to represent.  Defendants further deny that this action should proceed as a

collective action under 29 U.S.C. § 216(b) and deny specifically that the Plaintiffs are similarly situated.

1.2     Defendants object that the phrase "similar job title(s)" is vague and ambiguous. Defendants admit that they currently employ or in the past employed individuals as "Customer Service Representatives," "System Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainers," "Systems Engineers," "Client Liaisons," "Trainers," "Implementation Specialists," "Implementation Consultants," "Technical Sales Product Specialists," and "Systems Analyst/Quality Assurance Analyst" at one or more of Defendants' facilities.  Defendants deny that Plaintiffs are adequate representatives and deny that class treatment is appropriate in this lawsuit.  Defendants deny that the employees working in these and similar positions are similarly situated.  Defendants deny all remaining allegations in paragraph 1.2 of the Complaint.

1.3     Defendants admit that they did not pay Plaintiffs overtime for hours worked in excess of 40 per week because they were exempt employees under the FLSA.  Defendants deny that they violated the FLSA.  Defendants object that the phrase "similar job title(s)" is vague and ambiguous.  Defendants acknowledge that the named Plaintiffs seek to represent themselves and putative class member who were employed by Defendants in titles and/or functions of "Customer Service Representatives," "System Support Specialists/Systems Analyst," "Software Support Specialist," "Technical Support Specialist/Trainers," "Systems Engineers," "Client Liaisons," "Trainers," "Implementation Specialists," "Implementation Consultants," "Technical Sales Product Specialists," "Systems Analyst/Quality Assurance Analyst" or similar job title(s). Defendants deny that Plaintiffs are adequate class representatives and deny that class treatment is

appropriate in this lawsuit.  Defendants deny all remaining allegations in paragraph 1.3 of the Complaint.

## II.
## PARTIES

2.1    Upon information and belief, Defendants admit that Plaintiff Beall is an individual who resides in Longview, Gregg County, Texas.  Upon information and belief, Defendants admit that Plaintiff Beall's consent to this action is filed as Exhibit "A" to the Complaint.  Defendants object to the phrase "employed by Defendants" as vague and ambiguous because Defendants were Plaintiff Beall's employers consecutively, not simultaneously. Defendants also object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Beall was employed by Defendant EDP until September 2007, that she was employed by Defendant Tyler thereafter, and that Plaintiff Beall worked as a Customer Support Analyst at EDP and then Tyler in Longview, Texas during her employment.  Defendants admit that Plaintiff Beall did not receive overtime compensation for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.   Defendants deny all remaining allegations in paragraph 2.1 of the Complaint.

2.2    Upon information and belief, Defendants admit that Plaintiff Maxwell is an individual who resides in Longview, Gregg County, Texas.  Upon information and belief, Defendants admit that Plaintiff Maxwell's consent to this action is filed as Exhibit "B" to the Complaint.  Defendants admit that Plaintiff Maxwell was employed by Defendant EDP as an "engineer" until on or about March 2, 2007 but deny that he was employed by Defendant Tyler. Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Defendants admit that Plaintiff Maxwell did not receive overtime compensation or

benefits for hours worked in excess of 40 hours per week because he an exempt employee under the FLSA. Defendants deny all remaining allegations in paragraph 2.2 of the Complaint.

2.3    Upon information and belief, Defendants admit that Plaintiff Gravley is an individual who resides in Overton, Texas. Upon information and belief, Defendants admit the Plaintiff Gravley's consent to this action is filed as Exhibit "C" to the Complaint. Defendants object to the phrase "employed by Defendants" as vague and ambiguous because Defendants were Plaintiff Gravley's employers consecutively, not simultaneously. Defendants also object that the phrase "during the relevant three-year period" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Gravley was employed by Defendant EDP until September 2007, that he was employed by Defendant Tyler thereafter, and that Plaintiff Gravley worked as a "Systems Engineer" at EDP at the Longview, Texas facility during his employment. Defendants admit that Plaintiff Gravley did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because he was an exempt employee under the FLSA. Defendants deny all remaining allegations in paragraph 2.3 of the Complaint.

2.4    Upon information and belief, Defendants admit that Plaintiff McElhany is an individual who resides in Longview, Gregg County, Texas. Upon information and belief, Defendants admit that Plaintiff McElhany's consent to this action is filed as Exhibit "D" to the Complaint. Defendants object to the phrase "employed by Defendants" as vague and ambiguous because Defendants were Plaintiff McElhany's employers consecutively, not simultaneously. Defendants also object that the phrase "during the relevant three-year period" is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff McElhany was employed by Defendant EDP until September 2007, that she was

employed by Defendant Tyler thereafter, and that Plaintiff McElhany worked in various capacities including "Customer Support Analyst" and "Client Liaison" or "Implementation Specialist" at EDP at the Longview, Texas facility during her employment.  Defendants admit that Plaintiff McElhany did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.3 of the Complaint.

2.5     Upon information and belief, Defendants admit that Plaintiff Hampton is an individual who resides in Longview, Gregg County, Texas.   Upon information and belief, Defendants admit that Plaintiff Hampton's consent to this action is filed as Exhibit "E" to the Complaint.  Defendants object to the phrase "employed by Defendants" as vague and ambiguous because Defendants were Plaintiff Hampton's employers consecutively, not simultaneously. Defendants also object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Hampton was employed by Defendant EDP until September 2007 and that she was employed by Defendant Tyler thereafter, and that Plaintiff Hampton worked in various capacities including "Trainer," "Client Liaison" and/or "Implementation Specialist" at EDP at the Longview, Texas facility during her employment by Defendants.  Defendants admit that Plaintiff Hampton did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.5 of the Complaint.

2.6     Upon information and belief, Defendants admit that Plaintiff Brown is an individual who resides in Windsor, Colorado.  Upon information and belief, Defendants admit that Plaintiff Brown's consent to this action is filed as Exhibit "F" to the Complaint.  Defendants

object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Brown was employed by Defendant Tyler, and that Plaintiff Brown worked in various capacities including "Software Support Specialist" at the Lakewood, CO facility in its Eagle division during her employment by Defendant Tyler.  Defendants admit that Plaintiff Brown did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.6 of the Complaint.

2.7    Upon information and belief, Defendants admit that Plaintiff Bonner is an individual who resides in Denton, Texas.  Upon information and belief, Defendants admit that Plaintiff Bonner's consent to this action is filed as Exhibit "G" to the Complaint.  Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Bonner was employed by Defendant Tyler, and that Plaintiff Bonner worked as a "Technical Support Specialist/Trainer" at the Plano, Texas facility in The Software Group ("TSG") Division during his employment by Defendant Tyler.  Defendants admit that Plaintiff Bonner did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because he was an exempt employee under the FLSA.   Defendants deny all remaining allegations in paragraph 2.7 of the Complaint.

2.8    Upon information and belief, Defendants admit that Plaintiff Tullos is an individual who resides in McKinney, Texas.  Upon information and belief, Defendants admit that Plaintiff Tullos's consent to this action is filed as Exhibit "H" to the Complaint.  Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to

and without waiving the foregoing objections, Defendants admit that Plaintiff Tullos was employed by Defendant Tyler, and that Plaintiff Tullos worked as a "Systems Support Specialist/Systems Analyst" in the TSG Division at the Plano, Texas facility during his employment by Defendant Tyler.  Defendants admit that Plaintiff Tullos did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because he was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.8 of the Complaint.

2.9    Upon information and belief, Defendants admit that Plaintiff Dodd is an individual who resides in Lubbock, Texas.  Upon information and belief, Defendants admit that Plaintiff Dodd's consent to this action is filed as Exhibit "I" to the Complaint.  Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Dodd was employed by Defendant Tyler, and that Plaintiff Dodd worked as a "Implementation Specialist" at the Lakewood, CO facility in the Eagle division during his employment by Defendant Tyler. Defendants admit that Plaintiff Dodd did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because he was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.9 of the Complaint.

2.10   Upon information and belief, Defendants admit that Plaintiff Meyers is an individual who resides in Cary, North Carolina.  Upon information and belief, Defendants admit that Plaintiff Meyers's consent to this action is filed as Exhibit "J" to the Complaint.  Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Meyers was employed by Defendant Tyler, and that Plaintiff Meyers worked as an "Implementation

Specialist" at the Raleigh, North Carolina facility in the MUNIS division during her employment by Defendant Tyler.   Defendants admit that Plaintiff Meyers did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.10 of the Complaint.

2.11   Upon information and belief, Defendants admit that Plaintiff O'Haver is an individual who resides in Bonney Lake, Washington.  Upon information and belief, Defendants admit that Plaintiff O'Haver's consent to this action is filed as Exhibit "K" to the Complaint. Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff O'Haver was employed by Defendant Tyler, and that Plaintiff O'Haver worked as an "Implementation Consultant" at the Renton, Washington facility in the Eden division during his employment by Defendant Tyler.   Defendants admit that Plaintiff O'Haver did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because he was an exempt employee under the FLSA.   Defendants deny all remaining allegations in paragraph 2.11 of the Complaint.

2.12   Upon information and belief, Defendants admit that Plaintiff Bibles is an individual who resides in Bothell, Washington.  Upon information and belief, Defendants admit that Plaintiff Bibles's consent to this action is filed as Exhibit "L" to the Complaint.  Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Bibles was employed by Defendant Tyler, and that Plaintiff Bibles worked as an "Implementation Consultant" at the Renton, Washington facility in the Eden division during her employment by

Defendant Tyler.  Defendants admit that Plaintiff Bibles did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.12 of the Complaint.

2.13    Upon information and belief, Defendants admit that Plaintiff Locchi is an individual who resides in San Antonio, Texas.  Upon information and belief, Defendants admit that Plaintiff Locchi's consent to this action is filed as Exhibit "M" to the Complaint. Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Locchi was employed by Defendant Tyler, and that Plaintiff Locchi worked as a "Product Specialist" at the Lubbock, Texas facility in the INCODE division during his employment by Defendant Tyler.  Defendants admit that Plaintiff Locchi did not receive overtime compensation or benefits for hours worked in excess of 40 hours per week because he was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.13 of the Complaint.

2.14    Upon information and belief, Defendants admit that Plaintiff Pastor is an individual who resides in Allen, Texas.  Upon information and belief, Defendants admit that Plaintiff Pastor's consent to this action is filed as Exhibit "N" to the Complaint.  Defendants object that the phrase "during the relevant three-year period" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that Plaintiff Pastor was employed by Defendant Tyler, and that Plaintiff Pastor worked as a "Quality Assurance Analyst" at the Irving, Texas facility in the TSG division during her employment by Defendant Tyler.  Defendants admit that Plaintiff Pastor did not receive overtime

compensation or benefits for hours worked in excess of 40 hours per week because she was an exempt employee under the FLSA.  Defendants deny all remaining allegations in paragraph 2.14 of the Complaint.

2.15    Defendants admit that Plaintiffs attached their written consents to join this lawsuit.   Defendants deny all remaining allegations in paragraph 2.15 of the Complaint.

2.16    Defendants admit that Defendant Tyler is a Delaware corporation with its principal place of business in Dallas.  Defendants deny the remaining allegations in the first sentence of paragraph 2.16 of the Complaint.  Defendants admit that Tyler can be served through its registered agent for service, and that it is properly before the Court.  Defendants deny all remaining allegations in paragraph 2.16 of the Complaint.

2.17    Denied.

### III.
### JURISDICTION

3.1    Defendants admit that jurisdiction in this Court is proper.

### IV.
### VENUE

4.1    Defendants deny that EDP resides in the Eastern District, Marshall Division because it is no longer in existence.  Subject to and without waiving the foregoing objection, Defendants admit that venue is proper.

### V.
### COVERAGE UNDER THE FLSA

5.1    Defendants object that the phrase "at all times hereinafter mentioned" is vague and ambiguous; and, therefore, deny any allegations that it modifies.  Subject to and without waiving the foregoing objection, Defendants admit that Defendant Tyler is an employer within

the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d).  Defendants admit that Defendant EDP was an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d) until it was acquired by Tyler in September 2007.  Defendants deny all remaining allegations in paragraph 5.1 of the Complaint.

5.2    Defendants object that the phrase "at all times hereinafter mentioned" is vague and ambiguous; and, therefore, deny any allegations that it modifies.  Subject to and without waiving the foregoing objection, Defendants admit that Defendant Tyler is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).  Defendants further admit that Defendant EDP was an enterprise within the meaning of Section 3(r) of the FLSA until it was acquired by Defendant Tyler in September 2007.  Defendants deny all remaining allegations in paragraph 5.2 of the Complaint.

5.3    Defendants object that the phrase "at all times hereinafter mentioned" is vague and ambiguous; and, therefore, deny any allegations that it modifies.  Subject to and without waiving the foregoing objection, Defendants admit that Defendant Tyler has been engaged in commerce within the meaning of Section 3(s)(1) of the FLSA.  Defendants further admit that Defendant EDP was engaged in commerce within the meaning of Section 3(s)(1) of the FLSA until it was acquired by Defendant Tyler in September 2007.  Defendants admit that during the respective periods of named Plaintiffs' employment by Defendants, named Plaintiffs provided services for Defendants that involved interstate commerce and were engaged in commerce within the meaning of the FLSA.  Defendants deny all remaining allegations in paragraph 5.3 of the Complaint.

5.4    Defendants object that the phrase "at all times hereinafter mentioned" is vague and ambiguous; and, therefore, deny any allegations that it modifies.  Subject to and without

waiving the foregoing objection, Defendants admit that the named Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.   Defendants deny all remaining allegations in paragraph 5.4 of the Complaint.

5.5     Defendants object that the phrase "relevant time period" is vague and ambiguous; and, therefore, deny any allegations that it modifies.   Subject to and without waving the foregoing objection, Defendants admit that either EDP, Tyler or both Defendants employed named Plaintiffs in the Longview, Texas facility.   Defendants deny all remaining allegations in paragraph 5.5 of the Complaint.  Specifically, Defendant Tyler denies that it created, ratified and implemented an unlawful payment scheme.

5.6     Defendants object that the phrase "relevant time period" is vague and ambiguous; and, therefore, deny any allegations that it modifies.   Subject to and without waving the foregoing objection, Defendants admit that either EDP, Tyler or both Defendants employed named Plaintiffs in the Longview, Texas facility.   Defendants deny all remaining allegations in paragraph 5.6 of the Complaint.  Specifically, Defendant EDP denies that it created, ratified and implemented an unlawful payment scheme.

5.7     Defendants deny that Plaintiffs are adequate representatives and deny that class treatment is appropriate in this lawsuit.  Defendants object that the phrase "similar job positions that included similar job duties" is vague and ambiguous.  Defendants admit that Plaintiffs seek to represent a class or classes of employees of EDP, Tyler and/or predecessor companies of Tyler "that held the positions of 'Customer Service Representatives,' 'Systems Support Specialist/Systems Analyst,' 'Software Support Specialist,' 'Technical Support Specialist/Trainer,' 'Systems Engineer,' 'Trainer,' 'Client Liaison,' 'Implementation Specialist,'

'Implementation Consultant,' 'Technical Sales Product Specialist,' and 'Systems Analyst/Quality Assurance Analyst,' or 'similar job positions that included similar job duties as those listed above from October 31, 2005, through the present.'  Defendants deny all remaining allegations in paragraph 5.7 of the Complaint.

## VI.
## FACTS

6.1     Defendants admit that in the Longview, Texas facility, Defendant Tyler is in the business of creating, installing and providing customer training and support for specialized software programs for use primarily by schools and school systems.  Defendants admit that, until September 2007, Defendant EDP was in the business of creating, installing and providing customer training and support for specialized software programs for use primarily by schools and school systems.  Defendants admit that Defendant Tyler acquired EDP in September 2007 and that EDP merged with Tyler as a result.  Defendants object to the phrase "during all times relevant to this action" as vague and ambiguous; and, therefore, deny any allegations that it modifies.  Subject to and without waiving the foregoing objections, with respect to the named Plaintiffs, Defendants admit that they were employed by either EDP, Tyler or both Defendants as exempt salaried employees and were not provided additional compensation for hours worked over 40 per week.  Defendants deny all remaining allegations in paragraph 6.1 of the Complaint.

6.2     Defendants object to the phrase "during all times relevant to this action" as vague and ambiguous; and, therefore, deny any allegations that it modifies.  Defendants object that the phrase "similar job title(s)" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Defendants admit that, during their respective employment with Defendants EDP, Tyler or both, the named Plaintiffs held one or more of the following positions: "Customer Service Representatives," "Systems Support Specialist/Systems Analyst," "Software

Support Specialist," "Technical Support Specialist/Trainer," "Systems Engineer," "Trainer," "Client Liaison," "Implementation Specialist," "Implementation Consultant," "Technical Sales Product Specialist," and "Systems Analyst/Quality Assurance Analyst."  Defendants deny all remaining allegations in paragraph 6.2 of the Complaint.

6.3    Defendants admit that certain employees with the title "Customer Support Analyst" perform the job duties identified in Paragraph 6.3 of Plaintiffs' First Amended Collective Action Complaint, but deny the job duties listed accurately reflect all duties performed by employees in the position  or that those duties are necessarily the "primary duties" of the position.

6.4    Defendants deny the allegations in Paragraph 6.4 of Plaintiffs' First Amended Collective Action Complaint.

6.5    Defendants admit that certain employees with the title "Software Support Specialist " perform the job duties identified in Paragraph 6.5 of Plaintiffs' First Amended Collective Action Complaint, but deny the job duties listed accurately reflect all  duties performed by employees in the position or that those duties are necessarily the "primary duties" of the position.

6.6    Defendants deny that the titles listed in Paragraph 6.6 of Plaintiffs' First Amended Collective Action Complaint accurately depict a job title at any divisions of the Company.  Defendants admit that certain of the functions listed in Paragraph 6.6 are performed by employees with either the title of "Technical Support Specialist" or "Trainer" but deny that Paragraph 6.6 accurately reflects all of those duties or that the duties reflected in Paragraph 6.6 are necessarily the "primary job duties" associated with these titles.

6.7     Defendants deny that employees with the title "Systems Engineers" perform maintenance of computer hardware and software for Defendants and their customers. Defendants admit that certain employees with the title "Systems Engineers" perform installation related work but deny that such work is the "primary job duty" associated with that job title.

6.8     Defendants admit that employees with the title "Client Liaisons" at EDP Enterprises performed the job duties listed in Paragraph 6.8 of Plaintiffs' First Amended Collective Action Compliant, but deny that the paragraph reflects all of those job duties or that the job duties listed necessarily were the "primary job duties" associated with the position.

6.9     Defendants deny the first sentence of Paragraph 6.9 of Plaintiffs' First Amended Collective Action Complaint.  Defendants admit allegations contained in the second and third sentences of Paragraph 6.9 of Plaintiffs' First Amended Collective Action Complaint.  With respect to the fourth sentence of Paragraph 6.9 of Plaintiffs' First Amended Collective Action Compliant, Defendants admit that the conversion process typically involves the actions identified, but deny that these actions completely describe the process and, accordingly, to the extent a further response is required, Defendants deny the allegations contained therein.  With respect to the final sentence of Paragraph 6.9 of Plaintiffs' First Amended Collective Action Compliant, Defendant respond that employees with the job titles listed have different roles across Tyler divisions and, while some employees may perform the job duties listed, not all employees with the titles provided perform all the job duties listed in this Paragraph. Accordingly, to the extent further response is required, Defendants deny the allegations in the final sentence of Paragraph 6.9 of Plaintiffs' First Amended Collective Action Complaint.

6.10    Defendants admit that certain employees with the title "Technical Sales Product Specialist" provide pre and post technical product assistance, but deny that such employees

provide post sales technical support.  Defendants further deny that the job duties listed in Paragraph 6.10 of Plaintiffs' First Amended Collective Action Complaint accurately describe the "primary duties" associated with those titles.  To the extent further response is required, Defendants deny the allegations in Paragraph 6.10 of Plaintiffs' First Amended Collective Action Complaint.

6.11    Defendants admit that certain employees with the title "Systems Analyst/Quality Assurance Analyst" perform the job duties identified in Paragraph 6.11 of Plaintiffs' First Amended Collective Action Complaint, but deny the job duties listed accurately reflect all duties performed by employees in the position or that those duties are necessarily the "primary duties" of the position.

6.12    Defendants admit that named Plaintiffs were considered exempt employees.

6.13    Denied.

## VII.
## FLSA VIOLATIONS

7.1    Denied.

7.2    Denied.

7.3    Denied.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

8.1    Denied.

8.2    Defendants admit that Plaintiffs seek to bring this lawsuit on behalf of themselves and a purported class identified by them, but deny that class treatment is appropriate for this lawsuit, and deny that Plaintiffs are adequate class representatives.   Defendants deny all

remaining allegations in paragraph 8.2 of the Complaint.

8.3    Denied.

8.4    Denied.

8.5    Defendants deny Plaintiffs' allegations that job titles and precise job requirements do not prevent collective action, and deny that this case is appropriate for collective action. Defendants deny that Plaintiffs have been harmed and deny that Defendants have engaged in unlawful conduct.  Defendants deny that Plaintiffs' proposed class definition is appropriate and that it meets the similarly situated standard under 29 U.S.C. §216(b).  Defendants admit that Plaintiffs seek to bring this lawsuit on behalf of themselves and a purported class identified by them, but deny that class treatment is appropriate for this lawsuit, and deny that Plaintiffs are adequate class representatives. Defendants deny all remaining allegations in paragraph 8.5 of the Complaint.

## IX.
## ACCOUNTING

9.1    Denied.

9.2    Defendants are without sufficient information to admit or deny what Plaintiffs are informed of.  Accordingly, Defendants cannot admit or deny the same.  Defendants admit that during a portion of named Plaintiffs' employment they were required to submit information related to hours worked.  Defendants deny that there is any amount of compensation due and owing to the Plaintiffs.  Defendants deny all remaining allegations in paragraph 9.2 of the Complaint.

9.3.    Defendants deny that any amount of compensation is due and owing to the named Plaintiffs.  Defendants deny all remaining allegations in paragraph 9.3 of the Complaint.

# X.
## RELIEF SOUGHT

10.1    Defendants acknowledge that in Plaintiffs' prayer for relief that they assert on their own behalf, and on behalf of a putative class, entitlement to various forms of relief by way of this lawsuit.   However, Defendants deny that they have violated any law, that the class treatment is appropriate, and that Plaintiffs and/or any proposed class of Plaintiffs are entitled to the requested relief.

## GENERAL DENIAL

All allegations in the Complaint not specifically admitted herein are denied.

## DEFENSES

1.    Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, to the extent Plaintiffs are asserting a claim under the Fair Labor Standards Act for compensation outside the applicable statute of limitations, said claims are barred.

2.    Subject to and without waiving any prior objection, answers or defenses, Plaintiffs and the class they seek to represent are exempt employees under the Fair Labor Standards Act in that they have met all the criteria for the applicable exemption(s) and, therefore, were not legally entitled to overtime compensation as requested in their Complaint.

3.    Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendants acted in good faith in classifying Plaintiffs as exempt employees based upon their duties and responsibilities.   Such good faith is based upon the applicable statute, regulations and case law.

4.      Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendants state that their conduct was not willful.

5.      Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendants state that Plaintiffs' claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

6.      Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendants allege that Plaintiffs are not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiffs were paid by Defendants.  Specifically, and without limitation, Plaintiffs were, at all relevant times, properly classified as exempt employees under 29 U.S.C. § 213 *et seq.* and, therefore, are not entitled to overtime as that term is defined by the Fair Labor Standards Act ("FLSA").

7.      Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Defendants allege that venue in the Eastern District of Texas, Marshall Division, is improper as to all putative Plaintiffs whose claims arose outside that District.

8.      Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, Plaintiffs cannot recover under the FLSA both prejudgment interest and liquidated damages.

9.      Subject to and without waiving any prior objection, answer or defenses, and without accepting any burden of proof on the matter, Plaintiffs are inadequate representatives of

the alleged group of persons whom they (allegedly) purports to represent, the existence of which is expressly denied.

10.      Subject to and without waiving any prior objection, answer or defenses, and without accepting the burden of proof on the matter, Defendants assert that this action should not proceed collectively as Plaintiffs and the alleged putative class are not similarly situated under 29 U.S.C. § 216(b).

11.      Subject to and without waiving any prior objection, answer or defenses, and without accepting any burden of proof on the matter, Plaintiffs lack standing to raise some or all of the claims of the alleged group of persons which Plaintiffs purport to represent, the existence of which is expressly denied.

12.      Subject to and without waiving any prior objections, answers or defenses, to the extent applicable, Defendants assert all available affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

13.      Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action

WHEREFORE, having fully answered, Defendants pray that judgment be entered in their favor and for their costs, including reasonable attorneys' fees.

Respectfully submitted:


*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Sharon Fast Fulgham
Texas Bar No.: No. 24045901
sfulgham@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.:00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that a true and correct copy of the above and foregoing has been served via the Court's electronic filing system on this 14th day of May, 2009, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606

Alexander R. Wheeler
Jason Paul Fowler
R. Rex Parris Law Firm
42220 10th Street West
Suite 109
Lancaster, CA 93534-3428

Chandra L. Holmes Ray
John P. Zelbst
Zelbst, Holmes & Butler
411 SW 6th Street
P.O. Box 365
Lawton, OK 73502-0365

*/s/ Paulo B. McKeeby*_____