IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR, individually and on behalf of all other similarly situated; | § § § § § § § § § § | |
| Plaintiffs, | § § § § § | 2:08-cv-422  TJW |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. Defendants. | § § § | |

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF KELLY AINSWORTH DECLARATION AND SUPPORTING MEMORANDUM OF LAW**

Defendant Tyler Technologies, Inc. ("Tyler"), by and through its attorneys, moves to strike portions of Kelly Ainsworth's Declaration on behalf of itself and on behalf of Defendant EDP Enterprises, Inc. ("EDP"), as its successor-in-interest, (collectively, "Defendants"), and shows the Court as follows:

**I.
INTRODUCTION AND LEGAL STANDARDS**

Defendants move to strike portions of a declaration made by Kelly Ainsworth ("Ainsworth's Declaration")[1] and filed in support of Plaintiffs' Reply Memorandum in Support of Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs

---

[1] *See* Plaintiffs' Reply Memorandum in Support of Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs Pursuant to Section 216(b) (hereinafter "Plaintiffs' Reply"), Exh. X.

Pursuant to Section 216(b) (hereinafter "Reply"). Ainsworth's Declaration contains conclusory and factually bereft assertions and inadmissible hearsay.

Federal Rule of Civil Procedure 56(e) requires that affidavits be made on personal knowledge, set out facts that would be admissible in evidence, and show the affiant is competent to testify on the matters stated.[2]  Ainsworth's declaration contains inadmissible, irrelevant evidence. Additionally, he makes several allegations without providing any factual foundation to support the basis for his knowledge.[3]  Finally, the Court should also strike the portions of Ainsworth's declaration that rely on or refer to inadmissible hearsay.[4]  For the reasons set forth below, the Court should grant Defendants' motion to strike portions of Ainsworth's Declaration.

## II.
## ARGUMENTS

### A.  Paragraph 5 of Ainsworth's Declaration

Federal Rule of Evidence 402 provides that relevant evidence is admissible and evidence which is not relevant is not admissible. Further, evidence of settlement is generally not admissible under Federal Rule of Evidence 408.[5]  The following statements in Ainsworth's

---

[2] A declaration is the equivalent of an affidavit for the purposes of introducing evidence in a federal action. *See* 28 U.S.C. § 17466 (stating that a declaration has "like force and effect as an affidavit"). Further, courts routinely consider whether or not evidence is admissible in connection with a § 216(b) motion. *See Khan v. Cougar Stop, Inc.*, No. H-06-2862, 2007 WL 2777774, *2 (S.D. Tex. Sept. 21, 2007) (sustaining an objection to a declaration "as not being based on personal knowledge, lacking in foundation, and conclusory); *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 865-866 (S.D. Ohio Sept. 2, 2005) (stating that courts have "repeatedly held that only admissible evidence may be considered in connection with a § 216(b) motion").

[3] *See Khan*, 2007 WL 2777774, *2 (sustaining an objection to a declaration "as not being based on personal knowledge, lacking in foundation and conclusory"). Similarly, declarations which are conclusory, unsubstantiated, speculative, etc. are not competent summary judgment evidence*. Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345-46 (5th Cir. 2007); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *AT&T Corp. v. Network Commc'ns Int'l Corp.*, No. 6:05-CV-243, 2006 WL 2385277, *9 (E.D. Tex. Aug. 17, 2006).

[4] FED. R. EVID. 801(c), 802.

[5] Evidence of compromise and offers to compromise are "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach…" FED. R. EVID. 408(a).

Declaration should be stricken because they are both irrelevant and attempt to offer inadmissible evidence of settlement:

**Paragraph 5** – "During my tenure as Vice-President of Business and Operations for EDP an employee filed an overtime wage claim against EDP.  After the claim was made, EDP hired an FLSA expert to come and audit the position in question.  Soon after the audit EDP settled the employee's claim.  I was not informed about the results of the audit or the circumstances of the settlement.  Although I and other employees questioned the pay practices of EDP and Tyler there was never an explanation about the exempt status of the employees."

Further, Ainsworth fails to establish a foundation for his personal knowledge regarding the final three sentences of Paragraph 5.  He specifically states that he was not informed of the results of the audit or the circumstances of the unidentified employee's or employees' claim, but proceeds to state that EDP settled that claim.  In the last sentence of Paragraph 5, Ainsworth fails to identify who questioned the EDP and Tyler pay practices and to whom the questions were presented.

B.   **Paragraph 6 of Ainsworth's Declaration**

Portions of paragraph 6 of Ainsworth's Declaration lack relevance, contain hearsay, are conclusory and/or fail to establish his foundation for personal knowledge, the Court should strike these inadmissible portions:

**Paragraph 6, sentences 4-5**: "Because the TEMS software was new, there were many bugs in the software that required lengthy implementations and long work weeks for the implementers.  During this time, I received two complaints from the TEMS Implementation Consultants regarding the grueling hours and lack of overtime compensation."

Ainsworth fails to identify the alleged complainers in his affidavit. Accordingly, the statement is devoid of detail or facts and is merely a conclusory allegation that should be disregarded.[6]

### C. Paragraph 7 of Ainsworth's Declaration

The final sentence of Paragraph 7 - "[w]e were instructed at that time to stop keeping time sheets" - lacks foundation and potentially contains hearsay. Ainsworth fails to identify who told him to stop keeping time sheets and there is no way for the Court to assess whether the statement is based on hearsay or on inadmissible evidence. As a result, this sentence should be stricken.

### D. Paragraph 9 of Ainsworth's Declaration

The final sentence of Paragraph 9 - "[i]t did not appear to me that these companies operated autonomously, but were all under the direction and control of Tyler through its MUNIS division and reported to the President of the MUNIS division, as did the former EDP employees" - is conclusory and lacks foundation. Again, Ainsworth fails to support his conclusory statement with detail or facts sufficient to show any personal knowledge.

### E. Paragraphs 11 – 13 of Ainsworth's Declaration

Ainsworth does not prove that he has personal knowledge spanning operations Tyler-wide or even across the Financial Management (Large Cities) and Education Group[7] sufficient to make the statements in paragraphs 11-13 of his declaration. In paragraph 10 Ainsworth states that "[i]n addition to the former EDP Implementation Consultants assigned to TEMS software, several other employees from the MUNIS division were assigned to me." Ainsworth fails to

---

[6] *See Khan*, 2007 WL 2777774, *2.
[7] Ainsworth refers to the Financial Management (Large Cities) and Education group as the "MUNIS division."

state who was assigned to him outside of the EDP division, how many employees were assigned to him, in which divisions these employees worked and which job(s) these employees held. Accordingly, he has failed to establish that he has personal knowledge to support the conclusory statements he makes regarding job functions and responsibilities Tyler-wide. To the extent Ainsworth's statements go beyond the EDP division, the Court should strike these paragraphs.

### III.
### CONCLUSION

Significant portions of Ainsworth's declaration recite statements that are conclusory, irrelevant, beyond his personal knowledge and lacking foundation. Other portions of Ainsworth's declaration contain inadmissible hearsay. Thus, Defendants respectfully ask the Court to strike portions of Ainsworth's declaration that violate the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

Respectfully submitted:


*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Sharon Fast Fulgham
Texas Bar No.: No. 24045901
sfulgham@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.:00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendants conferred with counsel for Plaintiffs on June 9, 2009, regarding the contents of this Motion. Plaintiffs are opposed.

/s/ Paulo B. McKeeby

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via the Court's electronic filing system on this 9th day of June, 2009, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606

Alexander R. Wheeler
Jason Paul Fowler
R Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, CA 93534-3428

John P. Zelbst
Chandra L. Holmes Ray
Zelbst, Holmes & Butler
P.O. Box 365
Lawton, OK 73502-0365

/s/ Paulo B. McKeeby