IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR, individually and on behalf of all other similarly situated; | § § § § § § § § § § § | |
| Plaintiffs, | § § § § § | 2:08-cv-422  TJW |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. Defendants. | § § § | |

**DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND REQUEST FOR NOTICE TO POTENTIAL PLAINTIFFS PURSUANT TO SECTION 216(b)**

Defendant Tyler Technologies, Inc. ("Tyler"), by and through its attorneys, files its Surreply in Opposition to Plaintiffs' Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs Pursuant to Section 216(b) ("Surreply") on behalf of itself and on behalf of Defendant EDP Enterprises, Inc. ("EDP"), as its successor-in-interest, (collectively, "Defendants"), and shows the Court as follows:

**I.
INTRODUCTION**

Plaintiffs have not met their burden to prove this case is proper for conditional certification and court-facilitated notice. In Plaintiffs' Reply Memorandum in Support of Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs Pursuant to

<mark>

Section 216(b) (hereinafter "Reply"), they primarily rely on Kelly Ainsworth's Declaration ("Ainsworth's Declaration), a Tyler Technologies, Inc. Employee Handbook. Plaintiffs' lastest efforts are inadequate to prove nationwide conditional certification is appropriate.

## II.
## AINSWORTH'S DECLARATION

As demonstrated in Defendants' Motion to Strike Portions of Kelly Ainsworth Declaration,[1] Ainsworth's Declaration is replete with inadmissible evidence that should not be considered by the Court. Ainsworth's Declaration also is factually inaccurate in several pertinent respects. First, Ainsworth states that at some point his title changed to "Implementations Services Manager for North America."[2] In fact, Ainsworth never held this title and, more importantly, never had nationwide supervisory or other responsibilities at Tyler.[3]

In May 2008, Tyler combined its four education-based divisions - EDP, Advanced Data Services, TEMS, and SchoolMasters - into a single Education Solutions unit for corporate reporting purposes.[4] Duane Graves, President - Education Solutions unit, supervises the Education Solutions unit.[5]

Prior to the creation of the Educational Solutions unit, Ainsworth was the Vice-President of Business and Operations for the EDP division. After the Educational Solutions unit was formed as described above, Ainsworth's role changed to "Implementation Manger (Student)."[6] He was responsible for supervising nine Implementation Consultants.[7] Of these nine, four were

---

[1] Defendants' Motion to Strike Portions of Kelly Ainsworth's Declaration and Supporting Memorandum of Law is being filed contemporaneously herewith.
[2] *See* Plaintiffs' Reply Memorandum in Support of Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs Pursuant to Section 216(b) (hereinafter "Plaintiffs' Reply"), Exh. X at ¶ 2.
[3] *See* Exh. G, Graves Dec. at ¶ 5, APP 0029-0030.
[4] *Id.* at ¶ 4, APP 0029.
[5] *Id.*
[6] *Id.* at ¶ 5, APP 0029-0030.
[7] *Id.*

from EDP, four were from TEMS, and one was from SchoolMasters.[8] These Implementation Consultants worked exclusively on a software product called TEMS.[9]

Thus, Ainsworth had oversight responsibility for Implementation Consultants only within the Education Solutions unit and only those who worked on the TEMS product.[10] He did not oversee or supervise Implementation Consultants, or any other Tyler employees, on a national basis or in offices or units outside the Education Solutions unit.[11] Further, Ainsworth was only in this role for approximately 2 months before he was terminated July 14, 2008.[12] Accordingly, Ainsworth cannot show that he has personal knowledge regarding company-wide practices as he states throughout his declaration.

Ainsworth also suggests that human resources personnel in Falmouth, Maine exercised complete control over the hiring process at EDP.[13] This is simply not the case. EDP is a small division. As a result, it utilizes human resources personnel located within the MUNIS division in Falmouth, Maine, but EDP makes final hiring and compensation decisions for its division.[14] In their Reply, Plaintiffs rely on Ainsworth's Declaration to make the broad statement that "companies acquired by Defendant, at least in the MUNIS division,[15] did not operate autonomously and that all issues regarding the hiring of new employees and their compensation plan were handled through the corporate office in Falmouth, Maine."[16] As Tyler has shown, this

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at ¶ 6, APP 0030.
[13] *See* Plaintiffs' Reply, Exh. X at ¶ 8.
[14] *See* Exh. G, Graves Dec. at ¶ 7, APP 0030.
[15] Defendants refer to this as the "Financial Management (Large Cities) and Education group."
[16] *See* Plaintiffs' Reply at p. 2.

statement is untrue.[17]

### III.
### TYLER'S EMPLOYEE HANDBOOK

Plaintiffs attach a copy of Tyler's Employee Handbook to their Reply to support their argument that the putative class was subject to a common unlawful policy or plan. Plaintiffs go so far as to claim that "Tyler designed and implemented uniform employee compensation and classification policies that were applied company wide."[18] Tyler's Employee Handbook does not support Plaintiffs' argument.

The stated purpose of Tyler's Handbook "is to establish and maintain a uniform system for managing personnel matters; to comply with applicable employment laws; and to provide for the standards, terms, and conditions of employment with Tyler in a clear and comprehensive fashion."[19] To that end, Tyler's Handbook sets forth general employment policies and practices. With respect to compensation of employees, the handbook provides simply that "[i]t is the policy of Tyler to pay and provide other compensatory incentives to its employees in a competitive and equitable manner, in order to retain the most capable employees."[20] It continues, "[w]age rates and salaries may vary based on business, job, market and individual requirements."[21] Accordingly, the Tyler Handbook does not establish a standard policy with respect to employee classifications, wage rates, bonus plans or other methods by which employees are compensated. As a result, contrary to Plaintiffs' argument, Tyler's Handbook does not establish that Plaintiffs were victims of a common unlawful policy or plan.

---

[17] *See* Defendants' Response in Opposition to Plaintiffs' Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs Pursuant to Section 216(b) ("Defendants' Response"), at Exh. A, Moore Dec. at ¶ 8, APP 0004; Exh. G, Graves Dec. at ¶ 7, APP 0030.
[18] *See* Plaintiffs' Reply at p. 4.
[19] Plaintiffs' Reply, Exh. Y-1 at p. 9.
[20] *Id.* at p. 15.
[21] *Id.*

## IV.
## PLAINTIFFS MAKE MISSTATEMENTS IN THEIR REPLY

Plaintiffs' recitation of the case law cited in their Reply is also flawed. First, contrary to Plaintiffs' assertion, Defendants did not cite *Sheffield v. Orious Corp.* to support "the broad proposition that knowledge of FLSA violations by the acquiring company is not enough to satisfy the common plan or scheme requirement."[22] Instead, the case supports the proposition that evidence of historically-maintained corporate structures after acquisition by another company supports the absence of a uniform, national policy.[23]

Second, Plaintiffs' claim that they have "shown" that Tyler knowingly continued illegal FLSA practices after purchasing smaller companies.[24] Clearly, they have "shown" no such thing at this point in the proceedings.

Third, Plaintiffs wrongly state that Defendants have attempted to require Plaintiffs to disprove possible exemptions at the notice stage of this proceeding.[25] Defendants raised the exemptions to make clear the fact-intensive inquiries that will be necessary at the merits stage of this lawsuit. Because of the fact-intensive nature of the exemptions that are at issue in this case, the benefits of judicial economy typically associated with a class certification under Section 216(b) do not exist in this case.

Finally, Plaintiffs wrongly contend that Defendants are requiring too much evidence from Plaintiffs at this stage of conditional certification.[26] Defendants do not "attempt to eliminate the two-step inquiry adopted by this court and seek to impose on Plaintiffs the more stringent burden

---

[22] *See* Plaintiffs' Reply at p. 3.
[23] 211 F.R.D. 411, 413 (D. Or. 2002).
[24] *See* Plaintiffs' Reply at p. 3. Note that Plaintiffs do not cite where they have "shown" that Tyler knowingly continued illegal FLSA practices after purchasing smaller companies.
[25] *Id.* at p. 6.
[26] *See id.* at p. 2.

of decertification," as Plaintiffs contends.[27]  Rather, Plaintiffs must meet the standards adopted by this Court in *Allen v. McWane, Inc.*[28]  First, Plaintiffs must demonstrate that the putative class members were victims of a single decision, policy or plan;[29] second, that other employees of Defendants within the putative class are similarly situated with respect to their job requirements and pay provisions;[30] and third, some evidence of a widespread plan.[31]  Plaintiffs have not met this minimal burden.  Accordingly, conditional class certification and Court-facilitated nationwide notice is not appropriate in this case and should be denied.

## V.
## CONCLUSION

Plaintiffs' Motion for Certification should be denied.  This case simply is not a proper candidate for class certification under Section 216(b) of the FLSA, particularly considering the expansive, nationwide class proposed by Plaintiffs.

---

[27] *Id.* at p. 2.
[28] No. 2:06-cv-158, 2006 U.S. Dist. LEXIS 81543 (E.D. Tex. Nov. 7, 2006).
[29] *Id.* at *12.
[30] Id. at *13.
[31] *Id.*

                Respectfully submitted:

                */s/ Paulo B. McKeeby*
                Paulo B. McKeeby
                Texas Bar No.: 00784571
                paulo.mckeeby@morganlewis.com
                Joel S. Allen
                Texas Bar No.: 00795069
                joel.allen@morganlewis.com
                Sharon Fast Fulgham
                Texas Bar No.: No. 24045901
                sfulgham@morganlewis.com

                MORGAN, LEWIS & BOCKIUS LLP
                1717 Main Street, Suite 3200
                Dallas, Texas 75201-7347
                phone - 214.466.4000
                facsimile - 214.466.4001

                Deron R. Dacus
                Texas Bar No.:00790553
                derond@rameyflock.com

                RAMEY & FLOCK P.C.
                100 East Ferguson, Suite 500
                Tyler, Texas 75702
                phone – 903.597.3301
                facsimile – 903.597.2413


                ATTORNEYS FOR DEFENDANTS
                TYLER TECHNOLOGIES, INC. AND
                EDP ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via the Court's electronic filing system on this 9th day of June, 2009, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606

Alexander R. Wheeler
Jason Paul Fowler
R Rex Parris Law Firm
42220 10th Street West, Suite 109
Lancaster, CA 93534-3428

John P. Zelbst
Chandra L. Holmes Ray
Zelbst, Holmes & Butler
P.O. Box 365
Lawton, OK 73502-0365

/s/ Paulo B. McKeeby_____