IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, DAVID GRAVELY, TALINA MCELHANY, KELLY HAMPTON, KEVIN TULLOS, CASEY BROWN, JASON BONNER, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR, Individually and on behalf of all others similarly situated; | § § § § § § § § § | |
| Plaintiffs, | § § | 2:08-cv-422 TJW |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. Defendants. | § § § § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
PORTIONS OF KELLY AINSWORTH'S DECLARATION AND SUPPORTING
MEMORANDUM OF LAW

Plaintiffs, by and through their attorneys, hereby respond to Defendants' Motion to Strike portions of Kelly Ainsworth's Declaration and show the Court as follows:

RESPONSIVE ARGUMENTS

A. Paragraph 5 of Ainsworth's Declaration

Federal Courts have refused to strike declarations at this stage of a collective action because the evidence did not meet all the requirements of admissibility of a collective action. *See Fasanelli v. Heartland Brewery*, 516 F. Supp. 2d 317, 321-22 (S.D. N.Y. 2007); *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299, 2007 U.S. Dist. LEXIS 6711, 2007 WL 293865, at 3-4 (E.D. Ky. 2007); *White v. MPW Industrial Serv., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2005); *Aguayo v. Oldencamp Trucking*, No. 2005 U.S. Dist LEXIS 22190, 2005 WL 2436477, at p.4 (E.D. Ca. 2005); *Molina v. First Line Solutions*, LLC, 566 F.Supp. 2d 770, 788 (N.D. Ill. 2007)(stating that even if evidence cannot be considered at trial it "may be considered

in deciding whether to permit a collective action."). These cases recognize that at this stage of the proceedings, admissibility is not necessary. *See e.g., Coan v. Nightengale Home Healthcare, Inc.,* 2005 U.S. Dist. LEXIS 15475; 2005 WL 1799454, n.1 (S.D. Ind. 2005)(stating that "at this preliminary stage and for these preliminary purposes, Plaintiffs' need not come forward with evidence in a form admissible at trial.").

The reasoning of these courts makes sense when one considers the fact that the two-stage certification approach requires such a lenient evidentiary burden at this point. A Motion for Certification is non-dispositive and is filed typically (as is the case here) without the Plaintiff having the benefit of any discovery. As such, it follows that a strict adherence to the rules of admissibility should not be required at this point. Therefore, the Defendant's Motion to Strike this part of Ainsworth's Declaration should be denied.

> **B. Paragraph 6 of Ainsworth's Declaration, sentences 4-5 – "Because the TEMS software was new, there were many bugs in the software that required lengthy implementations and long work weeks for the implementers. During this time, I received two complaints from the TEMS Implementation Consultants regarding the grueling hours and lack of overtime compensation."**

The Defendants claim that sentences 4-5 of Paragraph 6 lack relevance, contain hearsay, are conclusory and or fail to state a foundation for personal knowledge. Defendants' argument that the statement is conclusory appears to be based upon the fact that the Declaration fails to identify the people who complained. This is not sufficient to strike this statement. In addition the statement is not hearsay. Federal Rule of Evidence 801 (d)(2)(D) provides that statements of Defendant's servants or agents are excluded from the definition of hearsay.

The failure to identify the alleged complainers is not fatal either. In *Alba v. Loncar,* 2004 WL 1144052 (N.D. Tex. 2004), the Northern District of Texas admitted testimony of a former employee who said that an unidentified current employee told her that a manager threatened retaliation against employees who agreed to join the ongoing suit. In so holding, the Court stated

that the anonymity of the declarant was not a per se bar to a Rule 801 (d)(2)(D) hearsay exemption. *Id.* at *7, *citing, Miller v. Keating*, 754 F.2d 507, 510 (3rd Cir. 1985); *United States v. Dynaelectric Co.*, 859 F.2d 1559, 1582 (11th Cir. 1988). In it's opinion the *Alba* Court cited *Wilkerson v. Columbus Separate School Dist.*, 985 F.2d 815, 817-18 (5th Cir. 1993). In the *Wilkerson* case, the Court admitted testimony from the Plaintiff who claimed that the school board President told him that another unidentified school board member made damaging statements about the Plaintiff. The *Wilkerson* Court admitted the statement because both declarants were agents of the school district.

### C. Paragraph 7 of Ainsworth's Declaration –"We were instructed at that time to stop keeping time sheets."

As set forth above, the failure to identify the person that made the statement is not fatal. Nor will an objection to hearsay support striking the statement. In *Villatoro v. Kim Son Restaurant*, 286 F. Supp. 2d 807 (S.D. Tex. 2003), the Court considered a Declaration that contained the statement that other employees told the declarant that they were not paid overtime. In doing so, the Court stated:

> Defendant objects to the statement as hearsay. In fact, the statement contains two levels of potential hearsay. Nevertheless, the Court concludes, under Federal Rule of Evidence 801 (d)(2)(D), that Villatoro's statement and the statements by other employees to Villatoro during Villatoro's and other employees' employment are not hearsay. The other employees' comments are statements by agents or servants of Kim Son concerning matter within the scope of the agency or employment made during the employees' employment. Villatoro's own recitation of these comments is admissible under Federal Rule of Evidence 807, Villatoro's statement about other employees comments concerning their pay from Kim Son is sufficiently reliable to be admissible and has a circumstantial guaranty of trustworthiness.

*Id.* n.8.

The Defendants arguments for striking this statement are not persuasive and it should not be stricken.

    **D. Paragraph 9 of Ainsworth's Declaration – "[i]t did not appear to me that these companies operated autonomously, but were all under the direction and control of Tyler through its MUNIS division and reported to the President of the MUNIS division, as did the former EDP employees."**

The Defendants claim that the above sentence in paragraph 9 is objectionable because it is conclusory and lacks foundation. A similar failed attack occurred in *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal 2005). In that case the Declaration set forth testimony regarding various employer payroll practices. The employer filed a motion to strike the Declaration based on lack of personal knowledge and hearsay. The Court refused to strike the Declaration and stated as follows:

> The declaration may not be sufficient to carry the burden of proof at trial, but it is sufficient to carry the burden on this motion. A reasonable inference from the evidence submitted is that Aguayo, as an employee of the defendant, would learn, during the normal course of his employment, how the employer operates, where the employer operates, and what other similar employees are doing, and where they are doing their jobs. … Although the declaration does not identify the specific basis for the knowledge, it is reasonable that Aguayo would have spoken to his other co-workers, even during a short period of time, and learned who did what. Thus, the declaration supports the substantial allegations in the complaint.

*Id.* n.1.

Likewise Ainsworth's statement reflects what he observed during his employment. Employees learn facts about an employer's operations from their employment. It is reasonable to infer that Ainsworth is reporting what he observed and as such, his statement should not be stricken.

    **E. Paragraphs 11-13 of Ainsworth's Declaration -**

It appears that Defendants' objection to Paragraphs 11-13 is again based upon lack of personal knowledge. However, the Defendants fail to adequately support this claim. All the Defendants claim is that Ainsworth does not have the experience to have personal knowledge to make the assertions in this part of the Declaration. This argument is conclusionary and points to no evidence of any lack of experience. The remainder of Defendants' argument is based on the alleged failure of Ainsworth to state who and how many employees were assigned to him.

Hardly a basis for claiming that Ainsworth lacked personal knowledge. Clearly this portion of Ainsworth's declaration should not be stricken for such reasons.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

| | |
|---|---|
| Alexander R. Wheeler | /s/ Laureen F. Bagley |
| awheeler@rrexparris.com | John D. Sloan, Jr. |
| Jason Paul Fowler | State Bar No. 18505100 |
| jfowler@rrexparris.com | jsloan@textrialfirm.com |
| R. REX PARRIS LAW FIRM | Laureen F. Bagley |
| 42220 10TH Street West, Suite 109 | State Bar No. 24010522 |
| Lancaster, CA 93534-3428 | lbagley@textrialfirm.com |
| (661) 949-2595 | P.O. Drawer 2909 |
| (661) 949-7524 (Fax) | Longview, Texas 75606 |
| | (903) 757-7000 |
| | (903) 757-7574 (Fax) |
| John P. Zelbst | |
| zelbst@zelbst.com | James E. Wren |
| Chandra L. Holmes Ray | Texas State Bar No. 22018200 |
| chandra@zelbst.com | James_Wren@baylor.edu |
| ZELBST, HOLMES & BUTLER | One Bear Place #97288 |
| P.O. Box 365 | Waco, Texas 76798-7288 |
| Lawton, OK 73502-0365 | (254) 710-7670 |
| (580) 248-4844 | (254) 710-2817 (Fax) |
| (580) 248-6916 (Fax) | |

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day June, 2009, a true and correct copy of this document was sent via electronic mail to the following:

| | |
|---|---|
| Paulo B. McKeeby | Deron R. Dacus |
| Joe S. Allen | *Ramey & Flock P.C.* |
| *Morgan, Lewis & Bockius LLP* | 100 East Ferguson, Suite 500 |
| 1717 Main Street, Suite 3200 | Tyler, TX 75702 |
| Dallas, TX 75201-7347 | |
| | /s/ Laureen F. Bagley |
| | Laureen F. Bagley |