IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:08-CV-422 |
| | § | |
| TYLER TECHNOLOGIES, INC. and | § | |
| EDP ENTERPRISES, INC., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Patty Beall, Matthew Maxwell, David Gravley, Talina McElhany, Kelly Hampton, Casey Brown, Jason Bonner, Kevin Tullos, Anthony Dodd, Ilene Meyers, Tom O'Haver, Joy Bibles, Don Locchi and Melissa Pastor (collectively, "named plaintiff") filed a Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs Pursuant to Section 216(b). (Dkt. No. 18). Defendants Tyler Technologies, Inc. ("Tyler") and EDP Enterprises, Inc. (collectively, "defendants") oppose the motion. A hearing on the motion was held at which time the Court GRANTED the plaintiffs' motion. The Court issues this order to memorialize its reasons for granting the motion. Further, the Court DENIES defendants' Motion to Strike portions of Kelly Ainsworth's Declaration. (Dkt. No. 32).

I.     **Background**

Plaintiffs filed this action against their former employers, Tyler Technologies, Inc. and EDP Enterprises, Inc., alleging that they were improperly classified as exempt employees, resulting in them not being paid overtime in violation of the Fair Labor Standards Act ("FLSA").

The named plaintiffs have proposed that the plaintiff class be conditionally certified as follows:

> All current and former customer support analysts, systems support specialists/systems analyst, software support specialists, technical support specialist/trainer, systems engineers, client liaisons, trainers, implementation specialists, implementation consultants, technical sales product specialists, and quality assurance analysts or similar job positions, who were classified as exempt while employed by Tyler Technologies Inc., EDP Enterprises, Inc. and/or a predecessor company of Tyler Technologies, Inc., during the time period from October 31, 2005, to present and were not paid overtime compensation for time worked in excess of 40 hours per week.

Plaintiffs move the Court to conditionally certify the class and authorize them to notify potential class members. Plaintiffs request that the Court order the defendants to produce a computer-readable data file containing the names, job titles, addresses, e-mail address, Social Security numbers and telephone numbers of such similarly situated current and former employees. Plaintiffs also request that the Court authorize plaintiffs' counsel to maintain an internet website for the purpose of informing similarly situated persons of this litigation and allowing them to opt-in. Further, plaintiffs move the Court to direct defendants to post notices in their offices.

## II.     Discussion

The FLSA allows a party plaintiff to maintain an action on behalf of himself and those similarly situated to him. *See* 29 U.S.C. §216(b). The statute, in pertinent part, provides:

> An action to recover liability . . . may be maintained against any employers . . . by any one or more employees for and behalf of . . . themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless she gives her consent in writing to become such party and such content is filed in the court in which such action is brought.

29 U.S.C. §216(b)

In a collective action brought pursuant to §216(b), district courts have the discretionary power to authorize notice to potential class members. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989). The Fifth Circuit has acknowledged two different approaches – the two–stage approach[1] and the "Spurious Class Action" approach[2] – that may be utilized in deciding whether notice should be issued to potential plaintiffs. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212-14 (5th Cir. 1995). The Fifth Circuit has not adopted a specific approach. *Id*. This Court has generally used the two–stage class certification described in *Lusardi*. *See, e.g.*, *Hayes v. Laroy Thomas, Inc*., 2006 WL 1004991 (E.D. Tex. 2007) (Folsom, J.); *Allen v. McWane, Inc.*, 2006 WL 3246531, (E.D. Tex. 2006). Under this approach, certification for collective action is divided into two stages: (1) the notice stage; and (2) the opt-in or merits stage. *Mooney,* 54 F.3d at 1213-14. In the notice stage, the court makes a decision, based on the pleadings and affidavits, on whether notice of the action should be given to putative class members. *Id.* This decision typically results in "conditional certification" of a representative class. *Id.* at 1214.

The plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist. *See Allen*, 2006 WL 3246531, at *2 (citing *D'Anna v. M/A-Com., Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995)). While this preliminary factual showing must be based on competent evidence in order to avoid stirring up unwarranted litigation, the standard for collective action notice is a "lenient" one. *Mooney*, 54 F.3d at 1213-14. The standard requires nothing more than "substantial allegations that the putative class members were victims of a single decision, policy, or plan." *Id.* at 1214 n. 8. Notice is appropriate if the court concludes that there is some factual nexus which binds the named

---

[1] *Lusardi v. Xerox, Corp*., 118 F.R.D. 351 (D.N.J. 1987).
[2] *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).

plaintiffs and potential class members together as victims of a particular alleged policy or practice. *Allen*, 2006 WL 3246531 at *2.

Plaintiffs here contend that there is no significant difference between the job duties and responsibilities of the representative plaintiffs and the potential class members that hold or previously held the various job positions that they seek to include in the class. The plaintiffs' job positions can be divided into five categories:

a. <u>Telephone and remote computer support</u>: "Customer Support Analysts," "Systems Support Specialists/Systems Analyst," "Software Support Specialists," "Technical Support Specialists/Trainers."

b. <u>Computer hardware and software set up and maintenance</u>: "Systems Engineers"

c. <u>Implementation</u>: "Client Liaisons," "Implementation Specialists," "Implementation Consultants,"

d. <u>Sales support</u>: "Technical Sales Product Specialists"

e. <u>Quality assurance</u>: "Quality Assurance Analyst"

For each of these categories, plaintiffs have submitted declarations of named plaintiffs, stating that these job positions were considered exempt salaried positions by the defendants, and that each declarant regularly worked more than 40 hours per week. *See* Plntfs' Motion, Ex. 3-22. Plaintiffs argue that all potential opt–in plaintiffs were subject to the same pay practices and were, therefore, the victims of a single decision, policy, or plan. As evidence of this policy, plaintiffs submit Tyler's Employee Handbook and point to the company statement that the handbook's "purpose is to establish and maintain a uniform system for managing personnel matters; to comply with applicable employment laws . . . ."

Defendants argue that there is no evidence presented of a common policy or widespread unlawful plan. According to the defendants, Tyler's different business groups and divisions are functionally distinct from one another. Over the past eleven years, Tyler has acquired several companies across the country, and until recently, these entities operated as independent, wholly-owned subsidiaries of Tyler. Defendants contend that even today, these entities maintain operational autonomy as well as historical management and organizational structure. For organizational purposes, the Tyler divisions are grouped by the type of software. Each software group has multiple divisions, with offices in various cities and states. According to the defendants, employment decisions, job postings, job descriptions, job responsibilities, and compensation plans are generally established at individual divisions by local management, not by corporate policy. Further, defendants argue that the exemption status of employees varies from division to division.[3] With regard to the Tyler employee handbook, defendants argue that it does not establish a standard policy with respect to employee classifications, wage rates, bonus plans or other methods by which employees are compensated. Defendants note that the handbook provides that "[i]t is the policy of Tyler to pay and provide other compensatory incentives to its employees in a competitive and equitable manner, in order to retain the most capable employees." Therefore, defendants argue, plaintiffs have not met their burden to prove that the putative class is "similarly situated."

In response, plaintiffs submit a declaration of Kelly Ainsworth, Tyler's former vice-president of Education Services for North America, stating that the acquired Tyler companies do not operate as individual distinct companies, and that they are managed under the main Tyler

---

[3] Defendants submit declarations from the heads of these Tyler divisions as evidence of differences between job duties, job locations, task assignments of various employees and the varying levels of experience requirements for the employee positions.

division (known as MUNIS), with all human resource issues being handled through the corporate office in Falmouth, Maine.[4] As for the differences between exempt and non-exempt employees, plaintiffs argue that "[t]his argument fails because exemptions are merits-based defenses to an FLSA claim," not relevant at notice stage. The Court agrees. *See Foraker v. Highpoint Sw.*, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006). In *Allen*, this Court allowed conditional certification based on the fact that "all facilities were owned by the same employer," and that the "employees had similar pay structure because they were all paid hourly." *Allen*, at *3. Defendants argue that the employment situation here is very different than the one in *Allen*. The relevant issue, however, is whether the plaintiffs have presented sufficient allegations to show a nexus between them and other potential class members with regard to the compensation policy that defendants have employed. This Court has denied similar motions where evidence to demonstrate such a nexus has been lacking. *See, e.g., Barrios v. Troxell*, No. 2:08-cv-00054, Dkt. No. 23 (E.D. Tex. June 12, 2009). Here, however, plaintiffs have submitted declarations from several Tyler employees from various Tyler office locations. Although different Tyler groups and facilities may have some different rules and procedures in place, the plaintiffs have made substantial allegations that defendants treat these employees similarly with regard to overtime compensation.[5] The Court, therefore, finds that the plaintiffs have come forward with competent evidence that similarly situated potential plaintiffs exist, and the record is sufficient to meet the lenient standard for giving notice to potential class members. *See Allen*, 2006 WL 324653, at *3 (finding it "significant that employees of 6 of the 13 commonly–owned facilities

---

[4] Defendants have filed a motion to strike Ainsworth's declaration based on various evidentiary objections. Dkt. No. 32. The Court finds this motion improper at this stage.
[5] Defendants also argue that because EDP was acquired by Tyler in September 2007 and because a majority of the named plaintiffs were no longer employed at Tyler following the acquisition, the named plaintiffs do not fit the job functions that are current at Tyler. The Court does not find this argument persuasive.

had filed declarations"). Accordingly, the Court GRANTS plaintiffs' motion for conditional certification.

Defendants make a number of objections to the plaintiffs' proposed notice and the website that plaintiffs' counsel seek to maintain for the purpose of informing potential plaintiffs about this litigation. The Court orders the parties to meet and confer on the form of the notice for prospective plaintiffs, as well as the content and operation of a website, to be maintained by the plaintiffs' counsel. The parties are ordered to notify the court within ten (10) days of any remaining disputes in this regard. The Court also orders defendants to provide the plaintiffs' counsel with the names, job titles, addresses, telephone numbers, Social Security numbers, and email addresses, where available, of the potential class members.[6] Such disclosure shall occur within twenty (20) days.

It is so ORDERED.

SIGNED this 23rd day of June, 2009.

*T. John Ward*
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[6] Defendants argue that plaintiffs' discovery request is too broad. The Court finds such information necessary for notice purposes. *See Nelson v. Am. Standard, Inc.*, 2008 WL 906324 (E.D. Tex. March 31, 2008). Defendants may move the Court to enter a protective order in this case to cover any submissions made to the plaintiffs.