IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR, individually and on behalf of all other similarly situated;<br><br>Plaintiffs,<br><br><br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendants. | § § § § § § § § § § § § § § § § § | 2:08-cv-422 TJW |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and subject to the approval of this Court, Plaintiffs Patty Beall, Matthew Maxwell, Talina McElhany, Kelly Hampton, Casey Brown, Jason Bonner, Kevin Tullos, Anthony Dodd, Ilene Meyers, Tom O'Haver, Joy Bibles, Don Locchi and Melissa Pastor and Defendants Tyler Technologies, Inc. ("Tyler") and EDP Enterprises, Inc. ("EDP") through their respective counsel of record, hereby stipulate and agree to the following protective order:

### DEFINITIONS GENERALLY

1. As used in this Order, the term "party" shall mean all named parties to the above captioned lawsuit ("Action"), including any party added or joined in the Action. As used in this Order, the term "third party" shall mean any individual, corporation, association, or other natural person or entity not a party to this Action.

2. This Order shall govern all documents produced and information supplied in any form (including, but not limited to, documents and information produced by a party or third party, disclosed through testimony, or contained in pleadings, briefs, or other documents filed with the Court) for purposes of discovery or otherwise. The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; software, computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

## CATEGORIES OF PROTECTED MATERIAL

3. As used in this Order, the term "Confidential Material" means any document or information supplied in any form, or any portion thereof, which contains confidential business, personnel, commercial, research, financial, or other information deemed confidential by any party or third party, and which is denominated as Confidential Material for purposes of this Action. A denomination by a party or third party of "Confidential Material" shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Confidential Material. The parties and third parties shall make a good faith effort to denominate

information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate. A party or third party denominating information as Confidential Material shall mark each page of the document containing such material as "Confidential" or "Subject to Confidentiality Order."

    4.    As used in this Order, the term "Highly Confidential Material" means any document or information supplied in any form, or any portion thereof, which a party or third party reasonably believes to be so sensitive that: (i) it is the subject of reasonable efforts under the circumstances to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or any person regularly employed or engaged by such entities, would materially affect or threaten injury to the business, commercial, or financial interests of such party or third party; and (iv) that is denominated as Highly Confidential Material for purposes of this Action. By way of example, and not limitation, "Highly Confidential Information" includes: strategic planning information; negotiation strategies; proprietary software or systems; proprietary edits or customizations to software; and pricing information, including fee schedules, tables or rates, and underlying documentation. A denomination by a party or third party of Highly Confidential Material" shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Highly Confidential Material. The parties and third parties shall make a good faith effort to denominate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate. A party or third party denominating information as Highly Confidential Material shall mark each page of the document containing such material as "Highly Confidential."

5. "Confidential Material," and "Highly Confidential Material," may be collectively referred to herein as "Protected Material."

6. "Receiving Party" means a party that receives Disclosure or Discovery Material from a Producing Party.

7. "Producing Party" means a Party or non-party that produces Disclosure or Discovery Material in this action.

8. "Designating Party" means a Party or non-party that designates information or documents as "Confidential" or "Highly Confidential."

9. "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

10. "In-House Counsel" means attorneys who are employees of a Party.

11. "Counsel (without qualifier)" means Outside Counsel and In-House Counsel (as well as their support staffs).

## GENERAL PROVISIONS

12. Production for Inspection Purposes Only. Notwithstanding the provisions of Paragraphs 3 and 4, in the event that a party or third party provides documents for inspection only, no marking need be made by the providing party or third party in advance of the initial inspection, and the following procedures shall apply.

   (a) The producing party or third party shall <u>not</u> be considered to have waived the status as Confidential Material or Highly Confidential Material of documents made available during such an initial inspection but not chosen by the inspecting party for copying.

(b) Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party or designating party shall, within twenty-one (21) days (or such longer period as may be agreed upon by the parties or ordered by the Court), mark each page of such documents as may contain Confidential Material or Highly Confidential Material in accordance with this Paragraph.

13. Depositions. At the time of a deposition or within thirty (30) days after receipt of the deposition transcript, a party or designating party may designate as Confidential Material or Highly Confidential Material specific portions of the transcript, exhibits, and any videotape. This designation shall be either on the record at the deposition or in writing and served upon counsel of record. All transcripts, exhibits, and videotapes shall initially be treated as Highly Confidential Material pursuant to this Order for thirty (30) clays following receipt of the deposition transcript. Any portions of a transcript, exhibit, or videotape designated as Confidential Material or Highly Confidential Material shall thereafter be treated in accordance with this Order.

14. For information produced in some form other than documentary, and for any other tangible items, the Producing Party may affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as Confidential or as Highly Confidential.

15. Inadvertent Failure to Designate. If corrected, an inadvertent failure to designate qualified information or items as Confidential or Highly Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If

material is appropriately designated as Confidential or Highly Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

16.     Objections to Designation or Treatment. A party may, in good faith, object to the designation of any document or specific information as Confidential Material or Highly Confidential Material by stating its objection in writing, specifying (by Bates numbers) the document or information challenged (or, where appropriate, by reasonably defined categories of documents or information challenged) and including a statement of the legal or factual basis for each objection, to the party or third party making the designation, and it shall make a good faith effort to meet and confer to resolve the dispute with counsel for the party or third party so designating the document or information. If the parties cannot reach agreement as to the designation, either the designating party or the objecting party may move the Court for an order determining whether or not such document is Confidential Material or Highly Confidential Material. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order shall remain in effect. The burden of persuasion shall be on the designating party marking the document or information protected.

## DISCLOSURE OF PROTECTED MATERIAL

17.     Confidential Material. Except as provided in Paragraph 20 below, Confidential Material may be disclosed only to:

(a)     the parties, the parties' counsel and their partners, associates, paralegals, and clerical and support personnel;

(b)     the Court and all persons assisting the Court in this Action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

(c)     employees of the Defendants;

(d)     persons retained as consultants or experts by any party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated (but excluding any person regularly employed or engaged by a current or prospective competitor of the party or third party that denominated the material);

(e)     persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this Action, including litigation support services and outside copying services;

(f)     the persons listed on the document as authors or recipients (including copyees);

(g)     any person who is likely to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness subject to requirements in Paragraph 19; and

(h)     any other person hereafter designated by written stipulation of the parties or by further order of the Court.

18.     Highly Confidential Material. Except as provided in Paragraph 20 below, Highly Confidential Material may be disclosed only to:

(a)     the parties' counsel and their partners, associates, paralegals, and clerical and support personnel;

(b)  the Court and all persons assisting the Court in this Action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

(c)  persons retained as *independent* (*i.e.*, non-party and non-employee) consultants or experts by any party for the purposes of this Action and principals and employees of the firms with which such independent consultants or experts are associated, but specifically excluding any person regularly employed or engaged by a current competitor of the party or third party that denominated the material;

(d)  persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services;

(e)  persons listed on the document as authors or recipients (including copyees);

(f)  any person who is likely to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness subject to requirements in Paragraph 19; and

(g)  any other person hereafter designated by written stipulation of the parties or by further order of the Court.

19.  Acknowledgement.  No Confidential Material or Highly Confidential Material may be disclosed to any person pursuant to the provisions of Paragraphs 17 or 18 of this Order unless counsel first informs such person that pursuant to this Order the material to be disclosed may only be used for purposes of preparing and presenting evidence in this Action and must be kept confidential.  No Confidential Material or Highly Confidential Material may be disclosed to

any person identified in subparagraphs 17(d) through 17(h) of this Order or subparagraphs 18(c) through 18(g) of this Order, respectively, unless such person first is given a copy of this Order and advised that the information contained in the document is Confidential Material or Highly Confidential Material, as the case may be, executes an Acknowledgment in the form attached hereto as <u>Exhibit A,</u> and agrees to be bound by this Order. Copies of the executed Acknowledgements shall be retained by counsel for the party or parties who disclosed the Confidential Material or Highly Confidential Material to such persons.

20. Notwithstanding any other provision of this Order:

(a) Nothing in this Order shall limit the ability of any party or third party to disclose to any person Confidential Material or Highly Confidential Material designated by it or that is a business record of that party or third party, as the case may be;

(b) Nothing in this Order shall limit any Defendant's ability to disclose Confidential Material or Highly Confidential Material designated by it or that is a business record of that Defendant to other Defendants or their counsel or to others as the defendants may mutually agree;

(c) Nothing in this Order shall limit any named Plaintiffs ability to disclose Confidential Material or Highly Confidential Material designated by him or her to other named Plaintiffs or their counsel or to others as the named Plaintiffs may mutually agree.

21. Except as provided in Paragraph 20, no person, firm, corporation, or other entity shall use, disclose, make available, or otherwise communicate Confidential Material or Highly Confidential Material in any manner whatsoever except for purposes of this Action, and then only in a manner consistent with this Order. A party's use for any purpose of its own documents and information which it produces or discloses in this Action shall not be considered a violation

of this Order.

22. Disclosure of Confidential or Highly Confidential Material to a Witness. Counsel for a party may show documents containing Confidential Material or Highly Confidential Material to a witness during a deposition, hearing, trial, or other proceeding without providing prior notice to the party or third party who produced or supplied the Protected Material and without obtaining in advance the acknowledgement required in Paragraph 19. Before doing so, however, the witness shall be shown a copy of this Order and advised that the information contained in the document is Protected Material and informed that an unauthorized disclosure of the information in the document may constitute contempt of this Court. Hearing or trial transcripts will be marked as provided in Paragraph 13. The court reporter shall be informed that the testimony or submitted document is protected so that the transcript and documents can be properly marked and segregated.

## USE OF PROTECTED MATERIAL BY A PARTY IN THESE PROCEEDINGS

23. Subject to the Federal Rules of Evidence, the Protected Material may be offered in evidence at trial, deposition, court hearing, or in connection with any motion, response or other pleading filed with the Court, but only under the terms of this Order.

24. The filing or production of Protected Material under the terms of this Order shall not alter the confidentiality of the Protected Material or alter any existing obligations of any party.

25. If filed with the Court, the Protected Material, whether it be deposition testimony or confidential documents, shall be filed under seal to be reviewed by Court personnel only and not to be released to the public. The parties will agree to confer, prior to filing a pleading or other document with the Court, as to whether any Protected Material can be filed without the

protection of this paragraph.

## THIRD PARTY REQUEST OR DEMAND FOR DISCLOSURE

26. Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material or Highly Confidential Material in any form, such person shall give notice immediately to the party or third party who produced or supplied the Confidential Material or Highly Confidential Material so that the party or third party may seek appropriate relief, if any. No person bound hereby who receives a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material or Highly Confidential Material shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions herein and is expressly consented to by the party or third party herein which have produced or supplied the Confidential Material or Highly Confidential Material, as the case may be.

## MISCELLANEOUS PROVISIONS

27. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this case or in any other proceeding.

28. Nothing contained in this Order shall affect the rights of the parties or third parties to object to discovery, nor shall it relieve a party or third party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or third party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

29. The parties to this Action reserve all rights to apply to the Court for any order modifying this Order, or seeking further protection against discovery or other use of Confidential Material or Highly Confidential Material or other information, documents, or transcripts.

30. Nothing contained in this Order shall affect the ability of the parties to alter the time periods set forth in this Order by agreement.

31. Any person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

32. The provisions of this Order shall survive the conclusion of this Action.

## COMPLETION OF LITIGATION

33. Within ninety (90) days after the resolution of this Action (including resolution of all appellate proceedings), all documents and copies of all documents (other than exhibits of record) produced or supplied by a party or third party which contain Confidential Material or Highly Confidential Material shall be either returned to the party or third party who produced or supplied the Confidential Material or Highly Confidential Material, as the case may be, or destroyed. Upon request of the party who produced or supplied the Confidential Material or Highly Confidential Material, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the party who produced or supplied the Confidential Material or Highly Confidential Material not more than ninety (90) days after the final resolution of this Action.

SIGNED this 12th day of August, 2009.

*T. John Ward*
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

AGREED:

*/s/ Laureen F. Bagley*
John D. Sloan, Jr.
Texas Bar No. 18505100
Laureen F. Bagley
Texas Bar No. 24010522

SLOAN, BAGLEY, HATCHER & PERRY
LAW FIRM
101 East Whaley Street
PO Drawer 2909
Longview, TX 75606
phone – 903.757.7000
facsimile – 903.757.7574

Alexander R. Wheeler
awheeler@rrexparris.com
Jason Paul Fowler
jfowler@rrexparris.com

R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA 93534-3428
phone – 661.949.2595
facsimile – 661.949.7524

John P. Zelbst
zelbst@zelbest.com
Chandra L. Holmes Ray
chanddra@zelbst.com

ZELBST, HOLMES & BUTLER
PO Box 365
Lawton, OK 73502-0365
phone – 580.428.4844
facsimile – 580.248.6916

James E. Wren
Texas State Bar No. 22018200
James_Wren@baylor.edu
One Bear Place #97288
Waco, TX 76798-7288
phone – 254.710.7670
facsimile – 254.710.2817

ATTORNEYS FOR PLAINTIFFS

*/s/ Ellen L. Perlioni*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Sharon Fast Fulgham
Texas Bar No.: No. 24045901
sfulgham@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413

ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER GOVERNING PROTECTED MATERIAL

I CERTIFY THAT I HAVE RECEIVED A COPY OF THE STIPULATED PROTECTIVE ORDER GOVERNING PROTECTED MATERIAL ("ORDER").

I FURTHER CERTIFY THAT I HAVE READ AND FULLY UNDERSTAND THE CONTENTS OF THIS ORDER.

I UNDERSTAND AND AGREE TO COMPLY WITH THE STANDARDS AND PROCEDURES WHICH ARE SET FORTH IN THE ORDER. I UNDERSTAND THAT COMPLIANCE WITH THESE STANDARDS AND PROCEDURES IS A CONDITION OF RECEIPT OF CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL AND THAT A FAILURE TO COMPLY MAY CONSTITUTE CONTEMPT OF THE COURT AND/OR A VIOLATION OF APPLICABLE LAWS.

_____
NAME

_____
SIGNATURE

_____
DATE SIGNED