IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PATTY BEALL, MATTHEW MAXWELL, DAVID GRAVELY, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR ,** Individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> **TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.** <br> Defendants. | § § § § § § § § § § § § § § § § § § | 2:08-cv-422 TJW |

**PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD**

Plaintiffs, Patty Beall, Matthew Maxwell, David Gravely, Talina McElhany, Kelly Hampton, Kevin Tullos, Casey Brown, Jason Bonner, Anthony "Tony" Dodd, Ilene Meyers, Tom O'Haver, Joy Bibles, Don Locchi, and Melissa Pastor, on behalf of themselves and all others similarly situated, current and former employees of Defendants, Tyler Technologies, Inc. and/or EDP Enterprises, Inc., file this Motion to Compel the Disclosure of Email Addresses and Request to Enlarge Notice Period, and would show the Court as follows:

**I. INTRODUCTION**

1.1    Plaintiffs sought and the Court granted conditional certification of a collective action seeking overtime compensation under the FLSA. The Court's Memorandum Opinion and Order, signed June 23, 2009, ordered Defendants to "provide the plaintiffs' counsel with the names, job titles, addresses, telephone numbers, Social Security numbers, and **email addresses**, where available,

of the potential class members...within twenty (20) days." (emphasis added).  Defendants failed to produce any email addresses for potential class members.  Defense counsel has confirmed that Defendants do possess work emails but have not disclosed those emails, as it was believed that "work" emails were not within the ambit of the Court's order, requiring the disclosure of email addresses.  Notwithstanding the request to disclose the emails, Defendants have continued to refuse to disclose the email addresses.

## II.  ARGUMENT & AUTHORITIES

2.1   Plaintiffs ask that the court compel the production of all email addresses, including work email addresses that Defendants possess for the potential class members in accordance with the court's order.  Defendants' unilateral decision to withhold the work email addresses of potential class members is a direct violation of the court's order.  Defendants took this course of action notwithstanding the court's directive that any issues the Defendants had with the disclosure required by the Court could be addressed with an appropriate protective order. *See, Memorandum Opinion and Order note 6*.  Instead of producing the email addresses and seeking an appropriate protective order, Defendants chose to intentionally withhold the email addresses.

2.2   In addition to the authority granted by Fed. R. Civ. P 37, the Court is also vested with the inherent authority to sanction a person for "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123, 2132-33, (1991).

2.3   Herein, Defendants intentionally withheld information that was ordered to be disclosed.  No substantial justification exists for this blatant action.  Further, the noncompliance was not harmless.  Indeed, noncompliance is harmless only when there is no prejudice to the opposing party. *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 653 (D. Kan. 1996). Here, Plaintiffs have been prejudiced by the Defendants' failure to obey the Court's Order, in that Plaintiffs were not

given the option to send the legal notice via email to the potential class members, many of whom travel extensively with their work, often being away from home from Sunday through Friday. *See* the Declarations of Ilene Anne Meyers, Tony Dodd, and David Gravely, attached to Plaintiffs Motion for Certification as Exhibit "M" "L" and "H" respectively. An appropriate remedial sanction would be the extension of the notice period for a period of 45 days after Defendants provide the email addresses to allow email notice to the potential class.

### III. CONCLUSION

3.1     It is not the Defendants' province to construe an unambiguous order for its own benefit. Especially in light of the Court's directive to seek a protective order for information that the Defendant believed was too broad. In order to fully effectuate the purposes of the FLSA it is essential that the potential Class receive adequate notice. Plaintiffs believe that was the Court's intent in allowing broad disclosure of contact information for the potential class. Defendants' attempt to excluding the primary method that most computer professionals communicate is thwarting the Court's order and the remedial purposes of the FLSA.

### PRAYER

For these reasons, Plaintiffs ask the Court to:

1) Order Defendants to disclose all email addresses, including work email addresses, that it possesses for the potential class members in a searchable format, within three days of the court's order;

2) Enlarge the notice period for 45 days from the date that the Defendants provide Plaintiffs with the email addresses of potential class members.

3) Grant Plaintiffs such other and further relief, whether in law or equity, as to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY
LAW FIRM


 /s/ Laureen F. Bagley
John D. Sloan, Jr.
State Bar No. 18505100
jsloan@textrialfirm.com
Laureen F. Bagley
State Bar No. 24010522
lbagley@textrialfirm.com
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
(903) 757-7000
(903) 757-7574 (Fax)


Alexander R. Wheeler
awheeler@rrexparris.com
Jason Paul Fowler
jfowler@rrexparris.com
R. REX PARRIS LAW FIRM
42220 10TH Street West, Suite 109
Lancaster, CA 93534-3428
(661) 949-2595
(661) 949-7524 (Fax)


John P. Zelbst
zelbst@zelbst.com
Chandra L. Holmes Ray
chandra@zelbst.com
ZELBST, HOLMES & BUTLER
P.O. Box 365
Lawton, OK 73502-0365
(580) 248-4844
(580) 248-6916 (Fax)

James E. Wren
Texas State Bar No. 22018200
James_Wren@baylor.edu

                                      One Bear Place #97288
                                      Waco, Texas 76798-7288
                                      (254) 710-7670
                                      (254) 710-2817 (Fax)

                                    **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of August, 2009, a true and correct copy of this document was sent via electronic mail to the following:

Paulo B. McKeeby
Joe S. Allen
Sharon Fast Fulgham
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201-7347

Deron R. Dacus
*Ramey & Flock P.C.*
100 East Ferguson, Suite 500
Tyler, TX 75702

                                      /s/ Laureen F. Bagley
                                      Laureen F. Bagley

## CERTIFICATE OF CONFERENCE

I certify that on August 27th and 28th, 2009, I conferred with Defense Counsel, Paulo McKeeby, via telephone regarding Plaintiff's Motion to Compel the Disclosure of Email Addresses and Request for Enlargement of Notice Period in compliance with Local rule CV-7(h). Defense counsel is opposed to all aspects of this Motion. During the meet and confer, Counsel each presented their respective positions and arguments however, we were unable to agree that the Court's order excluded disclosure of work emails, which are the only emails that Defendants admit possessing.

                                      By: /s/ Laureen F. Bagley
                                      LAUREEN F. BAGLEY