IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all other similarly situated; <br><br> Plaintiffs, <br><br> <br> TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. <br> Defendants. | § § § § § § § § § § § § § | 2:08-cv-422   TJW |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD

Defendants Tyler Technologies, Inc. ("Tyler") and EDP Enterprises, Inc. (collectively, "Defendants") file this Response in Opposition to Plaintiffs' Motion to Compel Disclosure of Email Addresses, and Request to Enlarge Notice Period.

## I.
## INTRODUCTION

Plaintiffs have contrived a specious argument purportedly for "sanctions" in hopes of sending a second wave of notices to putative class members and buying more time in the already generous notice period agreed to by the parties and ordered by the Court. Defendants complied with the Court's Order and supplied the required notice information to Plaintiffs on July 13, 2009. In doing so, Defendants specifically informed Plaintiffs that the Company does not maintain personal email addresses for employees. Now, a month and a half later, and less than 30 days before the close of the notice period, Plaintiffs belatedly proclaim that the Order required Tyler to provide work email addresses and claim prejudice warranting sanctions in the form of

an extended notice period. Plaintiffs, however, offer no evidentiary or other support to suggest how they supposedly have been prejudiced and, equally as important, offer no explanation as to why they are raising this issue now as opposed to immediately after receiving the notice information on July 13, 2009.

Plaintiffs simply have offered no justification for an additional notice to be sent to Tyler employees through their Company email addresses or for an extension of the notice period. The demand to send notices through Tyler's company email system is particularly inappropriate. First, this type of communication creates the potential impression that Tyler sponsors or promotes the notice. Second, the email likely will be read, and potentially discussed, at the work place by employees who receive the notice which would cause an obvious disruption to Tyler's business operations.

## II.
## TYLER FULLY COMPLIED WITH THE COURT'S ORDER

In its Memorandum Opinion and Order dated June 23, 2009 (D.N. No. 37), the Court ordered Tyler to provide Plaintiffs' counsel with the "names, job titles, addresses, telephone numbers, social security numbers, and email addresses, where available, of the potential class members." (Order, p. 7). Tyler fully complied with the Court's Order on July 13, 2009, by providing Plaintiffs' counsel with employee names, job titles, addresses, telephone numbers, and social security numbers. At that time, counsel for Tyler specifically informed Plaintiffs' counsel via email that the Company did not maintain personal email addresses. *See* Declaration of Paulo B. McKeeby attached as Exhibit A, ¶ 3, Ex. 1.

Accordingly, Plaintiffs were aware at the outset that Tyler's counsel construed the Court's Order as requiring personal contact information only. Plaintiffs' counsel thereafter sent

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD – PAGE 2

DB1/63592672.1

notices to potential class members and said absolutely nothing about a lack of personal email addresses or Plaintiffs' supposed right to contact putative class members at work through electronic messages sent over Tyler's company email system.

Plaintiffs did not seek in their motion for certification of collective action, nor did the Court order, production of company email addresses. To the contrary, the Court's Order contemplates personal contact information (i.e., "addresses" and "telephone numbers"). Plaintiffs do not argue that Tyler should have provided Company addresses or Company telephone numbers. Thus, Tyler should be no more obligated to produce Company email addresses under the language and intent of the Court's Order.

Indeed, both Plaintiffs' Motion for Certification of Collective Action (D.N. No. 18, ¶ 4.3) and the Court's Order (Order, p. 7) limit the production of email addresses "if available" or "where available," respectively. Nothing in this Court's Order compels disclosure of work email addresses or authorizes Plaintiffs to infiltrate Tyler's electronic network and disrupt its operations through solicitation of putative class members while they are working.[1] To the contrary, although Plaintiffs specifically sought authorization to solicit employees at work by requiring Defendants to post the notice on company bulletin boards and to distribute the notice via Company newsletter, the Court did not grant Plaintiffs' request.

---

[1] Plaintiffs' motion also misrepresents the Court's Order in suggesting that Defendants were directed to file a motion for protective order to the extent they objected to the scope of disclosure. *See*, Plaintiffs' Motion, ¶ 2.1. Plaintiffs' argument is nonsensical. Defendants already objected to the scope of the information Plaintiffs sought. This Court considered the objections and ordered production of addresses, telephone numbers, and email addresses, where available. The Order's reference to a protective order relates to maintaining the confidentiality of the information, such as social security numbers, ordered to be disclosed, not a "directive" to raise issues with the scope of the Order through a motion for protective order. Indeed, the parties conferred and filed an Agreed Protective Order, which was entered by the Court. (D.N. No. 57).

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD – PAGE 3**

DB1/63592672.1

### III.
### THE INTRUSION INTO TYLER'S OPERATIONS PLAINTIFFS SEEK IS UNWARRANTED AND OVERLY DISRUPTIVE

The Supreme Court in *Hoffman-LaRoche* authorized district courts, in their discretion, to order a defendant to produce the names and addresses of putative members in a collective action. *See Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 172 (1989). The disclosure of email addresses is not required to complete notice, as "[f]irst class mail is ordinarily sufficient to notify class members who have been identified." *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006); *see also, Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992); *see also Aguilar v. Complete Landsculpture Inc.*, No. Civ. A. 3:04CV0776D, 2004 WL 2293842, at *5 (N.D. Tex. Oct. 7, 2004) (court declined to compel disclosure of phone numbers in FLSA collective action because sending a letter to person's last known address was adequate).

Notice by first class mail is the "preferred method" because it "ensures the integrity of a judicially controlled communication directed to the intended audience." *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630-31 (D.Colo. 2002). In *Reab*, the court rejected the plaintiff's request to send notice to potential opt-in plaintiffs via electronic mail, and stated as follows:

> Historically, first-class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures proper notice is received by the potential class members.
>
> * * *
>
> In contrast, electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process. In addition, email messages could be forwarded to non-class members and posted to internet sites with great ease. First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice

process. Therefore, notice shall be given by means of first-class mail only. *Id.* at 630-31.

Moreover, in selecting the manner of issuing notice, the Court must strike the appropriate balance between ensuring notification to the putative class members while minimizing disturbance to Tyler's business. *See Sherrill v. Southerland Global Servs., Inc.*, 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) (denying request to email notice to all class members and to publish notice in the company newsletter). There can be no doubt that authorizing Plaintiffs to use Tyler's network to email employees at work would disrupt operations. Employees receiving the email will stop what they are doing and review the same on Company time. They may take the next step of visiting the website and/or completing opt-in forms during the time they should be working. Moreover, receiving such a communication at work would spark contemporaneous conversation amongst coworkers which would further disrupt operations. Finally, sending notice through the use of Tyler's email system inappropriately suggests some support by Tyler in the communications to its employees. All of these factors weigh heavily against Plaintiffs' belated request for production of work email addresses and authorization to send a second notice to employees at work and over Tyler's network.

## IV.
## PLAINTIFFS HAVE NOT SHOWN PREJUDICE OR JUSTIFICATION TO EXTEND THE NOTICE PERIOD

Plaintiffs assert in Paragraph 2.3 that they "have been prejudiced by the Defendants' failure to obey the Court's Order ...." Beyond this conclusory assertion, however, Plaintiffs offer no explanation as to exactly how the inability to send notices to Tyler employees through the Company's email network, in addition to the notices sent by first class mail, has caused them harm. Plaintiffs do not suggest, much less show through competent proof, that significant

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD – PAGE 5**

DB1/63592672.1

numbers of potential class members failed to receive the notice. The best Plaintiffs can do is offer declarations from Plaintiffs suggesting that certain potential Plaintiffs often are away from home. This does not mean that even these potential Plaintiffs do not receive their mail on a timely basis. The most that can be inferred from Plaintiffs' evidence is some of the Plaintiffs "may" have been out of town for a period of time, and, instead of receiving the notice three days after it was sent, may have received it a few days later. This "delay" is hardly prejudicial given that the parties agreed to a 75 day notice period.

Moreover, Plaintiffs offer absolutely no explanation as to why they have waited so long to raise this issue. As noted above, Plaintiffs were immediately and expressly notified that Tyler was not providing work email addresses with its notice information. Had Plaintiffs raised this issue immediately, as opposed to waiting over a month and a half into the notice period, while Tyler still would have disagreed with the merits of Plaintiffs' position, and there would be no reason to "sanction" Tyler and extend the already generous notice period. Plaintiffs simply are raising Tyler's alleged noncompliance with the Court's Order as a means to obtain more time to add members to the class. Any prejudice Plaintiffs claim to have suffered, although completely unsupported by the record, could have been avoided had Plaintiffs timely raised this issue.

## V.
## CONCLUSION

This Court authorized notice through the preferred method of first-class mailing. Defendants complied with this Court's Order and provided the information available. Plaintiffs never previously requested *work* emails and never sought authorization to contact putative class members at work—and the Court never ordered or authorized the same. There is no evidence to suggest that first class mailing is insufficient to provide notice to the putative class members. Particularly given the heightened threat of distorted or compromised notice through electronic

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD – PAGE 6**

DB1/63592672.1

means, the disturbance to Tyler's operations and prejudicial impact of such communications is unwarranted and should be rejected.

Respectfully submitted:

/s/ *Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Sharon Fast Fulgham
Texas Bar No.: No. 24045901
sfulgham@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413

ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD – PAGE 7**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via the Court's electronic filing system on this 3rd day of September 2009, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606

/s/ Paulo B. McKeeby

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF EMAIL ADDRESSES, AND REQUEST TO ENLARGE NOTICE PERIOD – PAGE 8

DB1/63592672.1