**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PATTY BEALL, MATTHEW MAXWELL, DAVID GRAVLEY, TALINA MCELHANY, KELLY HAMPTON, CASEY BROWN, JASON BONNER, KEVIN TULLOS, ANTHONY DODD, ILENE MEYERS, TOM O'HAVER, JOY BIBLES, DON LOCCHI AND MELISSA PASTOR, Individually and on behalf of all others similarly situated;<br>    Plaintiffs,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.,<br>    Defendant. | CIVIL ACTION NO. 2-08-CV-422 (TJW) |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiffs' Motion to Compel Disclosure of Email Addresses, and Request for Enlargement of Notice Period. (Dkt. No. 67) After careful consideration of the parties' written submissions, the plaintiffs' motion is GRANTED for the reasons set forth in this opinion.

Plaintiffs Patty Beall, Matthew Maxwell, David Gravley, Talina McElhany, Kelly Hampton, Casey Brown, Jason Bonner, Kevin Tullos, Anthony Dodd, Ilene Meyers, Tom O'Haver, Joy Bibles, Don Locchi and Melissa Pastor (collectively "Plaintiffs") filed this action against their former employers, Tyler Technologies, Inc. And EDP Enterprises, Inc. (collectively "Defendants"), alleging that they were improperly classified as exempt employees, resulting in Defendants' failure to pay overtime thereby violating the Fair Labor Standards Act ("FLSA"). Following briefing and a hearing, the Court has conditionally certified Plaintiffs as a class and authorized Plaintiffs to notify potential class members about the class. On June 23, 2009, this

Court ordered Defendants to "provide the plaintiffs' counsel with the names, job titles, addresses, telephone numbers, Social Security numbers, and email addresses, where available, of the potential class members." (Dkt. No. 37 at 7) On July 13, 2009, Defendants provided Plaintiffs' counsel with names, job titles, addresses, telephone numbers, and Social Security numbers of the potential class members. Defendants did not provide email addresses, "specifically inform[ing] Plaintiffs that [Defendants do] not maintain personal email addresses for employees." (Dkt. No. 69 at 2)

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980). Rule 37(b)(2) requires that any sanction be just and that the sanction be related to the particular claim which was at issue in the order to provide discovery. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir.2004) (citations omitted) (sanction was a finding of alter ego rooted in party's behavior regarding discovery related to the alter ego issue). Further, the penalized party's discovery violation must be willful. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir.2003). Finally, a court should impose a severe sanction under Rule 37 only when a lesser sanction would not substantially achieve the desired deterrent effect. *Id.*

Plaintiffs move the court to compel Defendants to produce the workplace email addresses. The parties dispute whether "email addresses, where available" includes workplace email addresses that Defendant provides to its employees during the course of their employment. The Court agrees with Plaintiffs that the order to produce email addresses is an order to produce any email addresses, including workplace email addresses. Defendants are hereby ORDERED to

produce workplace email addresses for potential class members within ten days of the date of this order.

Plaintiffs also move the court to enlarge the notice period by forty-five days from the date that Defendants produce the workplace email addresses. The Court does not agree that a forty-five day enlargement is a just remedy here. Plaintiffs waited forty-five days, the entire duration of the original notice period, to raise an objection to Defendant's interpretation of the Court's order. Nonetheless, the Court believes that prospective class members are entitled to receive notice via email. The Court hereby enlarges the notice period an additional thirty days after Defendants provide to Plaintiffs all workplace email addresses of prospective class members.

It is SO ORDERED.

SIGNED this 22ndday of September, 2009.

                                            _____
                                            T. JOHN WARD
                                            UNITED STATES DISTRICT JUDGE