IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all other similarly situated; | § § § § § | |
| Plaintiffs, | § | 2:08-cv-422   TJW |
| | § § § | |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. Defendants. | § § § | |

### JOINT MOTION FOR ORDER APPROVING PARTIAL SETTLEMENT AND MOTION TO PRESENT SETTLEMENT PAPERS IN CAMERA

Plaintiffs Cecilia Alvarado, Sara Balmos, Patricia Beall, Casey Brown, Kyle Collegian, Ingrid Crumbley (Johnson), Guyla Downing, Edwin Francis, Diana Hudman, Brenda Labay, Joshua Leyva, Tami Lynn Maben, James McMann, Suzanne, Thompson-O'Rear, Matthew Ross, Mary Rudolf, David Turner, Nancy Butterbaugh, Robert Ledbetter, Melissa Pastor, Arthur Chang, David Gravely, Matthew Maxwell and Scott Harriman, on behalf of themselves and those Plaintiffs who have opted in to this lawsuit (collectively the "Settling Plaintiffs") and Defendants, Tyler Technologies, Inc. and EDP Enterprises, Inc. (herein collectively "Tyler") (collectively referred to herein as "Parties") file this Joint Motion for Order Approving Partial Settlement and Motion to Present Settlement Papers In Camera, and would show the Court as follows:

## I.

## INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Settling Plaintiffs and Tyler jointly request that the Court enter a stipulated order approving the settlement reached between the Parties. The Parties have carefully and exhaustively negotiated a partial, no fault settlement in this action. They have agreed to resolve the disputed factual and legal issues on terms set forth in a settlement agreement, which generally is described below (the "Agreement"). Because the Parties have agreed to maintain the confidentiality of the specific terms of the Agreement, the Parties jointly request to present the Agreement to the Court in camera for review, if necessary, in connection with approval of the settlement.

Pursuant to the Agreement, the Parties seek approval of the partial settlement. The Parties stipulate to the following: that the settlement agreement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.

## PROCEDURAL HISTORY

On October 28, 2008, seven (7) Plaintiffs who formerly worked at Tyler and/or Defendant EDP Enterprises, Inc. filed this lawsuit in the United States District Court for the Eastern District of Texas, Marshall Division, alleging overtime violations under the Fair Labor Standards Act ("FLSA"). Thereafter, on May 9, 2009, Plaintiffs filed an Amended Complaint adding additional named plaintiffs who asserted the same overtime claims under the FLSA. By order of June 23, 2006, the Court granted Plaintiffs' Motion for Conditional Certification.

Thereafter, after notice was sent to employees and former employees of Tyler eligible to participate in the lawsuit, additional plaintiffs opted in under the FLSA's collective action procedures. At the completion of the opt-in period, approximately 68 plaintiffs had elected to join the lawsuit. Thereafter, as discovery in the case commenced, some of the opt-in plaintiffs elected to opt-out of the lawsuit. As the Parties began depositions in the case, there basically existed the following four (4) categories of job functions performed by the remaining plaintiffs and opt-in plaintiffs:

- Telephonic customer support;
- Quality assurance analysis;
- Systems engineering; and
- Implementation consulting

Many of the plaintiffs within these subcategories had different job titles, and Tyler contends that, even within these subcategories, the plaintiffs and opt-in plaintiffs performed significantly different job duties on a day-to-day basis.[1]

In the early Spring of 2010, the Parties commenced settlement discussions. To that end, the Parties agreed to participate in mediation before mediator William D. Hartsfield, who has extensive experience mediating FLSA collective actions. Pursuant to the Parties' agreement, the mediation would involve negotiations only of the claims of the first three (3) groups of plaintiffs who performed, again generally, customer support, quality assurance, and systems engineering functions. After nearly 12 hours of mediation on May 10, 2010, and further deliberations the next day, the counsel for the Parties agreed to a final resolution of the claims of the plaintiffs in those three categories.

---

[1] Tyler does not intend to waive, through this Joint Motion or otherwise, its contention that the lawsuit is not appropriate for collective action under the FLSA due to divergent job responsibilities and duties of the plaintiffs and opt-in plaintiffs. As explained more fully herein, Tyler is agreeing to resolve part of this case only to avoid the fees and costs associated with continued litigation and reserves its right to contest certification should the Court not approve the Parties' settlement.

The plaintiffs and opt-in plaintiffs subject to this settlement are:  Cecilia Alvarado, Sara Balmos, Patricia Beall, Casey Brown, Kyle Collegian, Ingrid Crumbley (Johnson), Guyla Downing, Edwin Francis, Diana Hudman, Brenda Labay, Joshua Leyva, Tami Lynn Maben, James McMann, Suzanne Thompson-O'Rear, Matthew Ross, Mary Rudolf, David Turner, Nancy Butterbaugh, Robert Ledbetter, Melissa Pastor, Arthur Chang, David Gravely, Matthew Maxwell and Scott Harriman.  The Parties, pursuant to the requirements of the FLSA, now request the Court to approve the resolution of the claims of the plaintiffs and opt-in plaintiffs identified above.

### III.

### THE COURT SHOULD APPROVE THE PARTIAL SETTLEMENT AGREEMENT

This Court should approve the partial settlement agreement because the partial settlement was achieved in an adversarial context, the Settling Plaintiffs are represented by competent and experienced counsel.  Moreover, the Parties stipulate that the settlement provisions are fair and reasonable.

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The exceptions are 1) that the Secretary of Labor can supervise the payment of back wages, or 2) that the employer and employee present the proposed settlement to the district court for approval.  29 U.S.C. § 215(b). Both the Settling Plaintiffs and Defendants request this Court to approve the Parties' partial settlement agreement.

The partial settlement was negotiated at arm's length by experienced counsel who protected the rights of the Parties.  Accordingly, the settlement reflects a reasonable compromise regarding bona fide disputes between the Parties with respect to liability and the amount of same under the FLSA.  The Parties have agreed to a proposed settlement in order to avoid the

necessity, expense, inconvenience and uncertainty of litigation.  Both Parties are represented by counsel experienced in FLSA cases, and counsel for the Parties believe that settlement is in the best interests of their respective clients.  Moreover, the partial resolution of the case, the Parties believe, will result in judicial efficiency as the case will be significantly more streamlined in that it would involve only one subcategory of the plaintiffs and opt-in plaintiffs identified above.  For these reasons, the Parties respectfully request the Court approve their settlement as to the plaintiffs and opt-in plaintiffs identified herein.

### IV.

### THE PARTIES REQUEST THAT THE COURT REVIEW THE SETTLEMENT AGREEMENT IN CAMERA

While the terms of the Settlement Agreement are summarized herein, the Parties have agreed to maintain the terms of the Agreement as confidential.  As such, it is not filed as an exhibit to this motion.  Rather, the Parties have agreed to present the actual Settlement Agreement documents, including if necessary, affidavits by the Settling Plaintiffs' counsel discussing the Lodestar factors and other issues pertaining to reasonable attorneys for the settlement, in a form agreed to by the Parties, to the Court in camera, should the Court require.  Such in camera review will allow the Parties to protect the confidentiality of the specific terms of the Settlement Agreement by avoiding any requirement that the document itself be made a matter of public record.

### V.

### CONCLUSION

The Parties believe that the settlement reached was a fair and reasonable compromise of the respective positions of both sides.  The Parties therefore respectfully request the Court approve the settlement and enter an order dismissing the claims of the following settling

Plaintiffs:  Cecilia Alvarado, Sara Balmos, Patricia Beall, Casey Brown, Kyle Collegian, Ingrid Crumbley (Johnson), Guyla Downing, Edwin Francis, Diana Hudman, Brenda Labay, Joshua Leyva, Tami Lynn Maben, James McMann, Suzanne, Thompson-O'Rear, Matthew Ross, Mary Rudolf, David Turner, Nancy Butterbaugh, Robert Ledbetter, Melissa Pastor, Arthur Chang, David Gravely, Matthew Maxwell and Scott Harriman.  Entry of such an order will "secure the just, speedy, and inexpensive determination" of this action in accordance with Federal Rule of Civil Procedure 1.

Respectfully submitted:

| | |
|---|---|
| */s/ Laureen F. Bagley* | */s/ Paulo B. McKeeby* |
| John D. Sloan, Jr. | Paulo B. McKeeby |
| Texas Bar No. 18505100 | Texas Bar No.: 00784571 |
| jsloan@textrialfirm.com | paulo.mckeeby@morganlewis.com |
| Laureen F. Bagley | Joel S. Allen |
| Texas Bar No. 24010522 | Texas Bar No.: 00795069 |
| lbagley@textrialfirm.com | joel.allen@morganlewis.com |
| SLOAN BAGLEY, HATCHER | Ellen L. Perlioni |
| & PERRY LAW FIRM | Texas Bar No. 00794155 |
| 101 East Whaley Street | ellen.perlioni@morganlewis.com |
| PO Drawer 2909 | Farin Khosravi |
| Longview, Texas  75606 | Texas Bar No. 24043753 |
| phone - 903.757.7000 | farin.khosravi@morganlewis.com |
| facsimile – 903.757.7574 | |
| | MORGAN, LEWIS & BOCKIUS LLP |
| Alexander R. Wheeler | 1717 Main Street, Suite 3200 |
| awheeler@rrexparris.com | Dallas, Texas 75201-7347 |
| Jason Paul Fowler | phone - 214.466.4000 |
| jfowler@rrexparris.com | facsimile - 214.466.4001 |
| R. REX PARRIS LAW FIRM | |
| 4222010th Street West, Suite 109 | |
| Lancaster, CA  93534-3428 | |
| phone -  661.949.2595 | |
| facsimile – 661.949.7524 | |

**JOINT MOTION FOR ORDER APPROVING PARTIAL SETTLEMENT AND MOTION TO PRESENT SETTLEMENT PAPERS IN CAMERA**  – **PAGE** 6
DB1/64862870.1

| | |
|---|---|
| John P. Zelbst | Deron R. Dacus |
| zelbst@zelbst.com | Texas Bar No.: 00790553 |
| Chandra L. Homes Ray | derond@rameyflock.com |
| chandra@zelbst.com | |
| ZELBST, HOLMES & BUTLER | RAMEY & FLOCK P.C. |
| PO Box 365 | 100 East Ferguson, Suite 500 |
| Lawton, OK  73502-0365 | Tyler, Texas 75702 |
| phone – 580.248.4844 | phone – 903.597.3301 |
| facsimile – 580.248.5916 | facsimile – 903.597.2413 |
| James E. Wren | |
| James_Wren@baylor.edu | |
| One Bear Place, #97288 | ATTORNEYS FOR DEFENDANTS |
| Waco, TX  78798-7288 | TYLER TECHNOLOGIES, INC. AND |
| phone – 254.710.7679 | EDP ENTERPRISES, INC. |
| facsimile – 254.710.2817 | |

ATTORNEYS FOR PLAINTIFFS

**JOINT MOTION FOR ORDER APPROVING PARTIAL SETTLEMENT AND MOTION TO PRESENT SETTLEMENT PAPERS IN CAMERA** **– PAGE** 7
DB1/64862870.1