IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | | |
|---|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all others similarly situated, | § § § § § | | |
| | § | | |
| *Plaintiffs,* | § § | | |
| *vs.* | § § | NO. | 2:08-CV-422 |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC., | § § § | | |
| *Defendants.* | § § | | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT

Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc.[1] (collectively "Tyler")

file their Objections to Plaintiffs' Expert Brian T. Farrington ("Farrington") and Motion to Strike

Farrington's Expert Report, and, in support thereof would show the Court as follows:

**I.      Introduction and Summary of Argument**

This is a Fair Labor Standards Act (the "FLSA") overtime compensation case in which

the critical issue is whether Plaintiffs are covered by one or more of the exemptions to the

overtime requirements under the statute.  Tyler objects to Plaintiffs' expert Farrington and his

expert report because Plaintiffs attempt to utilize Farrington to give legal conclusions that are

within the proper province of the Judge and are not the proper subject matter for expert

testimony.

Plaintiffs designated Farrington as an expert witness specifically to "testify regarding

whether the duties of Plaintiffs involved the exercise of discretion [sic] of independent

---

[1] EDP Enterprises, Inc. was purchased by Tyler in September 2007 and is no longer a separate legal entity.

judgment."[2]   In his report, Farrington states that he was retained "to provide a professional opinion on whether the job duties and responsibilities of the plaintiffs and other employees alleged to be similarly situated in this case require the exercise of discretion and independent judgment according to the standards applied by the U.S. Department of Labor, Wage and Hour Division ('USDOL/WH')."[3]   Farrington further concludes in his report that:  "…it is my opinion that the duties of the [Plaintiffs] did not involve the exercise of discretion and independent judgment…."[4]   Quite obviously, these opinions go to the heart of the legal issues in this case, and Plaintiffs essentially are attempting to marshal expert proof to attempt to establish liability under the FLSA.

## II.  Argument & Authorities

This Court should strike Farrington's report and exclude his testimony under Federal Rule of Evidence 702 as his testimony and report do "no more than tell the finder of fact what conclusions to reach."[5]   Farrington's report consists simply of impermissible legal conclusions on ultimate legal issues and, as such, this Court should strike Farrington's report and preclude his testimony at trial.

It is well established in this circuit that Federal Rule of Evidence 704[6] "does not open the door to all opinions" and expert witnesses may not tell the fact-finder what results to reach.[7]

---

[2] Exhibit "1," Plaintiff's Designation of Expert Witnesses, p. 2.
[3] Exhibit "2," Amended Expert Report of Brian T. Farrington, p. 2.
[4] Exhibit "2," Amended Expert Report of Brian T. Farrington, p. 22.
[5] *Henry v. Quicken Loans, Inc.*, 2009 U.S. Dist. LEXIS 90126, at *19 (E.D. Michigan Sept. 30, 2009); *see also Shelter Mutual Ins. Co. v. Culbertson's Limited, Inc.*, 1999 U.S. Dist. LEXIS 3241, at *9 (E.D. Louisiana March 11, 1999) ("[U]nder Fed. R. Evid. 702, an expert may not advise a jury as to applicable principles of law."). In *Shelter Mutual*, the proffered expert opined that the insurance policy at issue was ambiguous. The court held that whether the policy was ambiguous was a question of law. Because the proffered expert's testimony strictly concerned his legal interpretation of the insurance policy at issue and did not bear on the existence of any pertinent fact, the court found his testimony was irrelevant and excluded the expert report at issue.
[6] "[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  FED. R. EVID. 704(a).
[7] *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 2**
DB1/65683246.4

Rule 704 is not "intended to allow a witness to give *legal* conclusions,"[8] and "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant."[9]

Indeed, courts consistently preclude expert testimony in FLSA overtime cases on the ultimate issue of an employee's exempt status.  For example, in *Henry v. Quicken Loans, Inc.*,[10] a class of mortgage bankers asserted that they were not covered by the "administrative exemption" under the FLSA because their primary duty involved sale of mortgages and did not require the exercise of discretion and independent judgment.[11]  The court excluded the plaintiffs' expert report and held the testimony of the plaintiffs' expert witness was inadmissible under FED. R. EVID. 702.[12]  The court held that the expert "could not testify to any conclusions about the primary duties of the mortgage bankers without invading the province of the Court,"[13] and that his testimony as to the job functions of the plaintiffs "was a legal conclusion on the ultimate issue of the case that is properly to be decided by the court and/or jury."[14]

In *Cowan v. Treetop Enterprises, Inc.*, the issue was whether unit managers at the defendant restaurant were properly classified as "executive" employees exempt from the overtime pay requirements of the FLSA.[15]  The *Cowan* court granted the plaintiffs' motion to strike the expert report of the defendant's proffered expert, Dr. Deivanayagam, because the expert witness's "opinion [was] expressed in terms that the unit manager is primarily responsible

---

[8] *Id.* (emphasis in original).
[9] *Id.*
[10] *Quicken Loans, Inc.*, 2009 U.S. Dist. LEXIS 90126, at *8-9.
[11] *Id.* at *9.
[12] *Id.* at *19.
[13] *Id.* at *20-21.
[14] *Id.* at *19.
[15] 120 F. Supp. 2d 672, 674 (M.D. Tenn. 1999).

for the profitable operation of the restaurant."[16]   The court held that "[t]he term 'primary responsibility' has a distinct legal meaning under FLSA regulations."[17]   The court, therefore, excluded Dr. Deivanayagam from testifying because "whether the unit managers' duties are primarily managerial as in the precise wording of the FLSA regulations is a matter for the Court to decide."[18]

In *Murray v. Ohio Casualty Corporation*, the legal issue was whether an insurance claims specialist was properly classified as administratively exempt under the FLSA.[19]   The plaintiff designated as an expert a former Associate Solicitor for the Fair Labor Standards Division of the Office of the Solicitor of Labor, United States Department of Labor.[20]   The plaintiff's expert witness, in her report, opined that the plaintiff did not meet the requirements for the administrative exemption.[21]   The court granted the defendant's motion to strike the expert witness's report "because it offer[ed] a legal conclusion."[22]   In excluding the expert's report, the court held that "whether or not Plaintiff is properly designated as an administrative exempt employee is a decision within the sole province of this Court to make."[23]

Finally, in *Perez v. Radioshack Corporation*, the court again emphasized that "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."[24]   In *Perez*, the issue was whether RadioShack's store managers were properly classified as exempt

---

[16] *Id.* at 684.  One of the criteria for determining whether an employee is a "bona fide executive" exempt from the overtime pay requirements of the FLSA, is whether the employee's <u>primary duty</u> consists of management.  *See id.* at 688 (citing to 29 C.F.R. §541.1)

[17] *Id.* One of the criteria for determining whether an employee is a "bona fide executive" exempt from the overtime pay requirements of the FLSA, is whether the employee's <u>primary duty</u> consists of management.  *See id.* at 688 (citing to 29 C.F.R. §541.1).

[18] *Id.*

[19] 2005 U.S. Dist. LEXIS 41374, at *3 (S.D. Ohio Sept. 27, 2005).

[20] *Id.* at *7.

[21] *Id.* at *8.

[22] *Id.* at *9.

[23] *Id.*

[24] 2005 U.S. Dist. LEXIS 36292, at *4 (N.D. Ill. Dec. 13, 2005).

employees.[25]  The plaintiff store managers offered an expert report from a former employee of the Wage and Hour Division of the U.S. Department of Labor.[26]  In his report, the plaintiffs' expert opined that the store mangers' "primary duty" was something other than management.[27] The *Perez* court held that the plaintiffs' expert's report consisted of improper legal conclusions that would determine the outcome of the case, and therefore, the court granted the defendant's motion to exclude the expert report.[28]

The report and anticipated testimony of Plaintiffs' expert Farrington suffers from the same defects as in the cases cited above.  Specifically, Plaintiffs would offer Farrington to provide opinion testimony as to the ultimate legal issue in this case—whether Plaintiffs qualify for the administrative or other exemptions under the FLSA.  Farrington summarily concludes in his report that "Plaintiffs did not exercise discretion and independent judgment" and offers the other potentially outcome determinative opinions referenced above.  Farrington's opinion testimony invades the province of the Court and impermissibly advises the factfinder as to the legal conclusions to reach. As such, Farrington's opinion testimony, as well as his report, are inadmissible and should be stricken under Federal Rule of Evidence 702.  As such, Defendants respectfully request that Farrington's report, as well as his testimony, be stricken and excluded.

---

[25] *Id.* at *2.
[26] *Id.* at *3.
[27] *Id.*
[28] *Id.* at *10.

Respectfully submitted:


*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that counsel for Defendants, Farin Khosravi, conferred with counsel for Plaintiffs, Laureen Bagley, on October 28, 2010, regarding the contents of this Motion. Plaintiffs are opposed.


*/s/Farin Khosravi*
Farin Khosravi


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing has been served via electronic mail on this 28th day of October, 2010, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
SLOAN, BAGLEY, HATCHER &
    PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
jsloan@textrialfirm.com
lbagley@sloanfirm.com

Alexander R. Wheeler
Jason Paul Fowler
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA  93534
awheeler@rrexparris.com
jfowler@rrexparris.com

John P. Zelbst
Chandra L. Homes Ray
Zelbst, Holmes & Butler
PO Box 365
Lawton, OK  73502
zelbst@zelbst.com
chandra@zelbst.com

James E. Wren
One Bear Place #97288
Waco, TX  76798
James_Wren@baylor.edu


*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Ellen L. Perlioni
Farin Khosravi