IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs,* | § § | |
| *vs.* | § | NO.   2:08-CV-422 |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC., | § § § § | |
| *Defendants.* | § § | |

# DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXPERT SCOTT D. HAKALA AND MOTION TO STRIKE PORTIONS OF HAKALA'S EXPERT REPORT

Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc.[1] (collectively "Tyler") file their Objections to Plaintiffs' Expert Scott D. Hakala ("Hakala") and Motion to Strike Portions of Hakala's Expert Report, and, in support thereof would show the Court as follows:

## I.   Introduction and Summary

The issue in this lawsuit is whether or not Plaintiffs were properly classified as exempt from the overtime pay requirements of the Fair Labor Standards Act (the "FLSA"). A criteria for meeting the administrative, executive, or the computer employee exemption under the FLSA is that an employee must be compensated on a salary basis at a rate of at least $455 per week.[2]

---

[1] EDP Enterprises, Inc. was purchased by Tyler in September 2007 and is no longer a separate legal entity.

[2] *See* 29 C.F.R. § 541.100 (a) (1) (executive exemption); § 541.200 (a) (1) (administrative exemption); § 541.400 (a) (1) (computer employees exemption). Under the computer employees exemption, an employee may be compensated on a salary fee basis at a rate of not less than $455 per week, or "on an hourly basis at a rate not less than $27.63 an hour." *See* 29 C.F.R. § 541.400 (a) (1).

Plaintiffs designated Hakala as an expert witness in part to "testify regarding the wages earned by Plaintiffs and comparable wages of similar job classifications and those involving more professional and technical positions."[3] In his report, Farrington states:

> …[B]ased on my experience, the salary levels and wage rates reported are customarily associated with less technical and non-managerial employment positions in this industry sector. Professional and technical employees typically earn salaries in the range of $80,000 to $120,000 and receive bonuses of 5% or more on average per annum. Greater skilled and more advanced professional and technical software engineers and managers typically earn even greater levels of compensation.[4]

Tyler objects to this testimony, and the portions of Hakala's expert report devoted to this line of testimony, on the grounds that it is irrelevant to any issue in this case. The "market rate" in supposedly similar positions has nothing to do with whether or not the Plaintiffs in this case qualify for the overtime exemptions under the FLSA.[5]

## II. Arguments and Authorities

Under Federal Rule of Evidence 702, an expert's testimony must be based on a reliable foundation and relevant to the facts and issues in the litigation in order for the testimony to be admissible.[6] Hakala's opinion on what other employees "in this industry sector" earn is irrelevant to the issue of whether or not Plaintiffs meet the salary basis test of the FLSA exemptions as outlined by the DOL regulations. The salary basis test simply requires that an employee to be paid at least $455 per week. Accordingly, Hakala's opinions concerning market ranges of compensation for supposedly similarly situated employees are irrelevant to any issue in the case.

---

[3] Exhibit "1," Plaintiff's Designation of Expert Witnesses, p. 2.
[4] Exhibit "2," Expert Report of Scott D. Hakala, p. 4.
[5] Tyler is only moving to strike those portions of Hakala's report that deal with supposed market ranges for salaries of allegedly similarly situated employees. Tyler is not objecting, or moving to strike, the portions of Hakala's report that concern the damage calculations as to Plaintiffs' overtime claims under the FLSA.
[6] *See also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589090 (1993).

Moreover, Hakala's testimony is unreliable because he has not indicated he has any knowledge of the positions in which Plaintiffs worked to assess whether or not they fall within a particular market range.  In his report, Hakala indicates that he simply reviewed Plaintiffs' Complaint, Tyler's Answer and certain payroll documents.  Hakala does not indicate that he reviewed any deposition testimony or that he has any particular knowledge of Plaintiffs' jobs or their responsibilities.  His generalized testimony as to the supposed "market rate" for employees in the "software" industry generally is therefore without foundation.

Second, Hakala relies on internet sources such as www.ehow.com, www.salary.com, and www.payscale.com to form his opinion that "professional and technical employees typically earn salaries in the range of $80,000 to $120,000."[7]  For example, one of the articles on ehow.com that Hakala relied on states that the median salary of an entry-level software engineer was $55,840 in 2009.[8]  Another article discusses the mean hourly wage of software engineers in Texas.[9]  Other documents Hakala pulled from these internet sources concern national average salaries for Application Systems Architects, Applications Programmers, Business Application Delivery Managers, Client Technologies Managers, and Business Application Delivery Managers.  None of these job titles have any relevance to Plaintiffs in this case as none of the Plaintiffs had any of these job titles during their employment with Tyler.

Accordingly, Tyler hereby objects to Hakala's report and respectfully requests that the Court strike the portions of Hakala's report dealing with testimony concerning "market rates."

---

[7] Exhibit "2," Expert Report of Scott D. Hakala, attachments.
[8] Exhibit "2," Expert Report of Scott D. Hakala, attachment from www.ehow.com dated April 1, 2010.
[9] Exhibit "2," Expert Report of Scott D. Hakala, attachment from www.ehow.com dated May 11, 2010.

Respectfully submitted:

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel for Defendants, Farin Khosravi, conferred with counsel for Plaintiffs, Laureen Bagley, on October 28, 2010, regarding the contents of this Motion. Plaintiffs are opposed.

/s/Farin Khosravi
Farin Khosravi

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served via electronic mail on this 29th day of October, 2010, as follows:

| | |
|---|---|
| John D. Sloan, Jr.<br>Laureen F. Bagley<br>SLOAN, BAGLEY, HATCHER &<br>  PERRY LAW FIRM<br>101 East Whaley Street<br>P.O. Drawer 2909<br>Longview, Texas 75606<br>jsloan@textrialfirm.com<br>lbagley@sloanfirm.com | Alexander R. Wheeler<br>Jason Paul Fowler<br>R. REX PARRIS LAW FIRM<br>42220 10th Street West, Suite 109<br>Lancaster, CA  93534<br>awheeler@rrexparris.com<br>jfowler@rrexparris.com |
| John P. Zelbst<br>Chandra L. Homes Ray<br>Zelbst, Holmes & Butler<br>PO Box 365<br>Lawton, OK  73502<br>zelbst@zelbst.com<br>chandra@zelbst.com | James E. Wren<br>One Bear Place #97288<br>Waco, TX  76798<br>James_Wren@baylor.edu |

/s/ *Paulo B. McKeeby*
Paulo B. McKeeby
Ellen L. Perlioni
Farin Khosravi