## DECLARATION OF TONY DODD

1. My name is Tony Dodd. I reside at 6407 Elkhart Ave. Lubbock, TX 79424. I am over the age of eighteen (18) and am competent to testify to the following from my own personal knowledge and experience.

2. I was employed with Tyler Technologies, Inc. from October 2007 through June 2008, as an Implementation Specialist in Lakewood Colorado. Although I received my work assignments from the Lakewood Colorado office, I primarily worked out of my home in Lubbock, Texas and from client sites and hotels throughout Texas.

3. During the time that I was an Implementation Specialist with Tyler Technologies, Inc. my job duties consisted primarily of assisting customers during the conversion of their existing software to the Tyler Eagle software. This process involved the conversion of the customer's data from their existing software to the new Tyler Eagle software, setting up the software modules and training the customer's employees on the use and operation of the Tyler Eagle software. During the conversion process I would assist with verifying the customer's data after it was converted and set up the various software modules. If there were errors in the converted data I would assist the customer with correcting data errors in their existing data base. I also trained customers how to operate the new software program. I performed my job primarily at the customer's offices where I would remain until the conversion was complete and the customer was up and running on the Tyler Eagle software. I also performed computer hardware installation, in addition to the conversion and training.

4. During the time I worked for Tyler Technologies, Inc. as an Implementation Specialist, I regularly worked an average of 60-80 hours per week. I never worked less than 40 hours per week, unless I was on vacation or took time off for illness. On one occasion, in Ector County, Texas I was required to work two 20 hour days in a row. This was a Sunday and Monday totaling 40 hours before Monday was even over. The total for the week was in excess of 100 hours.

5. Tyler Technologies paid me a salary of $50,000 plus bonuses for each day that I traveled out of town and performed billable work. Tyler Technologies, Inc. did not pay me any additional compensation when I worked more than 40 hours in a week.

I was led to believe that my additional hours over 40 per week would be compensated through the aforementioned "Bonus." In actuality the bonus was calculated through a complicated formula that ultimately relied on a very subjective "performance score." In my case the performance score effectively was used to negate my bonus. Upon hire, I was told that no one ever received a score lower than 85%. My performance was constantly praised by supervisors, peers, and management, however when applied to my bonus for working excessive hours it was applied as 40%. Again this effectively negated the Bonus I was counting on to make up for the additional hours worked.

6. I regularly worked with other Implementation Specialists at Tyler Technologies, Inc. I have personal knowledge that these co-workers customarily and regularly worked more than 40 hours per week.

7. Although I was paid on a salary basis, I was required to report the hours that I worked.

8. From my experience, the job title "Implementation Specialist" was used by Tyler Technologies, Inc. to refer to a group of Tyler Technologies, Inc. employees that shared the same job position and the same job duties as I did.

9. From my experience working as a "Implementation Specialist" with Tyler Technologies, Inc.

**EXHIBIT 31**

out of its Lakewood Colorado office, I have personal knowledge of Tyler Technologies, Inc.'s policies and procedures for compensating its "Implementation Specialists." It was Tyler Technologies, Inc's policy and practice to pay all of its "Implementation Specialists" on a salary basis without additional compensation for time worked over 40 hours per week.

10. From my experience and conversations with other Tyler Technologies, Inc.'s Implementation Specialists that worked out of the Lakewood, Colorado office, I know that these Implementation Specialists performed the same duties as did I and have been subjected to the same compensation policies and practices as I.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed this <u>24th</u> day of <u>March</u> 2009, at <u>Lubbock</u>, <u>Texas</u>.

                                                                                    *Tony Dodd*

**EXHIBIT 31**