**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PATTY BEALL, MATTHEW MAXWELL,** | § | |
| **TALINA MCELHANY AND KELLY** | § | |
| **HAMPTON, individually and on behalf of** | § | |
| **all other similarly situated,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **Vs.** | § | **NO. 2:08-CV-422** |
| | § | |
| **TYLER TECHNOLOGIES, INC. AND** | § | |
| **EDP ENTERPRISES, INC.** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS TYLER TECHNOLOGIES, INC. AND**
**EDP ENTERPRISES, INC.  OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T.**
**FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT**

TO THE HONORABLE T. JOHN WARD:

   Plaintiffs, Patty Beall, Matthew Maxwell, Talina McElhany and Kelly Hampton, individually and

on behalf of all others similarly situated,  file their Response to Defendants Tyler Technologies, Inc.

and EDP Enterprises, Inc. Objections to Plaintiffs' Expert Brian T. Farrington and Motion to Strike

Farrington's Expert Report, and respectfully requests that this court hold a hearing on the

admissibility of Mr. Farrington's opinion, and, after the hearing,  deny Defendants' Motion to Strike

Farrington's Expert Report.

## I. INTRODUCTION & SUMMARY OF ARGUMENT

1.1      Plaintiffs sued Defendants for unpaid wages resulting from Defendants'
misclassification of Plaintiffs under the Fair Labor Standards Act (the "FLSA"). Defendants claim
that they do not owe Plaintiffs any unpaid wages because Plaintiffs are exempt under the
administrative and/or computer professional exemptions of the FLSA.

1.2      Plaintiffs' hired Brian T. Farrington, a former Assistant District Director for the
United States Department of Labor, Wage and Hour Division, to evaluate and provide a professional
opinion "on whether the job duties and responsibilities of the plaintiffs and other employees alleged
to be similarly situated in this case require the exercise of discretion and independent judgment
according to the standards applied by the U.S. Department of Labor, Wage and Hour Division."
(Exhibit "A" Amended Expert Report of Brian T. Farrington, p. 2). Mr. Farrington was employed
with the Department of Labor from 1975 to 1989. (Id.).  From 1975 to 1984, Mr. Farrington worked
as a Compliance Officer (Investigator) in Chicago, Illinois.  (Id.).  His primary duty during this time
was enforcement of the FLSA, and he personally conducted between 500-600 investigations. (Id.).
From 1984 to 1989, Mr. Farrington worked for the Department of Labor as an Assistant District
Director (Director of Enforcement) in Dallas, Texas. (Id.).  During this time, Mr. Farrington
supervised and reviewed the work of 12 to 16 investigators. (Id.).  During his review of the
investigators, Mr. Farrington evaluated whether there was evidence supporting the investigators'
findings and conclusions, and whether the FLSA had been properly applied, including whether
claimed and/or potentially applicable exemptions had been correctly found to be applicable or not.

(Id.). After leaving the Department of Labor, Mr. Farrington went into the private consulting business and provides consulting services to employers regarding FLSA compliance. (Id.).

      1.3      Defendants represent to this Court that Brian Farrington's opinions should be struck because he opines on an ultimate issue, and therefore his opinions are unhelpful to the jury. (Defendant Motion to Strike, p. 1-5). Under the "ultimate issue" rule, experts are prohibited from providing an opinion on an ultimate issue, regardless of whether  the ultimate issue is a fact issue or a legal issue. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239-40 (5th Cir. 1983). Since 1983, however, the Fifth Circuit has recognized that the adoption of *Federal Rule of Evidence 704* in 1974 abolished the overly restrictive  "ultimate issue" rule relied upon by Defendants. *Id.*; Fed. R. Evid. 704, editorial note. Thus, *Federal Rule of Evidence 704* allows experts to offer opinions on ultimate issues of fact. *Id.*  Here, while "the question of whether the Plaintiffs qualify for exemption under the FLSA is an [ultimate] issue of law to be resolved by the trial court...the process will involve hearing evidence and making findings on factual disputes which must be resolved in order to apply the governing criteria,"including whether Plaintiffs's job duties required them to exercise independent judgment and discretion, an ultimate issue of fact. *Goebel v. Colorado*, 1995 U.S. Dist. LEXIS 21472, *24-25, 38-41 (D. Col. 1995).  Despite Defendants' characterization of Mr. Farrington's testimony, the opinion expressed by Mr. Farrington in his report is solely limited to whether Plaintiffs' job duties required them to use independent judgment and discretion—an ultimate issue of fact— and Mr. Farrington does not offer any opinions as to whether Defendants properly classified Plaintiffs as exempt under the administrative or computer professional exception or whether Plaintiffs are entitled to overtime compensation under the FLSA, i.e., ultimate issues of law. (Exhibit "A" Amended Expert Report of Brian T. Farrington, p. 2).  Nevertheless, Defendants

inexplicably ask this Court to ignore over 27 years of Fifth Circuit legal precedent on this exact

issue, and reinstate the abolished "ultimate issue" rule.  (Defendant Motion to Strike, p. 1-5).  For

the reasons stated below, Plaintiffs respectfully request that this Court deny Defendants' Motion to

Strike Brian T. Farrington's Expert Report.

## II. <u>ARGUMENT & AUTHORITIES</u>

2.1     A trial judge must act as a gatekeeper, ensuring that the expert is qualified, and any

and all scientific testimony admitted is helpful to the jury and reliable.  *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993).  A court should allow the opinion testimony of an

expert if it is relevant and helpful to the jury. See Fed. R. Evid. 702.  Expert testimony is relevant

and helpful when the expert's opinion is "sufficiently tied to the facts of the case that it will aid the

jury in resolving a factual dispute."  *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985);

see also, *Daubert*, 509 U.S. at 589-91.

2.2      In the present case, Defendants do not dispute that Mr. Farrington is qualified to

render an opinion on whether Plaintiffs exercised discretion and independent judgment or  that his

opinions are reliable. Instead, Defendant contends that Mr. Farrington's report contains opinions that

go to an ultimate issue, and thus Mr. Farrington's opinions are unhelpful because he merely tells the

jury what opinion to reach. (Defendant Motion to Strike, p. 1-5). As such, Plaintiffs address the sole

issue raised by Defendant: Whether an expert can render an opinion on an ultimate issue?

2.3     *Federal Rule of Evidence 704* abolished the so-so called "ultimate issue" rule.  Fed.

R. Evid. 704, adv. committee note (a); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239-40 (5th Cir.

1983) (citing *United States v. Grote*, 632 F.2d 387, 390 (5th Cir. 1980), cert. denied, 454 U.S. 819).

Under the old "ultimate issue" rule, experts were prohibited from providing an opinion on an ultimate issue—whether the ultimate issue was a fact issue or a legal issue. *Id*. at 240. The reasoning behind the "ultimate issue" rule was that allowing witnesses to opine on an ultimate issue would "'usurp the function' or 'invade the province' of the jury." *Id*. However, the reasoning behind the "ultimate issue" rule "is aptly characterized as 'empty rhetoric.'" Fed. R. Evid. 704, advisory committee note. Indeed, "as the notes to *Rule* 704 point out, the traditional view [under the ultimate issue rule] was unduly restrictive, difficult of application, and generally served only to deprive the trier of fact of useful information." *Owen*, 698 F.2d at 240. Thus, *Rule 704* was amended to provide that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). Although *Rule 704* abolished the "ultimate issue" rule, *Rule 704* does not allow questions which would merely allow the witness to tell the jury what results to reach or allow a witness to give legal conclusions, i.e. an expert witness cannot give an opinion on an ultimate issue of law. Fed. R. Evid. 704(a), adv. committee note; *Owen*, 698 F.2d at 239.

2.4    The task of separating impermissible questions which call for over broad or legal responses is not a facile one. *Owen*, 698 F.2d at 240. Similarly, the task of separating impermissible expert opinions, i.e., opinions on ultimate legal issues, from permissible expert opinions, i.e., opinions on ultimate factual issues, is equally difficult. What is clear, however, is that an expert may opine to ultimate issues of fact. *Id*. at 239; Fed. R. Evid. 704(a). The examples provided in the Advisory Committee Notes to Rule 704 regarding permissible and impermissible questions on an ultimate issue are equally helpful in distinguishing between permissible opinions that go to an ultimate issue of fact and impermissible opinions that go to a an ultimate issue of law:

> "*The question 'Did T have capacity to make a will?' should be excluded. The question 'Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?' is permissible.*"

*Id*. at 240 (quoting Fed. R. Evid. 704(a)).  "The first question is phrased in such broad terms that it could readily elicit a legal as well as a fact based response."  *Id*.  A direct response to the first question, "whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read." *Id*.  Stated differently, the first question merely prompts the expert to provide an opinion on an ultimate issue of law, and is therefore impermissible. *Id*. The second question, however, prompts the expert to provide his opinions on an ultimate issue of fact, a permissible topic for expert opinions. *Id*.

      2.5     In the present case, "while the question of whether an employee is correctly classified as exempt is an issue of law, the nature of the employee's duties and the requirements for the job are factual matters." *Goebel v. Colorado*, 1995 U.S. Dist. LEXIS 21472, *24-25, 38-41 (D. Col. 1995). Thus, the question of whether an employee exercised discretion and independent judgment is an ultimate issue of fact. *Id*.; see also *Barth v. Wolf Creek Nuclear Operating Corp.*, 2002 U.S. Dist. LEXIS 11554, *3  (D. Kan. 2002).  As such, while the question of whether the Plaintiffs qualify for exemption under the FLSA is an issue of law to be resolved by the trial court,  the process will involve hearing evidence and making findings on factual disputes, including whether Plaintiffs exercised independent judgment and discretion during the performance of their job duties, which must be resolved in order to apply the governing criteria. *Id*.

      2.6     Defendants unquestionably mischaracterize the scope of Mr. Farrington's opinions, insinuating Mr. Farrington's opines as to whether Plaintiffs' were properly classified as exempt.

(Defendant Motion to Strike, p. 3). To the contrary, Mr. Farrington's opinion is limited to whether Plaintiffs exercised discretion and independent judgment, and is therefore admissible.  Presumably knowing that the issue of whether Plaintiffs exercised discretion and independent judgment is an ultimate issue of fact, *Goebel v. Colorado*, 1995 U.S. Dist. LEXIS 21472, *24-25, 38-41 (D. Col. 1995); *Barth v. Wolf Creek Nuclear Operating Corp.*, 2002 U.S. Dist. LEXIS 11554, *3  (D. Kan. 2002), Defendants attempt to skirt the issue by citing to cases that support Defendants' argument that "courts consistently preclude expert testimony in FLSA overtime cases on the ultimate issue of an employee's exempt status."  (Defendant Motion to Strike, p. 2-5).   Indeed, Defendants Motion goes on for three pages (over 50% of its brief) about how courts preclude expert testimony on whether an employer properly classified its employee as exempt under the FLSA.  (Defendant Motion to Strike, p. 2-5). Whether "courts consistently preclude expert testimony in FLSA overtime cases on the ultimate issue of an employee's exempt status," however, is irrelevant.  Mr. Farrington is not providing an opinion on whether Plaintiffs were properly classified as exempt,  whether Defendants violated the FLSA, or whether Plaintiffs are entitled to overtime compensation under the FLSA. (See Exhibit "A" Amended Expert Report of Brian T. Farrington).   To do so would be the equivalent of having an expert opine on whether "T had capacity to make a will," and would be an improper opinion on an ultimate issue of law.  See *Owen*, 698 F.2d at 240 (citing Fed. R. Evid. 704, advisory committee notes).   What's more, although Defendants insinuate Mr. Farrington's opines as to whether Plaintiffs' were properly classified as exempt, Defendants admit that Mr. Farrington's opinions are limited to "whether the job duties and responsibilities of the [P]laintiffs . . .require the exercise of discretion and independent judgment."  (Defendant Motion to Strike, p. 2; See also Exhibit "A" Amended Expert Report of Brian T. Farrington, p. 2).  Moreover, it is undisputed that

Mr. Farrington followed the same methodology he utilized while working at the Department of Labor as the Assistant Director of the Wage and Hour Division to determine whether or not the job duties performed by the Plaintiffs required them to use "discretion and independent judgment"—an ultimate issue of fact, and the equivalent to having an expert opine on whether "T had sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?"  See  *Owen*, 698 F.2d at 240 (citing Fed. R. Evid. 704, advisory committee notes).  Laslty, while Mr. Farrington's opinions are necessarily couched in terms applicable to legal standards (i.e., the exercise of discretion and judgment), this does not render his testimony inadmissable. *Id*. at 41 (citing *Zuchel v. City and County of Denver*, 997 F.2d 730, 742-43 (10th Cir. 1993).

2.7     Testimony strikingly similar, if not identical, to Mr. Farrington's has been admitted in numerous cases across the country.  For example, the decisions in *Goebel v. Colorado*, 1995 U.S. Dist. LEXIS 21472, (D. Col. 1995) and *Barth v. Wolf Creek Nuclear Operating Corp.*, 2002 U.S. Dist. LEXIS 11554  (D. Kan. 2002) are instructive in this case.  In *Goebel v. Colorado*, employees of the State of Colorado brought suit claiming that the State improperly classified them as exempt from the overtime requirements of the FLSA. *Id*. at *2. Similar to  the case at hand, the ultimate issue in *Goebel* was whether the plaintiffs were properly classified by the State as exempt under the professional, administrative, and/or executive exemptions established by the FLSA and the regulations adopted pursuant thereto. *Id*. To support their claims that the State improperly classified them as exempt under the FLSA, the plaintiffs hired two former employees of the Department of Labor to review their job duties and to opine on whether these job duties [met] exemption criteria

established by the regulations, including whether the plaintiffs exercised judgment and discretion. *Id*. at \*38-39. Like the Defendants in the present case, the State filed motions to strike, arguing that it would be inappropriate to allow the experts to render opinions on the ultimate legal questions. *Id*. at \*39. The Court denied the State's Motion to Strike, holding that the experts testimony was limited to ultimate factual issues and Federal Rule of Evidence 704(a) allowed such testimony. *Id*. at \*39-40.

2.8     Moreover, in *Barth v. Wolf Creek Nuclear Operating Corp.*, the plaintiffs sued the defendant corporation for violations of the Fair Labor Standards Act, and moved to strike the corporation's expert witness.   2002 U.S. Dist. LEXIS 11554, \*1-2 (D. Kan. 2002). The plaintiffs expected the defense expert to testify that plaintiffs used discretion in their everyday work activities. *Id*. at \*3. Like the Defendants in the case at hand, the plaintiffs in *Barth* sought to exclude the corporation's expert, arguing that allowing the expert to testify that plaintiffs used discretion and independent judgment would "encroach upon the province of the trier of fact, and [was] not necessary." *Id*. The court denied the plaintiff's motion to strike, holding that Federal Rule of Evidence 704(a) allowed the expert to opine on an ultimate issue of fact [i.e., whether or not the plaintiffs exercised discretion and independent judgment] and that the expert testimony was helpful. *Id*. at \*3-4.

2.9     In summary, Defendants' objections to Mr. Farrington's expert report and testimony have been raised, considered, and rejected by numerous courts.  Mr. Farrington's opinion is limited to the ultimate fact issue of whether Plaintiffs exercised discretion and independent judgment in performing their job duties for Defendants, and  is admissible under Federal Rule of Evidence 704(a).   His testimony is sufficiently tied to the facts of the case and it will aid the jury in resolving a factual dispute, namely whether Plaintiffs exercised discretion and independent judgment while

performing their job duties for Defendants.  Moreover, his testimony explains the job duties of the Plaintiffs, and the standards and processes used by the Department of Labor in analyzing  and evaluating whether an employee exercises discretion and independent judgment under the FLSA. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike.


## VI.  REQUEST FOR HEARING

4.1     Plaintiff respectfully requests that this Court set this motion for a hearing before April 4, 2010, which is the date set for trial.


## V. CONCLUSION

4.2     Defendants' Motion to Strike is unsupported by the Federal Rules of Evidence and mischaracterizes Mr. Farrington's opinion.  His testimony is helpful to the trier of fact, and is not otherwise objectionable merely because "it embraces an ultimate issue to be decided by the trier of fact."  Fed. R. Evid. 704(a).  Accordingly, the Defendants' Motion to Strike must be denied.


## F.  PRAYER FOR RELIEF

33.     For these reasons, Plaintiff asks the court to set this motion for a hearing and, after the hearing, overrule Defendant's objections and permit Plaintiff's expert, Brian T. Farrington, to give expert testimony at trial regarding whether Plaintiffs' work responsibilities required the use of discretion and independent judgment.

Respectfully submitted,

Sloan, Bagley, Hatcher & Perry
Law Firm


 /s/ Laureen F. Bagley
John D. Sloan, Jr.
State Bar No. 18505100
jsloan@textrialfirm.com
Laureen F. Bagley
State Bar No. 24010522
lbagley@textrialfirm.com
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
(903) 757-7000
(903) 757-7574 (Fax)

Alexander R. Wheeler
awheeler@rrexparris.com
Jason Paul Fowler
jfowler@rrexparris.com
R. REX PARRIS LAW FIRM
42220 10TH Street West, Suite 109
Lancaster, CA 93534-3428
(661) 949-2595
(661) 949-7524 (Fax)

John P. Zelbst
zelbst@zelbst.com
Chandra L. Holmes Ray
chandra@zelbst.com
ZELBST, HOLMES & BUTLER
P.O. Box 365
Lawton, OK 73502-0365
(580) 248-4844
(580) 248-6916 (Fax)

James E. Wren
Texas State Bar No. 22018200
James_Wren@baylor.edu
One Bear Place #97288

Waco, Texas 76798-7288
(254) 710-7670
(254) 710-2817 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of November, a true and correct copy of this document was sent via electronic mail to the following:

Paulo B. McKeeby
Ellen L. Perlioni
Farin Khosravi
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201-7347

Deron R. Dacus
*Ramey & Flock P.C.*
100 East Ferguson, Suite 500
Tyler, TX 75702

By: /s/ Laureen F. Bagley
LAUREEN F. BAGLEY