Freedom Court Reporting, Inc    1

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF TEXAS
 2                      MARSHALL DIVISION

 3   PATTY BEALL, MATTHEW          )
     MAXWELL, DAVID GRAVLEY,       )
 4   TALINA MCELHANY, KELLY        )
     HAMPTON, KEVIN TULLOS,        )
 5   CASEY BROWN, JASON BONNER,    )
     ANTHONY DODD, ILENE           )
 6   MEYERS, TOM O'HAVER, JOY      )
     BIBLES, DON LOCCHI AND        )
 7   MELISSA PASTOR,               )
     Individually and on behalf    ) CIVIL ACTION
 8   of all others similarly       )
     situated,                     ) NO.: 2:08-CV-422 TJW
 9                                 )
                PLAINTIFFS,        )
10                                 )
     VS.                           )
11                                 )
                                   )
12   TYLER TECHNOLOGIES, INC.      )
     AND EDP ENTERPRISES, INC.,    )
13                                 )
                DEFENDANTS.        )
14

15        ------------------------------------

16               ORAL DEPOSITION OF

17                 MELANIE BAIRD

18                 APRIL 26, 2010

19        ------------------------------------

20

21      ORAL DEPOSITION OF MELANIE BAIRD, produced as a
     witness at the instance of the DEFENDANTS, and duly
22   sworn, was taken in the above-styled and numbered cause
     on the 26th day of April, 2010, from 1:22 p.m. to
23   4:30 p.m., before Elaine Fowler, CSR in and for the
     State of Texas, reported by machine shorthand, at the
24   offices of Cathy Sosebee & Associates, 901 Mac Davis
     Lane, Lubbock, Texas, pursuant to the Federal Rules of
25   Civil Procedure and the provisions stated on the record
     or attached hereto.
```

Q. So when you are on-site training a client you are actually sitting beside or near the user on their computer screen showing them?
A. Yes.
Q. And when you are doing it by phone, are you logged onto the client's computer to show them this? I am trying to envision how you actually trained when you are remote.
A. When we had the opportunity to do it, we would connect to their computers. Sometimes they would have IT stuff that would not let us do that.
Q. So when you were not able to remote in, how did you train them by phone?
A. I would actually have their screen pulled up on my screen and just say, you know, in the upper right-hand corner you see this, you know, if you look below that you see this and if you look to the left you see that, just guide them the best you could.
Q. What training did Tyler Technologies provide for you in the beginning when you first became an implementation specialist?
A. None.
Q. How did you know how to do your job as an implementation specialist when you first became one?
A. I learned as I went. They would give me a task

```
 1   and I would just have to learn how to do it.
 2        Q.   So day one when you first became an
 3   implementation specialist, did somebody send you to a
 4   client site and say, Ms. Baird, go and train them on --
 5   name a software, I don't know, INCODE -- is that how it
 6   happened?
 7        A.   No.
 8        Q.   Okay.  So what was done by Tyler to prepare you
 9   for your first trip out to a client's site to be able to
10   train them?
11        A.   I waited -- I didn't have any formal training.
12        Q.   And I am not limiting my question to any formal
13   training.  Me, Farin Khosravi, sitting here today, I am
14   trying to understand how you did your job as an
15   implementation specialist with not having any
16   background.  So when you went in as an implementation
17   specialist, did you already have an understanding of how
18   INCODE functioned?
19        A.   Functioned in which way?
20        Q.   Functioned in any way.  Were you familiar with
21   INCODE from previous jobs, from previous training, from
22   previous positions you had with the company?
23        A.   I mean, I knew how the software worked from
24   working in support.
25        Q.   Let's go back to that then.  Before you became
```

```
 1   became an implementation specialist?
 2        A.   Yes.
 3        Q.   Were you ever sent to a client's site with
 4   other implementations specialists to kind of learn what
 5   to do as a specialist?
 6        A.   No.
 7        Q.   Any other training you received before you went
 8   out to the job site to teach other clients -- or train
 9   them?
10        A.   On the Audiotel software, I actually traveled
11   to their company to receive training on their software.
12        Q.   And Audiotel was an old software from which
13   your clients were trying to convert to INCODE?
14        A.   No.  That was that check reading software I was
15   explaining earlier.
16        Q.   And was Tyler selling that to clients?  I am
17   trying to understand who did what.
18        A.   Yes, Tyler sold that to clients.  They were
19   partnered with that company.
20        Q.   I see.  So Audiotel was one software.  INCODE
21   was another software?
22        A.   Uh-huh.
23        Q.   Any other software you were involved in
24   training customers with?
25        A.   I took training for Laserfiche, but I did not
```

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
 2                     MARSHALL DIVISION

 3   PATTY BEALL, MATTHEW        )
     MAXWELL, DAVID GRAVLEY,     )
 4   TALINA MCELHANY, KELLY      )
     HAMPTON, KEVIN TULLOS,      )
 5   CASEY BROWN, JASON BONNER,  )
     ANTHONY DODD, ILENE         )
 6   MEYERS, TOM O'HAVER, JOY    )
     BIBLES, DON LOCCHI AND      )
 7   MELISSA PASTOR,             )
     Individually and on behalf  ) CIVIL ACTION
 8   of all others similarly     )
     situated,                   ) NO.: 2:08-CV-422 TJW
 9                               )
                    PLAINTIFFS,  )
10                               )
     VS.                         )
11                               )
     TYLER TECHNOLOGIES, INC.    )
12   AND EDP ENTERPRISES, INC.,  )
                                 )
13                               )
                    DEFENDANTS.  )
14

15              REPORTER'S CERTIFICATION

16           DEPOSITION OF MELANIE BAIRD

17                  APRIL 26, 2010

18       I, Elaine Fowler, Certified Shorthand Reporter in

19   and for the State of Texas, hereby certify to the

20   following:

21       That the witness, MELANIE BAIRD, was duly sworn by

22   the officer and that the transcript of the oral

23   deposition is a true record of the testimony given by

24   the witness;

25
```

```
 1        That the deposition transcript was submitted on
 2   May 7, 2010 to the witness or to the attorney for the
 3   witness for examination, signature and return to me by
 4   _____;
 5
 6        That the amount of time used by each party at the
 7   deposition is as follows:
 8   MS. FARIN KHOSRAVI - 2 hours 51 minutes
 9   MS. CHANDRA HOLMES RAY - 7 minutes
10        That pursuant to information given to the
11   deposition officer at the time said testimony was taken,
12   the following includes counsel for all parties of
13   record:
14   MS. CHANDRA L. HOLMES RAY, Attorney for Plaintiffs
15   MS. FARIN KHOSRAVI, Attorney for Defendants
16
17        That $_____ is the deposition officer's
18   charges to the Defendants for preparing the original
19   deposition transcript and any copies of exhibits;
20
21        I further certify that I am neither counsel for,
22   related to, nor employed by any of the parties or
23   attorneys in the action in which this proceeding was
24   taken, and further that I am not financially or
25   otherwise interested in the outcome of the action.
```

1   Certified to by me this 7th day of May, 2010.

2

3

4
 _____
 ELAINE FOWLER, CSR, No. 5881
5  Expiration Date:  12/31/2011

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25