IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs,* | § § | |
| *vs.* | § § | NO.    2:08-CV-422 |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC., | § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT

In response to Defendant's Motion to Strike Farrington's Expert Report ("Defendants' Motion"), Plaintiffs make the erroneous contention that expert testimony in FLSA misclassification cases is admissible under Rule 702 unless the expert expressly opines that (1) an employer misclassified its employees as exempt employees, or that (2) an employer owes its employees overtime compensation.[1]   The cases relied on by Defendants in fact hold that an expert's testimony that particular job duties do not meet the requirements of the FLSA exemptions is precisely the kind of legal conclusion that is prohibited by the Federal Rules of Evidence.   Plaintiffs' expert, Farrington, is not an expert as to the job duties performed by software personnel.  To the contrary, Farrington has a background with the Department of Labor, and his opinion testimony as to what does or does not constitute independent judgment and discretion as to matters of significance is an inadmissible legal conclusion.

---

[1] *See* Plaintiff's Response to Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc. Objections to Plaintiffs' Expert Brian T. Farrington and Motion to Strike Farrington's Expert Report, ¶ 2.6.

**DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 1**

As Plaintiffs acknowledge, Farrington opines on whether the duties of Plaintiffs involved the exercise of discretion and independent judgment—one of the elements of the administrative exemption under the FLSA[2]  In *Perez v. Radioshack*, which involved the executive exemption under the FLSA, this was the precise issue before the court—whether an expert may testify on one of the elements of the executive exemption under the FLSA.[3]  In *Perez*, the plaintiff's expert did not opine as to whether or not the employees were misclassified, whether or not they qualified for the executive exemption, or whether Radioshack owed them overtime pay.  In fact, similar to Farrington, the expert witness in *Perez* opined that the Radioshack store managers did not have management—a required element of the executive exemption—as their primary duty.[4]  In opposing Radioshack's motion to strike, the plaintiffs in *Perez* made the same argument urged by Plaintiffs here—that the expert "nowhere states that RadioShack violated the FLSA, or that … store managers are entitled to overtime pay."[5]  The court rejected this argument and held that "the mere fact that [the expert] does not expressly state as much does not preclude a finding that he has opined on that legal issue."[6]  The court thus recognized that testimony as to whether the employees' primary duty was management was in fact no different than testimony as to legal conclusions about liability under the FLSA.

Similarly, in *Henry v. Quicken Loans, Inc.*, contrary to Plaintiffs' assertion, the Plaintiff's expert witness did not opine on whether the employees were misclassified under the administrative exemption.[7]  Rather, the plaintiff's expert testified that the mortgage broker plaintiff's job functions were the same or similar as those of loan officers classified in the

---

[2] Exhibit "1," Plaintiff's Designation of Expert Witnesses, p. 2.
[3] No. 02 C 7884, 2005 U.S. Dist. LEXIS 36292, at *7 (N.D. Ill. Dec. 13, 2005).
[4] *Perez*, 2005 U.S. Dist. LEXIS 36292, at *7.  Farrington himself agrees that by providing this opinion in his report, he is "analyzing one particular element of the exemption," and that he is testifying that one particular element of the exemption, exercise of discretion and independent judgment, is not met.  Exhibit "4," Farrington Depo. p. 37:7-23.
[5] *Perez*, 2005 U.S. Dist. LEXIS 36292, at *9.
[6] *Id.*
[7] No. 2:04-cv-40346, 2009 U.S. Dist. LEXIS 90126, at *19 (E.D. Mich. Sept. 30, 2009).

**DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 2**

Department of Labor's Occupational Informational Network "who spend the majority of their time engaged in work activities such as 'making decisions and solving problems,'" among many other functions.[8]  The court excluded this testimony as an inadmissible legal conclusion.[9]

Finally, in *Cowan v. Treetop*, the expert's opinion was not that the managers were misclassified as exempt or that they were owed overtime compensation.[10]  Rather, the expert's opinion was that "the unit manager is 'primarily responsible for the profitable operation of the restaurant.'"[11]  The court held that "the term 'primary responsibility' has a distinct legal meaning under FLSA regulations."[12]  In concluding that the expert's opinion should be excluded, the court stated that it must "determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.  If they do, exclusion is appropriate..."[13]  The requirement of "exercise of discretion and independent judgment" similarly has distinct and specialized meaning in the law.  Not only is "exercise of discretion and independent judgment" one of the elements required for an employee to be classified as an exempt administrative employee,[14] the phrase "discretion and independent judgment" itself is further defined in the regulations.[15]  Whether a particular job performed by an employee involves the "exercise of discretion and independent judgment" therefore is a distinctly legal question.[16]

Plaintiffs admit that "Mr. Farrington's opinions are necessarily couched in terms

---

[8] *Id.*
[9] *Id.* at *19-20.
[10] 120 F. Supp. 2d 672, 681 (M.D. Tenn. 1999).
[11] *Id.*
[12] *Id.* at 684.
[13] *Id.* (citing *Torres v. City of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985)).
[14] 29 C.F.R. § 541.200 (2004).
[15] 29 C.F.R. § 541.202 (2004).
[16] *See, e.g., In re Farmers Ins. Exch.*, 481 F.3d 1119, at *1122 (9th Cir. 2007) (the Ninth Circuit disagreed "with the district court's **legal conclusion**, quoting the language of the regulations, that an automobile damage adjuster's primary duties 'require the use of skills in applying techniques, procedures and specific standards, not the use of discretion and independent judgment.'") (emphasis added).

**DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 3**

applicable to legal standards (i.e., the exercise of discretion and judgment.)"[17]  Similar to *Cowan*, *Perez*, and *Quicken Loans*, Farrington's opinions should be excluded because they draw directly on the language of the FLSA's regulation, and do nothing more than tell the finder of fact what conclusion to reach.  In fact, Farrington himself admits that, by providing his opinion in his report, he is "analyzing one particular element of the exemption,"[18] and that he is testifying that, in his opinion, one particular element of the exemption, exercise of discretion an independent judgment, is not met.  Whether an employee falls under the FLSA administrative employee exemption from overtime benefits is a question of law.[19]  Therefore, Farrington's testimony that one element of the administrative exemption is not met, does nothing more than tell the fact finder what legal conclusion to reach.

In *Barth v. Wolf Creek*, one of the cases cited by Plaintiffs, the plaintiffs who objected to the expert testimony had conceded that "the opinions of Mr. Mathis ...may be helpful to a fact finder in concluding whether or not the [p]laintiffs were exempt or non-exempt."[20]  Unlike, *Barth*, however, there is no such concession by Defendants where, in fact, Farrington's testimony is unhelpful and it merely tells the fact finder what conclusion to reach with respect to an element of the administrative exemption.  Furthermore, contrary to Plaintiff's assertion,

---

[17] *See* Plaintiff's Response to Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc. Objections to Plaintiffs' Expert Brian T. Farrington and Motion to Strike Farrington's Expert Report, ¶ 2.6.

[18] Exhibit "4," Farrington Depo. p. 37:7-23.  Plaintiffs cite to *Zuchel v. City and County of Denver*, 997 F.2d 730, 742-43 (10th Cir. 1993) for the proposition that although "Farrington's opinions are necessarily couched in terms applicable to legal standards ..., this does not render Farrington's testimony inadmissible." *See* Plaintiff's Response to Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc. Objections to Plaintiffs' Expert Brian T. Farrington and Motion to Strike Farrington's Expert Report, ¶ 2.6.  *Zuchel* is distinguishable.  In *Zuchel*, survivors of the decedent sought damages for the death of their sons that they alleged was caused by a police officer's unconstitutional use of excessive force.  997 F.2d. at 733.  The court held that the testimony of the survivor's expert witness, Mr. Fyfe, that the shooting officer's conduct was inappropriate based on his understanding of generally accepted police custom and practice in Colorado, was admissible.  *Id.* at 741.  "Fyfe did not give an opinion on whether [the shooting officer's] conduct was unconstitutional." *Id.* at 742.  Therefore, the court held that Mr. Fyfe's expert testimony was properly admitted because the testimony did not direct the jury's understanding of legal standards of state or constitutional law.  *Id.*

[19] *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

[20] No. 97-4174-SAC, 2002 U.S. Dist. LEXIS 11554, at *4 (D. Kan. June 19, 2002).

**DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 4**

neither *Barth* nor *Goebel v. State of Colorado* states that "the question of whether an employee exercised discretion and independent judgment is an ultimate issue of fact."[21]

Farrington's opinion and testimony invade the province of the Court and impermissibly merely tells the factfinder the conclusion to reach.  Therefore, Defendants respectfully request that Farrington's report, as well as his testimony, be stricken and excluded.

---

[21] *See* Plaintiff's Response to Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc. Objections to Plaintiffs' Expert Brian T. Farrington and Motion to Strike Farrington's Expert Report, ¶ 2.5.

**DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 5**

Respectfully submitted:


/s/ Paulo B. McKeeby
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

**DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T. FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 6**

DB1/66077129.4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via electronic mail on this 29th day of November, 2010, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
SLOAN, BAGLEY, HATCHER &
   PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
jsloan@textrialfirm.com
lbagley@sloanfirm.com

Alexander R. Wheeler
Jason Paul Fowler
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA  93534
awheeler@rrexparris.com
jfowler@rrexparris.com

John P. Zelbst
Chandra L. Homes Ray
Zelbst, Holmes & Butler
PO Box 365
Lawton, OK  73502
zelbst@zelbst.com
chandra@zelbst.com

James E. Wren
One Bear Place #97288
Waco, TX  76798
James_Wren@baylor.edu

/s/ Paulo B. McKeeby
Paulo B. McKeeby
Ellen L. Perlioni
Farin Khosravi

DEFENDANTS' REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXPERT BRIAN T.
FARRINGTON AND MOTION TO STRIKE FARRINGTON'S EXPERT REPORT - PAGE 7

DB1/66077129.4