IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all other similarly situated; | § § § § § | |
| Plaintiffs, | § | 2:08-cv-422 TJW |
| | § § § | |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. | § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

Tyler Technologies, Inc. and EDP Enterprises, Inc. (collectively "Tyler") respectfully move this Court to dismiss the claims of opt-in Plaintiffs Edward David ("David") and Kim Huynh ("Huynh") in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Tyler also moves this court to dismiss Huynh's claims under Rule 37(d) of the Federal Rules of Civil Procedure due to her failure to appear at her scheduled deposition. In support of this motion, Tyler states as follows:

### I. PROCEDURAL BACKGROUND

On October 31, 2008, Plaintiffs filed this purported collective action under section 216(b) of the Fair Labor Standards Act ("FLSA") wherein the named and opt-in Plaintiffs allege they were misclassified as exempt employees and were improperly denied overtime compensation. On June 23, 2009, this Court conditionally certified this suit as a collective action and authorized

issuance of notice. On April 6, 2009, Huynh filed her consent to opt-in to the lawsuit.[1] On August 24, 2009, David filed his consent to opt-in to the lawsuit.[2] Under the Court's scheduling order, the discovery deadline is January 28, 2011, and the deadline for filing dispositive motions is January 5, 2011.[3]

## II. ARGUMENTS AND AUTHORITY

### A. Standard for Dismissal under Rules 37(d) and 41(b)

It is well established that federal district courts have the power and authority to impose reasonable and appropriate sanctions, including dismissal, for failure to participate in the discovery process.[4] Specifically, Rule 37(d) of the Federal Rules of Civil Procedure provides sanctions for a party who fails to attend a deposition after proper notice. A deponent who realizes he/she cannot appear at his/her scheduled deposition has the burden, under Rule 30 of the Federal Rules of Civil Procedure, to obtain an order postponing the deposition.[5] If such actions are not taken, the deponent has a duty to appear at a scheduled deposition.[6]

The Fifth Circuit has upheld dismissals based on a plaintiff's failure to attend a scheduled deposition. For example, in *Kabbe v. Rotan Mosle, Inc.*, the court upheld a district court's decision to dismiss a suit with prejudice after the plaintiff failed to attend her deposition.[7] Similarly, in *Bonaventure v. Butler*, the court upheld dismissal of a suit because the plaintiff failed to comply with a discovery order requiring appearance at a deposition.[8] Sanctions under

---

[1] *See* Exhibit "A," Huynh's consent to opt-in.
[2] *See* Exhibit "B," David's consent to opt-in.
[3] *See* Dkt. No. 86, Docket Control Order issued on December 8, 2009.
[4] *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).
[5] *Hare v. Gov't Emps. Ins. Co.*, 132 F.R.D. 448, 450 (E.D. Tex. 1990) (citing *Fisher v. Henderson*, 105 F.R.D. 515, 517 (N.D. Tex. 1985).
[6] *Id.*
[7] 752 F.2d 1083, 1084 (5th Cir. 1985).
[8] 593 F.2d 625, 626 (5th Cir. 1979).

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 2**

Rule 37(d) of the Federal Rules of Civil Procedure, however, do not require the violation of a court order.[9] Specifically, in *Dorey v. Dorey,* the court stated that, upon application or motion, the court can impose the sanctions authorized under Rule 37(d).[10]

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a plaintiff's claims for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure or for failure to comply with any order of the court. Rule 41(b) gives courts the power to dismiss an action "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[11]

## B. David Should Be Dismissed From This Lawsuit Due To His Failure To Participate In The Discovery Process And For His Failure To Prosecute

David's claims should be dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure due to his failure to participate in the discovery process and to continue to prosecute his claims. Dismissal under Rule 41(b) is appropriate because David has demonstrated a complete lack of interest in prosecuting his claims against Tyler. David has been inaccessible to his attorneys for the past seven months, making it impossible for his attorneys to communicate with him about scheduling his deposition.

On May 18, 2010, Tyler's counsel proposed a date for the deposition of David.[12] On May 21, 2010, Tyler served Plaintiffs' counsel with a deposition notice scheduling David's deposition for June 4, 2010.[13] Due to his unavailability, the deposition was cancelled and Tyler was unable to depose David on that date.

---

[9] *Dorey v. Dorey,* 609 F.2d 1128, 1135 (5th Cir. 1980).
[10] *Id.*
[11] *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962).
[12] *See* Exhibit "C," e-mail from defense counsel, Paulo McKeeby dated May 18, 2010.
[13] *See* Exhibit "D," Notice of Deposition for Edward David.

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 3**

On June 1, 2010, defense counsel again requested to depose David, this time on July 8, 2010.[14] Plaintiffs' counsel replied that she had been unable to reach David due to his military obligation and could not produce him on the proposed date.[15] Following another request from defense counsel, Plaintiffs' counsel stated that she was not sure of David's location and that she suspected that he may be deployed overseas.[16]

Counsel for Tyler remained diligent in following up and attempting to secure a deposition date for David.[17] In August 2010, Tyler's counsel, on three separate occasions, inquired of Plaintiffs' counsel whether she had been able to reach David to secure a deposition date for him or to determine whether he intends to continue to participate in the lawsuit.[18] On September 2, 2010, Plaintiffs' counsel's office informed Tyler's counsel that they had sent David a letter asking him to contact their office if he wished to withdraw from the lawsuit.[19] Still trying to secure a deposition date for David, on October 14, 2010, Tyler's counsel e-mailed Plaintiffs' counsel asking if they had been able to contact David.[20] On October 20, 2010, Plaintiffs' counsel informed Tyler's counsel that David remained unavailable.[21]

As evidenced by the repeated inquiries from Tyler's counsel requesting deposition dates for David, Tyler has been diligent in attempting to secure David's deposition for the past seven

---

[14] *See* Exhibit "E," e-mail from defense counsel, Paulo McKeeby, dated June 1, 2010.
[15] *See* Exhibit "F," e-mail from Plaintiffs' counsel, Laureen Bagley, stating she has been unable to reach David because he is serving in the military.
[16] *See* Exhibit "G," e-mail correspondence between Paulo McKeeby and Laureen Bagley related to David's whereabouts and securing a deposition date.
[17] *See* Exhibit "H," e-mail correspondence dated June 28, 2010 between Paulo McKeeby and Laureen Bagley summarizing a phone conversation where Plaintiffs' counsel admitted her office was unable to contact David but would continue efforts to contact him.
[18] *See* Exhibit "I," e-mail from Paulo McKeeby dated August 4, 2010; e-mail from Paulo McKeeby dated August 25, 2010; and an e-mail from Paulo McKeeby dated August 31, 2010 asking Plaintiffs' counsel about the status of David.
[19] *See* Exhibit "J," e-mail from Claudia Martinez dated September 2, 2010.
[20] *See* Exhibit "K," e-mail from Paulo McKeeby dated October 14, 2010.
[21] *See* Exhibit "L," e-mail from Plaintiffs' counsel's paralegal, Rose Feazell, dated October 20, 2010.

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 4**

months. David's own counsel has been unable to reach him. David has demonstrated a complete lack of interest in pursuing his claims in this lawsuit, as evidenced by the fact that he has been out of contact with his attorneys for at least the past seven months.

The discovery deadline in this matter is fast approaching and, based on the failed attempts to contact David, it is unlikely that Tyler will be able to depose him before discovery closes. As such, Defendants respectfully move this court to dismiss David's claims for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. It would be unfairly prejudicial to Tyler's right to defend against David's claims without having the opportunity to depose him and complete discovery of his allegations. Because all dispositive motions are due on January 5, 2011, prior to the close of the discovery period, Tyler cannot wait any longer in hopes that David may appear and contact his attorneys. Accordingly, Tyler respectfully requests this that the Court grant its motion to dismiss David's claims for want of prosecution.

C. **Plaintiff Huynh Should Be Dismissed From This Lawsuit Due To Her Failure To Attend Her Scheduled Deposition, Participate In The Discovery Process And For Failure To Prosecute**

Huynh also has failed to participate in the discovery process and to prosecute her claims. In June 2010, Tyler's counsel began requesting dates for Huynh's deposition.[22] In August 2010, Defendants again inquired about dates for Huynh's deposition.[23] In September 2010, Plaintiffs' counsel's office advised Tyler that they had not heard from Huynh.[24] In October 2010, Tyler

---

[22] *See* Exhibit "H," e-mail from Paulo McKeeby dated June 28, 2010.
[23] *See* Exhibit "I," e-mail from Paulo McKeeby dated August 25, 2010.
[24] *See* Exhibit "J," e-mail from Claudia Martinez dated September 2, 2010.

DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 5

again requested dates on which to schedule Huynh's deposition.[25] Plaintiffs' counsel, on October 20, 2010, advised they would attempt to schedule Huynh's deposition.[26]

On November 3, 2010, Defendants served Huynh with a deposition notice for November 10, 2010.[27] Huynh failed to attend her scheduled deposition and did not contact her attorneys to inform them that she would not attend.[28] In fact, in an e-mail dated October 26, 2010, Plaintiffs' counsel informed Defendants that Huynh "has moved and we are unable to reach her through any contact information we have."[29] Because Huynh has not contacted her attorneys and has not provided them with her contact information, it is highly unlikely that Tyler will be able to depose her before the January 28, 2011 discovery deadline.

Dismissal is appropriate because Huynh has failed to attend her scheduled deposition, and, despite numerous attempts by her attorneys to reach her to schedule a deposition date, she has failed to contact her attorneys. Rule 37(d) of the Federal Rules of Civil Procedure specifically authorizes sanctions, including dismissal of the lawsuit, for this type of disregard for the discovery process. Dismissal, a sanction authorized under Rules 37(d) and 41(b), is warranted because Huynh has demonstrated a complete lack of interest in this lawsuit through her failure to appear for depositions and participate in the discovery process.

### III. CONCLUSION

For the foregoing reasons, Tyler respectfully moves this Court to dismiss Huynh's claims due to her failure to appear at her scheduled deposition. Additionally, Tyler respectfully moves this Court to dismiss both David's and Huynh's claims due to their failure to respond to repeated

---

[25] *See* Exhibit "K," e-mail from Paulo McKeeby dated October 14, 2010.
[26] *See* Exhibit "L," e-mail from Rose Feazell dated October 20, 2010.
[27] *See* Exhibit "M," Notice of Deposition of Ms. Kim Huynh.
[28] *See* Exhibit "N," Certificate of Non-Appearance.
[29] *See* Exhibit "O," e-mail from Laureen Bagley dated October 26, 2010.

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 6**

requests by their own counsel to schedule their depositions, and for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Both Plaintiffs have failed to keep their attorneys apprised of their whereabouts thereby making themselves inaccessible to Tyler to depose them and thereby obstructing the discovery process.

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 7**

Respectfully submitted:

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 8**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendants conferred with counsel for Plaintiffs on December 23, 2010, regarding the contents of this Motion. Plaintiffs are opposed.

/s/Farin Khosravi

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via the Court's ECF system on this 23rd day of December 2010, on the following:

John D. Sloan, Jr.
Laureen F. Bagley
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
jsloan@textrialfirm.com
lbagley@textrialfirm.com

John P. Zelbst
Chandra L. Homes Ray
Zelbst, Holmes & Butler
PO Box 365
Lawton, OK 73502
zelbst@zelbst.com
chandra@zelbst.com

Alexander R. Wheeler
Jason Paul Fowler
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA 93534
awheeler@rrexparris.com
jfowler@rrexparris.com

James E. Wren
One Bear Place #97288
Waco, TX 76798
James_Wren@baylor.edu

/s/ Paulo B. McKeeby
Paulo B. McKeeby

DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT – PAGE 9