IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, ET AL.,<br>Individually and on behalf of all others<br>similarly situated;<br>Plaintiffs,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC. AND EDP<br>ENTERPRISES, INC.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2-08-CV-422 (TJW) |

## ORDER

Pending before the Court is the Joint Motion for Order Approving Partial Settlement (Dkt. No. 129) filed by Defendants and Cecilia Alvarado, Sara Balmos, Patricia Beall, Casey Brown, Kyle Collegian, Ingrid Crumbley (Johnson), Guyla Downing, Edwin Francis, Diana Hudman, Brenda Labay, Joshua Leyva, Tami Lynn Maben, James McMann, Suzanne, Thompson-O'Rear, Matthew Ross, Mary Rudolf, David Turner, Nancy Butterbaugh, Robert Ledbetter, Melissa Pastor, Arthur Chang, David Gravely, Matthew Maxwell and Scott Harriman (collectively the "Settling Plaintiffs"). The motion moves the Court to approve the parties' settlement agreement and to enter a final judgment. Having considered the issues presented, the Court hereby GRANTS the Motion.

As background, Plaintiffs Patty Beall, Matthew Maxwell, David Gravley, Talina McElhany, Kelly Hampton, Casey Brown, Jason Bonner, Kevin Tullos, Anthony Dodd, Ilene Meyers, Tom O'Haver, Joy Bibles, Don Locchi and Melissa Pastor (collectively the "named plaintiffs") sued Tyler Technologies, Inc. and EDP Enterprise, Inc. In the complaint, the named plaintiffs alleged that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay overtime for hours worked in excess of forty hours in a work

1

week. The case was certified as a collective action and notice issued. Several individuals filed consents to join the action, including a number of the Settling Plaintiffs.

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.,* 450 U.S. 728, 739 (1981). The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. If the settlement reflects "a reasonable compromise over issues," the court may approve it. *Id.* at 1354.

In this case, there are genuine disputes over whether the FLSA applies to the Settling Plaintiffs and the amount, if any, of overtime pay and attorney's fees due. This court has reviewed the settlement agreement and finds that the amount to be paid to the Settling Plaintiffs and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable. This court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA. The motion for approval is GRANTED. The claims of the Settling Plaintiffs, pursuant to the parties' settlement, are hereby dismissed with prejudice.

It is so ORDERED.
SIGNED this 28th day of December, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

2