IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all other similarly situated; | § § § § § | |
| Plaintiffs, | § § | 2:08-cv-422 TJW |
| | § § § | |
| TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. Defendants. | § § § | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER
THE FLSA AND BRIEF IN SUPPORT**

Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc. (collectively "Tyler" or "Defendants") file this Motion for Partial Summary Judgment on the issue of willfulness under the Federal Labor Standards Act (the "FLSA") and, in support thereof, would respectfully show as follows:

**I.
STATEMENT OF ISSUE**

Whether any genuine issue of material fact precludes a finding as a matter of law that the statute of limitations should not be extended to three years because Plaintiffs cannot meet their burden of proving that Defendants acted with reckless disregard of the law in classifying Plaintiffs as exempt employees?

**II.
INTRODUCTION**

This is a purported collective action under 29 U.S.C. §216(b) of the FLSA wherein the named and opt-in Plaintiffs allege they were misclassified as exempt employees and improperly

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 1

DB1/66206725.1

denied overtime pay. After this case was conditionally certified as a collective action, approximately 73 individuals filed their consents to opt-in to this lawsuit. Currently, after the partial settlement of the claims of certain Plaintiffs, and after several other Plaintiffs elected to opt-out of the lawsuit, 30 Plaintiffs remain in the case.

The FLSA provides for a two-year statute of limitations for unpaid overtime claims. If a plaintiff can meet his/her burden to show that an FLSA violation was "willful," then the statute extends the limitations period to three years.[1] Because Plaintiffs cannot show that Tyler acted willfully in classifying Plaintiffs as overtime exempt employees, Tyler respectfully moves this Court for a determination that the two-year statute of limitations applies to the claims of all Plaintiffs and that the claims of those Plaintiffs that fall outside of the two-year statute of limitations be dismissed as a matter of law.

## III.
## ARGUMENTS & AUTHORITIES

In a collective action, the limitations period continues to run as to an individual until he or she files a consent to opt-in to the collective action.[2] The FLSA bars any actions for unpaid overtime compensation not filed within two years after the cause of action accrues.[3] Under the FLSA, a cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the overtime compensation is claimed.[4] If a plaintiff can prove that a violation of the FLSA was willful, the statute extends the limitations period from two to three years.[5]

To receive the benefit of the three-year statue of limitations, a plaintiff must show that the

---

[1] 29 U.S.C. § 225(a).
[2] *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997).
[3] 29 U.S.C. § 225(a).
[4] *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987).
[5] 29 U.S.C. § 225(a).

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 2**

employer's actions were "willful" by establishing "that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by…" the FLSA.[6] To prevail on summary judgment as to willfulness, Tyler "need only point the court to the absence of evidence" that its actions were willful.[7]

A failure to seek legal advice regarding an employer's pay practices does not constitute a willful violation of the FLSA.[8] A negligent violation of the FLSA does not constitute a willful violation.[9] Also, in misclassification cases, evidence that employees complained about working more than 40 hours per week "does not raise a genuine issue of material fact as to defendants' intentional or reckless disregard for the matter of whether its conduct was prohibited by the FLSA."[10] Similarly, an employer's mere knowledge that its employees worked more than 40 hours per week does not raise a genuine issue of material fact as to whether the employer acted with intentional or reckless disregard of the FLSA.[11]

Tyler's motion for summary judgment should be granted because there is no evidence to support Plaintiffs' claims that Tyler acted willfully. As such, Plaintiffs' claims are governed by the FLSA's two-year statue of limitations, and the claims of those Plaintiffs who fall outside of this limitations period should be dismissed.

An example of how courts analyze the issue of willfulness at the summary judgment stage is *Dennington v. Brinker International Payroll Co.*[12] In *Dennington,* the court granted Brinker's motion for summary judgment because the plaintiff could not point to evidence that

---

[6] *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).
[7] *Dennington v. Brinker Int'l Payroll Co.*, No. 3:09-CV-1489-D, 2010 U.S. Dist. LEXIS 116890, at *5 (N.D. Tex. Nov. 3, 2010).
[8] *Mireles v. Frio Foods*, 899 F.2d 1407, 1416 (5th Cir. 1990).
[9] *Id.*
[10] *Edwards v. Alta Colls., Inc.*, No. SA-03-CA-0538 OG (NN), 2005 U.S. Dist. LEXIS 3753, at *46 (W.D. Tex. Feb. 28, 2005) (the employer's summary judgment motion was granted as to the issue of willfulness and the court imposed the FLSA's 2-year limitations period).
[11] *Id.* at *47.
[12] *Dennington*, 2010 U.S. Dist. LEXIS 116890.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 3**

DB1/66206725.1

Brinker acted willfully.[13] In support of its motion, Brinker simply pointed out the absence of any evidence of willfulness.[14] Attempting to survive Brinker's summary judgment motion, the plaintiff argued that "the determination of willfulness is a fact issue and should, therefore, be submitted to a jury."[15] The court held that the plaintiff could not "defeat summary judgment simply by making this assertion. He must produce *evidence* that creates a genuine fact issue, i.e., proof that would enable a reasonable jury to find in his favor on this issue."[16] The court concluded that Brinker was "only required at the summary judgment stage to point to the absence of evidence of a willful violation."[17] Accordingly, the court granted Brinker's motion.[18]

Similarly, Tyler's motion for summary judgment should be granted because Plaintiffs cannot point to evidence that Tyler acted with reckless or intentional disregard of whether its classification of Plaintiffs as exempt employees was prohibited by the FLSA. The Plaintiffs identified in the table below should be dismissed from this action because the entirety of their claims fall outside of the two-year limitations period. The claims of unpaid overtime compensation for the remaining Plaintiffs should be limited only to those claims that fall within the two-year limitations period. Any claims for unpaid overtime compensation that fall outside of the two-year limitations period should be barred as a matter of law.

---

[13] *Id.*
[14] *Id.* at *5.
[15] *Id.* at *7.
[16] *Id.*
[17] *Id.*
[18] *Id.* at *8.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 4**

DB1/66206725.1

## IV.
## STATEMENT OF UNDISPUTED FACTS

| Plaintiff | Date Consent to Opt in Was Filed | Date Before Which Claims are Barred[19] | Dates of Employment |
|---|---|---|---|
| Joy Bibles | 4/6/09[20] | 4/6/07 | 9/21/2005[21] to 10/13/2006[22] |
| Geraldine Ingram | 7/31/09[23] | 7/31/07 | 1/3/2006[24] to 11/2006[25] |
| Bethany Maynard | 7/27/09[26] | 7/27/07 | 12/2002 to 3/2007[27] |
| Lisa White | 4/6/09[28] | 4/6/07 | 2/16/2004 to 2/28/2007[29] |
| Eyvonne Wilton | 8/13/09[30] | 8/13/07 | 3/13/2006[31] to 1/12/2007[32] |

## V.
## CONCLUSION

There is no evidence that Tyler acted in reckless disregard of the law by classifying Plaintiffs as exempt employees. Therefore, the two-year statute of limitations under the FLSA applies to this action and the claims of the Plaintiffs that fall outside of the two-year limitations period are barred as a matter of law. Accordingly, Tyler respectfully requests this Court to grant its motion for summary judgment and dismiss the claims of Plaintiffs Bibles, Ingram, Maynard, White and Wilton in their entirety and dismiss them from this lawsuit. Additionally, Tyler respectfully requests this Court to hold that claims of the remaining Plaintiffs for overtime compensation are barred if they fall outside of the two-year limitations period.

---

[19] Based on a two-year limitations period.
[20] *See* Dkt. No. 17-13, Bibles's consent to opt-in.
[21] *See* Exh. A, offer letter for Bibles.
[22] *See* Exh. B, separation letter for Bibles.
[23] *See* Dkt. No. 50-1, p. 2 of 3, Ingram's consent to opt-in.
[24] *See* Exh. C, offer letter for Ingram.
[25] *See* Exh. D, Ingram dep. p. 12:21-23.
[26] *See* Dkt. No. 46-1, Maynard's consent to opt-in.
[27] *See* Exh. E, Maynard dep. pp. 6:25-7:5.
[28] *See* Dkt. No. 17-16, White's consent to opt-in.
[29] *See* Dkt. No. 18 -11, Declaration of Lisa White.
[30] *See* Dkt. No. 58-1, Wilton's consent to opt-in.
[31] *See* Exh. F, Wilton's dep. p. 116:18-21.
[32] *See* Exh. G, separation letter for Wilton.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 5**

Respectfully submitted:

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413

ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 6**

DB1/66206725.1

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing has been served via the Court's ECF system on this 30th day of December, 2010, as follows:

| | |
|---|---|
| John D. Sloan, Jr.<br>Laureen F. Bagley<br>SLOAN, BAGLEY, HATCHER &<br>  PERRY LAW FIRM<br>101 East Whaley Street<br>P.O. Drawer 2909<br>Longview, Texas 75606<br>jsloan@textrialfirm.com<br>lbagley@sloanfirm.com | Alexander R. Wheeler<br>Jason Paul Fowler<br>R. REX PARRIS LAW FIRM<br>42220 10th Street West, Suite 109<br>Lancaster, CA  93534<br>awheeler@rrexparris.com<br>jfowler@rrexparris.com |
| John P. Zelbst<br>Chandra L. Homes Ray<br>Zelbst, Holmes & Butler<br>PO Box 365<br>Lawton, OK  73502<br>zelbst@zelbst.com<br>chandra@zelbst.com | James E. Wren<br>One Bear Place #97288<br>Waco, TX  76798<br>James_Wren@baylor.edu |

                                      */s/ Paulo B. McKeeby*
                                      Paulo B. McKeeby
                                      Ellen L. Perlioni
                                      Farin Khosravi

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND WILLFULNESS UNDER THE FLSA AND BRIEF IN SUPPORT – PAGE 7**

DB1/66206725.1