IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all other similarly situated; <br><br> Plaintiffs, <br><br><br><br> TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC. <br> Defendants. | § § § § § § § § § § § § § § <br><br><br><br> 2:08-cv-422  TJW |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING OVERTIME CALCULATION AND BRIEF IN SUPPORT**

Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc. (collectively "Tyler" or "Defendants") file this Motion for Partial Summary Judgment Regarding Overtime Calculation and, in support thereof, would respectfully show as follows:

**I.
STATEMENT OF ISSUE**

Whether the Court should utilize the fluctuating workweek method for calculating overtime should it find in Plaintiffs' favor on the issue of liability.

**II.
INTRODUCTION**

This is a purported collective action under 29 U.S.C. §216(b) of the FLSA wherein the named and opt-in Plaintiffs allege they were misclassified as exempt employees and denied overtime pay. Throughout this litigation, Tyler has asserted that it properly classified Plaintiffs as overtime exempt employees under the white collar exemptions of the Fair Labor Standards Act ("FLSA"). While Tyler continues to contest liability, it seeks partial summary judgment

concerning the proper method of calculating damages. Specifically, Tyler seeks an order from the Court that the fluctuating workweek, as set forth in 29 C.F.R. § 778.114, is the correct method of calculating overtime compensation.

There is no disputed issue of material fact with respect to any of the requirements under section 778.114. Plaintiffs understood their fixed salaries to be compensation for all hours worked during a given week. Moreover, each Plaintiff was paid a fixed weekly salary no matter how many hours per week he or she worked.

### III.
### ARGUMENTS & AUTHORITIES

Because the fluctuating workweek is neither an exemption, an exception, nor a defense, an employee has the burden of proving it should not apply in a FLSA misclassification case.[1] Determining the proper method of calculating damages is a question of law to be decided by the Court.[2]

Should liability be found, Plaintiffs' overtime should be calculated under the fluctuating workweek method under 29 C.F.R. § 778.114. For the fluctuating workweek method to apply, two criteria must be met: (1) the employee is paid a fixed weekly salary that meets the statutory minimum wage rate; and (2) there is a clear understanding between the employer and the employee that the fixed salary is compensation for all hours worked during each workweek.[3] It is firmly established in the Fifth Circuit "that when an employee is improperly classified as exempt, a formula based on the fluctuating workweek standard should be applied" to determine the proper overtime calculation.[4]

---

[1] *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001).
[2] *Donihoo v. Dallas Airmotive, Inc.*, 1998 U.S. Dist. LEXIS 1417, *19 (N.D. Tex. Feb. 2, 1998).
[3] 29 C.F.R. § 778.114.
[4] *Donihoo*, 1998 U.S. Dist. LEXIS 1417, at *20; *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354 (5th Cir. 1990); *Villegas v. Dependable Constr. Serv., Inc.*,

There is no requirement for an agreement to pay an employee a fixed salary be in writing; such an agreement may be inferred from the parties' conduct.[5] When an employee is paid a fixed weekly sum for any and all hours worked, and the employee routinely works overtime and never receives any overtime pay, the second requirement of section 778.114 is met.[6]

In *Blackmon*, the Fifth Circuit affirmed the district court's finding that the plaintiffs were improperly classified as exempt administrative employees.[7] The court, however, reversed based on the lower court's method of calculating overtime based on a time and one-half multiplier.[8] The Fifth Circuit held this method to be "inappropriate when the employer and employee have agreed on a fixed salary for varying hours."[9] In holding that the fluctuating workweek method of calculating overtime under section 778.114 should apply, the court explained that, to determine the regular rate of pay, the fixed salary must be divided by the actual number of hours worked by the employee each workweek.[10] To determine the overtime premium for that week, all hours worked over 40 in the workweek must be multiplied by one half (0.5), not one and one-half (1.5), regular rate for that week.[11]

Approximately two years later after it issued *Blackmon*, in *Cox v. Brookshire Grocery Co.*, the Fifth Circuit again confirmed the fluctuating workweek applies to calculate damages in FLSA misclassification cases.[12] Even more recently, in *Tolentino v. C&J Spec-Rent Services*, a district court in the Fifth Circuit again rejected the argument that the fluctuating workweek

---

2008 U.S. Dist. LEXIS 98801 (S.D. Tex. Dec. 8, 2008); *Tolentino v. C&J Spec-Rent Serv. Inc.*, 2010 U.S. Dist. LEXIS 69404 (S.D. Tex. July 12, 2010).
[5] *Urnikis-Negro v. Am. Family Prop. Serv.*, 2010 U.S. App. LEXIS 16126, at *46-49 (7th Cir. Aug. 4, 2010).
[6] *Id.*
[7] *Blackmon*, 835 F.2d at 1138.
[8] *Id.*
[9] *Id.*
[10] *Blackmon*, 835 F.2d at 1138-1139; s*ee also* 29 C.F.R. § 778.114 (a).
[11] *Id.*
[12] 919 F.2d 354, 356-357 (5th Cir. 1990).

method is inapplicable in misclassification cases.[13] In granting the employer's summary judgment motion and holding that overtime should be calculated under the fluctuating workweek method, the court held that it "must follow the *Blackmon* ruling."[14]

The *Tolentino* court stated that the Fifth Circuit has interpreted the "clear mutual understanding" requirement of the fluctuating workweek method broadly by "essentially requiring only an understanding that the employee would be salaried rather than hourly, regardless of the workweek."[15] In conclusion, the court stated:

> [o]ther courts within this District and elsewhere in the Fifth Circuit have consistently followed *Blackmon*, even if they disagree…. Simply put, this Court is without the authority to ignore or rule contrary to *Blackmon*. The Court must comply with *Blackmon* and apply the flexible workweek method to determine damages in this case should liability be found, as provided in 29 C.F.R. § 778.114.[16]

Plaintiffs cannot meet their burden of proving that the fluctuating workweek method of calculating damages should not be applied in this case. The undisputed facts, as set forth below, establish that the parties had a clear and mutual understanding that each Plaintiff's fixed salary was to compensate him or her for all hours that he or she worked each week. Also, there is no dispute that each Plaintiff's salary was in excess of the statutory required minimum wages. Accordingly, Defendants' motion for summary judgment should be granted.

## IV.
## STATEMENT OF UNDISPUTED FACTS

As demonstrated by the offer letters provided Plaintiffs,[17] Plaintiffs were paid fixed

---

[13] 2010 U.S. Dist. LEXIS 69404 (S.D. Tex. July 12, 2010).
[14] *Id.* at *8.
[15] *Id.* at *11.
[16] *Id.* at *10.
[17] There are no offer letters for Plaintiffs Hampton, McElhaney, White, Baird, Churnovic and David. Nonetheless, deposition testimony of Plaintiffs Hampton, McElhaney, White and Baird demonstrate that the requirements for the application of section 778.114 are met. *See, infra* notes 20-26. Tyler has been unable to depose Plaintiff David due to his failure to participate in the discovery process and Tyler's motion to dismiss his claims currently is pending before this Court. Should David's claims not be dismissed, David cannot meet his burden of proving that the

salaries in excess of the statutory minimum wages[18] that did not fluctuate based on the actual number of hours worked each week. Plaintiffs therefore understood that they were exempt employees and that their salaries were compensation for all hours worked.[19]

For example, Plaintiff Jill Brown testified that she understood her position was salaried and that she would not be paid overtime for working more than forty hours per week.[20] She also understood that the number of hours she would work per week would vary.[21] Plaintiff Melanie Baird testified that she was paid a fixed salary every week although her number of hours worked varied,[22] and she understood that her salary would not change based on the number of hours worked each week, and she understood she would not be paid any overtime for any hours worked in excess of forty.[23] Plaintiff Talina McElhany testified that she understood her fixed salary would not change no matter how many hours she worked per week and that she understood that her hours of work each week would fluctuate.[24] Plaintiff Lisa White testified that she understood her salary to be fixed and that she would not be compensated for any overtime although she would work varying hours each week.[25] Plaintiff Kelly Hampton testified that she was paid a salary, she worked more than 40 hours per week some workweeks, and she

---

fluctuating workweek method is inapplicable, because there is no evidence that he did not understand his fixed salary was compensation for all hours worked. Tyler has been unable to depose Churnovic because Churnovic has been out of the country. Similar to David, Plaintiff Churnovic cannot meet his burden of proving that the fluctuating workweek method is inapplicable.

[18] *See* Exhibits A-1 through A-24, offer letters demonstrating Plaintiffs' annual fixed salaries ranging from $35,000 to $65,000; *see also* Dkt. No. 18-11, Declaration of Lisa White ¶6; Dkt. No. 18-12, Declaration of Kelly Hampton ¶7; Dkt. No. 18-10, Declaration of Talina McElhaney ¶¶9-10; Ex. 26, Melanie Baird Depo. pp. 17:23-18:6.

[19] *See* Exhibits A-1 through A-15 (offer letters for Plaintiffs Dodd, Carrington, Dunn, Dunning, Dupree, Flynn, Gennette, Grimwood, Huynh, Ingram, Maynard, Milburn, Mosenthin, Meyers, and Void, respectively, stating their fixed salaries); *see* Exhibits A-16 through A-24 (offer letters for Plaintiffs Bibles, Britt, Brown, Duke, Emde, Hayner, Mutch, O'Haver, and Wilton, respectively, stating that their position with Tyler is an exempt position and stating their fixed salaries).

[20] Exhibit B, Jill Brown Depo. pp. 12:24-13:6.
[21] Exhibit B, Jill Brown Depo. pp. 15:22-16:11.
[22] Exhibit C, Melanie Baird Depo. pp. 109:19-24; 111:21-112:8.
[23] Exhibit C, Melanie Baird Depo. pp. 109:25-110:5; 111:8-112:12.
[24] Exhibit D, Talina McElhany Depo. p. 26:4-19, 22-25.
[25] Exhibit E, Lisa White Depo. p. 105:8-12.

did not complain about not getting paid any overtime when she worked more than 40 hours in a given week.[26]

Based on Plaintiffs' deposition testimony, their offer letters, and the Parties' conduct (continuing to work while receiving no overtime compensation even when Plaintiffs worked over 40 hours per week), it is clear that Plaintiffs understood their fixed salary was to cover all hours worked. Plaintiffs cannot meet their burden of proving that the fluctuating workweek method is inapplicable.

## V.
## CONCLUSION

There is no evidence to preclude the application of the fluctuating workweek method to calculate damages, if any, should liability be found. The parties had a clear understanding that Plaintiffs were exempt employees and were paid fixed salaries for all hours worked in a given week. Accordingly, Defendants respectfully requests this Court to grant its motion for summary judgment and hold that should liability be found, Plaintiffs' damages, if any, should be calculated in accordance with the fluctuating workweek method established in section 778.144.

---

[26] Exhibit F, Kelly Hampton Depo pp. 108:13-16; 109: 9-20.

Respectfully submitted:

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413

ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing has been served via the Court's ECF system on this 4th day of January, 2011, as follows:

| | |
|---|---|
| John D. Sloan, Jr.<br>Laureen F. Bagley<br>SLOAN, BAGLEY, HATCHER &<br> PERRY LAW FIRM<br>101 East Whaley Street<br>P.O. Drawer 2909<br>Longview, Texas 75606<br>jsloan@textrialfirm.com<br>lbagley@sloanfirm.com | Alexander R. Wheeler<br>Jason Paul Fowler<br>R. REX PARRIS LAW FIRM<br>42220 10th Street West, Suite 109<br>Lancaster, CA  93534<br>awheeler@rrexparris.com<br>jfowler@rrexparris.com |
| John P. Zelbst<br>Chandra L. Homes Ray<br>Zelbst, Holmes & Butler<br>PO Box 365<br>Lawton, OK  73502<br>zelbst@zelbst.com<br>chandra@zelbst.com | James E. Wren<br>One Bear Place #97288<br>Waco, TX  76798<br>James_Wren@baylor.edu |

                                        */s/ Paulo B. McKeeby*
                                        Paulo B. McKeeby
                                        Ellen L. Perlioni
                                        Farin Khosravi