IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PATTY BEALL, MATTHEW MAXWELL, TALINA MCELHANY AND KELLY HAMPTON, individually and on behalf of all other similarly situated;<br><br>Plaintiffs,<br><br>TYLER TECHNOLOGIES, INC. AND EDP ENTERPRISES, INC.<br>Defendants. | §§§§§§§§§§§§§<br><br>2:08-cv-422   TJW |

## TYLER TECHNOLOGIES, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Plaintiffs Patty Beall, Matthew Maxwell, David Gravley, Talina Mcelhany, Kelly Hampton, Kevin Tullos, Casey Brown, Jason Bonner, Anthony Dodd, Ilene Meyers, Tom 'Ohaver, Joy Bibles, Don Locchi And Melissa Pastor, Individually And On Behalf Of All Others Similarly Situated, by and through their attorneys of record, John D. Sloan, Jr., Laureen F. Bagley, SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM, 101 East Whaley Street, P.O. Drawer 2909, Longview, Texas 75606

I.

## GENERAL OBJECTIONS

Defendants Tyler Technologies, Inc. and EDP Enterprises, Inc.'s (hereinafter collectively referred to as "Tyler" or "Defendants") hereby make the following general objections to plaintiffs' First Set of Interrogatories to Defendants. Each of the following objections is applicable, to the extent appropriate, to each of the written interrogatories set forth in plaintiffs' First Set of Interrogatories. These general objections are in addition to, and not in lieu of, any specific objections that may additionally be made to any written interrogatory. The answers that follow remain subject to any and all objections or exceptions or motions in limine which may apply, or which may be noted in each interrogatory answer. Defendants do not waive, but rather

## INTERROGATORY NO. 11:

If you claim that any plaintiff or opt-in is subject to the Computer Professional exemption set forth:

(a)  the plaintiff or opt-in you claim is subject to that exemption;

(b)  the primary duty of that plaintiff or opt-in and specifically how you claim that duty is related to:
  1. The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
  2. The design, development, documentation, analysis, creation, testing or modification of computer system or programs, including prototypes, based on and related to user or system design specification;
  3. The design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
  4. A combination of the aforementioned duties, the performance of which requires the same level of skills.

(c)  the minimum weekly salary of each plaintiff or opt-in; and

(d)  the name, address and phone number of each witness who will testify regarding your responses to this interrogatory and a summary of their testimony.

## ANSWER:

(a)  Tyler contends that the plaintiffs who worked in the positions of Implementation Consultant, Systems Engineer, and Quality Assurance qualify for the computer professional exemption.

(b)  Tyler objects to this Interrogatory on the grounds it is overly broad and unduly burdensome to the extent it requests Tyler to identify and specifically delineate each and every job duty and responsibility of each and every plaintiff and opt-in plaintiff. As discussed in Tyler's class certification briefing, the duties and responsibilities of the various positions identified by plaintiffs varied among Tyler locations and also may have varied during different periods of time and based on the seniority level of particular employees. Tyler further objects to this interrogatory to the extent it requires Defendants to marshal their evidentiary support. Finally, Tyler objects to the extent this interrogatory seeks attorney work product. Subject to and without waiving the foregoing objections, Tyler responds as follows:

c) Tyler contends that the Implementation Consultants performed a combination of the duties identified above and, in particular, Item No. 1 above, in that they regularly and customarily were required to consult with users to determine hardware, software or system functional specifications in their communications with Tyler's customers to ascertain system and information flow needs and requirements.

Tyler contends that Systems Engineers are covered by the computer professional exemption in that they perform a combination of the duties referenced above and, in particular, were required to consult with users to determine hardware and software needs and to assess, document, and test modifications of computer systems based on customer design specifications.

Tyler contends that Quality Assurance employees generally are covered by the computer professional exemption in that they perform a combination of the duties referenced above and, in particular, are required to develop, document, analyze and test computer systems and/or programs based on and related to user or system design specifications.

(c) Tyler responds that each plaintiff and opt-in plaintiff received a minimum weekly salary which varied based on increases or decreases in salaries and that the amounts of the salaries of plaintiffs and opt-in plaintiffs at particular times can be discerned from Tyler's payroll documents which have been produced to plaintiffs in this litigation.

(d) Tyler objects to this Interrogatory on the grounds it is overly broad and requires more than contemplated by the Federal Rules of Civil Procedure in its request for a summary of anticipated testimony. Subject to and without waiving the foregoing objections, Tyler refers plaintiffs to the managers and other Tyler personnel identified in Tyler's Initial Disclosures. Tyler will supplement this response consistent with its disclosure obligations under the Court's orders or local rules when Tyler finalizes its determination of the witnesses it intends to call at trial in this case.

**INTERROGATORY NO. 12:** Provide the factual basis for each and every affirmative defense set forth in the defendant's answer filed within this case as it pertains to each and every plaintiff or opt-in.

**ANSWER:** Tyler objects to this Interrogatory on the grounds it is overly vague in its request to identify the factual basis for each affirmative defense "as it pertains to each and every plaintiff or opt-in." Tyler further objects to this Interrogatory on the grounds it is overly broad and unduly burdensome to the extent it seeks to require Tyler to marshal its evidence and arguments as to each and every individual plaintiff and opt-in plaintiff in the case. Subject to and without waiving the foregoing objections, Tyler refers plaintiffs to its responses to the

Respectfully submitted:

*Ellen L Perlioni*

Paulo B. McKeeby
Texas Bar No.: 00784571
paulo.mckeeby@morganlewis.com
Joel S. Allen
Texas Bar No.: 00795069
joel.allen@morganlewis.com
Ellen L. Perlioni
Texas Bar No. 00794155
ellen.perlioni@morganlewis.com
Farin Khosravi
Texas Bar No. 24043753
farin.khosravi@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
phone - 214.466.4000
facsimile - 214.466.4001

Deron R. Dacus
Texas Bar No.: 00790553
derond@rameyflock.com

RAMEY & FLOCK P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
phone – 903.597.3301
facsimile – 903.597.2413


ATTORNEYS FOR DEFENDANTS
TYLER TECHNOLOGIES, INC. AND
EDP ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via electronic mail and certified mail, return receipt requested on this 7th th day of May, 2010, as follows:

John D. Sloan, Jr.
Laureen F. Bagley
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
jsloan@textrialfirm.com
lbagley@sloanfirm.com

John P. Zelbst
Chandra L. Homes Ray
Zelbst, Holmes & Butler
PO Box 365
Lawton, OK 73502
zelbst@zelbst.com
chandra@zelbst.com

Alexander R. Wheeler
Jason Paul Fowler
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA 93534
awheeler@rrexparris.com
jfowler@rrexparris.com

James E. Wren
One Bear Place #97288
Waco, TX 76798
James_Wren@baylor.edu

_Ellen L Perlitsu_

EXHIBIT "2"