IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATTY BEALL, MATTHEW MAXWELL, § | | |
| DAVID GRAVLEY, TALINA MCELHANY, § | | |
| KELLY HAMPTON, CASEY BROWN, § | | |
| JASON BONNER, ANTHONY DODD, § | | |
| ILENEMEYERS, TOM O'HAVER, § | | |
| JOY BIBLES, AND MELISSA PASTOR, § | | |
| Individually and on behalf of all others § | | |
| similarly situated; § | | |
| § | | |
| Plaintiffs, § | 2:08-cv-422 TJW | |
| § | | |
| TYLER TECHNOLOGIES, INC., AND § | | |
| EDP ENTERPRISES, INC. § | | |
| Defendants. § | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Come now the Plaintiffs, Patty Beall *et al.*, individually and on behalf of all others similarly situated, (hereinafter "Plaintiffs") and files this Response to Defendants' Motion for Dismiss the claims of opt-in Plaintiffs Edward David ("David") and Kim Huynh ("Huynh").

**I.**
**INTRODUCTION**

Defendants seek a death knell sanction of dismissal of David and Huyhn's claims because they have not been produced for deposition. Dismissal of David and Huyhn's claims is an inappropriate sanction given the facts and circumstances of this collective action.

**II.**
**LAW AND ARGUMENT**

First, the purposes of a collective action would be completely undermined if dismissal for failure to attend a deposition were adequate grounds for dismissal. The underlying premise of the

216(b) process is to allow employees similarly situated to proceed collectively on a *representative* basis. See 29 U.S.C. Sec. 216(b). If every single representative and opt-in plaintiff were required to actively engage in pervasive discovery in order to "prosecute" an *individual* suit, even though brought as a collective action, as Defendants' Motion to Dismiss demands, there would be [little/no] reason for plaintiffs to opt-in to the action and amalgamate their claims to begin with. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Second, Tyler Technologies has not been prejudiced by the inability to depose David and Huyhn, nor has Tyler Technologies explained to the court how it is prejudiced by its inability to depose David and Huyhn. Because of the extensive discovery in this case, Tyler Technologies is not prejudiced by its inability to depose David and Huyhn Importantly, Mr. David worked as an Implementation Consultant in the INCODE division of Tyler Technologies from June 18, 2007 to October 13, 2008. Tyler Technologies has currently deposed the following Implementation Consultants that worked in the INCODE division, Melanie Baird, Anthony Dodd, Gayla Duke, Eric Emde, and Lorraine Mutch. The similarities of the job duties of the Implementation Consultants within the INCODE division are detailed in Plaintiffs' Response to Defendant's Motion to Decertify [Docket # 159] pages 33 - 35. Defendant has not pointed out to the court any reason why Mr. David's job duties would be any different from the other Implementation Consultants in the INCODE division.

Ms. Huynh worked as an Implementation Consultant in the ODYSSEY division of Tyler Technologies from February 19, 2007 to October 5, 2007. Tyler Technologies has currently deposed the following Implementation Consultants that worked in the ODYSSEY division, Kim Carrington and Jill Brown. The similarities of the job duties of the Implementation Consultants within the

ODYSSEY division are detailed in Plaintiffs' Response to Defendant's Motion to Decertify [Docket # 159 ] pages 35 - 37.

Additionally, Tyler Technologies has extensive documents related to the employment of David and Huyhn that have been produced in this litigation. Documents produced by Tyler Technologies, Inc. as Tyler/Beall 000899 - 000958 and Tyler/Beall 004974 - 004987 include the following documents that relate to Mr. David's employment with Tyler Technologies:

- 000900 — Payroll - PAFs cover sheet
- 000901 — Personal Action Form 10/10/08
- 000902 — Personal Action Form 10/07/08
- 000903 — Personal Action Form 11/28/07
- 000906 — Payroll Status Form
- 000907 — Personnel Action Form
- 000908 - 000909 — Taxes Cover Sheet
- 000910 — New Hire cover sheet
- 000911 — Verification of Employment
- 000912 - 00915 — Employment Application
- 000916 - 00917 — Resume
- 000918 — Acknowledgment of Receipt
- 000919 - 00920 — Non-Competition Agreement
- 000921 - 000924 — Resume
- 000925 - 000926 — Certificate of Release or Discharge from Active Duty
- 000927 - 000934 — Letters of Recommendations for Edward David
- 000935 - 000943 — Certificates of Edward David
- 000951 - 000958 — Email TMCEC Evaluations
- 004974 - 004987 — Detail Payroll Check History

Documents produced by Tyler Technologies, Inc. as Tyler/Beall 002005 - 002066 include the following documents that relate to Ms. Huyhn's employment with Tyler Technologies:

- 002004 — Date Hired & Date Terminated
- 002005 — Personal Action Form 9/20/07
- 002006 -002008 — Emails
- 002009 — Separation Checklist
- 002010 — Confirmation of Resignation Form
- 002011 - 002012 — Email Re: Notification letter

- 002013                Time sheet
- 002014 -002017    Enrollment Forms
- 002018 - 002021   Weekly Expense Reports
- 002022                Email Re: Taxation of Relocation Expense Reimbursement
- 002023                Personal Action Form 2/19/07
- 002039                Offer Letter 01/22/07
- 002041 -002044    Employment Application
- 002045 - 002046   Resume
- 002047 -002056    Consent form for background check
- 002057                Position Requisition Form
- 032669 - 032700   Time sheets 02/18/07 - 09/16/07
- 005276 - 005280   Detail Payroll Check History

Finally, Ms. Huyhn provided a declaration in connection with her participation in this suit describing her job duties and providing the average number of overtime hours she worked per week. (Exhibit "1" Declaration of Kim Huyhn.)

The requested dismissal of David and Huyhn's claims is not supported by the jurisprudence. In *Roots v. Morehouse School of Med.*, the defendant filed a motion to dismiss 14 FLSA opt-in plaintiffs on Fed.R.Civ.P. 41(b) and 37(d) grounds because they had not filed individual responses to defendant's interrogatories and because two of them had not attended scheduled, noticed depositions. *Roots*, 2009 WL 4798217, at *1 (N.D.Ga. 2009). There, as here, the defendant argued that they had been prejudiced by the plaintiffs' actions and that dismissal was the only viable sanction. *Id*. at *1—2. In denying the defendant's motion the court held:

> Rule 41(b) says, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendant has not alleged that the individual opt-in Plaintiffs have violated a court order, nor has there been a complete lack of prosecution. Plaintiffs, as a class, have answered discovery, filed motions, filed responses to Defendant's motions, and otherwise participated in this litigation. Rule 41(b) is only applicable then because Defendant argues that Plaintiffs did not comply with the discovery rules. Consequently, Rule 37, which governs discovery, is more appropriate because it provides for its own sanctions for failure to comply with discovery requests.

> Rule 37(d) allows a court to "order sanctions if ... a party ... fails, after being served with proper notice, to appear for that person's deposition; or ... a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." One of the sanctions allowed by Rule 37 is dismissal. Fed.R.Civ.P. 37(b)(2)(A)(v). The Eleventh Circuit, however, has "consistently ... found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate ... only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.' "[citation omitted] "[W]here there was no prior discovery order ... [there is a need] for a showing of bad faith or willful delay to support the sanction of dismissal." [citation omitted].... There has been no order compelling the relevant opt-in Plaintiffs to comply with discovery, and Defendant never filed a motion to compel. Defendant simply filed this motion for dismissal on the last day of discovery. Defendant has also not shown bad faith or willful delay by the opt-in Plaintiffs. *Id*. at 2—3.

Here in Texas, as in the 11th Circuit, a court may properly dismiss a suit under Fed.R.Civ.P. 37 or Fed.R.Civ.P.41(b) only when all other avenues have been exhausted. *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984). Indeed, the 5th Circuit has described the dismissal with prejudice that Defendants' in this case seek "a draconian remedy" only to be used as a "last resort." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). As such, the following factors "must be present before a district court may dismiss a case as a sanction for violating a discovery order": the refusal to comply must result from "willfulness or bad faith;" and be "accompanied by a clear record of delay or contumacious conduct;" the violation of the discovery order must be attributable to the client instead of the attorney; the violating party's misconduct must substantially prejudice the opposing party; and the desired deterrent effect must not be able to be substantially achieved by a less drastic sanction. *Id*.

Here, just as in *Roots*, there has been no motion to compel filed nor order violated, there is no evidence of willfulness or bad faith accompanied by clear delay or contumacious conduct, and Defendants' are not substantially prejudiced because they have received the testimony of twenty seven

(27) individuals employed in the same position in this representative action. Here, just as in *Roots,* the Defendants' Motion to Dismiss is improper and should be denied. See also *Villalobos v. Guertin*, 2009 WL 2579041, at *3 (E.D.Ca. 2009) (et. al); see also *Morales v. Greater Omaha Packing Co., Inc.*, 2009 WL 2003329, at *1—2 (D.Neb. 2009) (also denying defendant's motion to dismiss FLSA opt-in plaintiffs under Fed.R.Civ.P. 41(b) for nonappearance at depositions);

On information and belief Edward David is currently serving in the military and has not been available to be deposed. Ms. Huynh moved during this year and Plaintiffs' counsel has not yet been able to obtain her contact information. Plaintiffs' counsel was recently informed that Ms. Huynh has made contact with another Plaintiff opt-in through Facebook and Plaintiffs' counsel has asked that she request Ms. Huynh's contact information. It is anticipated that Plaintiffs' counsel should have Ms. Huynh's contact information within the next 7 days and will be able to confirm whether Ms. Huyhn can be deposed before the discovery deadline. Plaintiffs' counsel continues to try and contact Mr. David.

## III.
## CONCLUSION

For the reasons set forth Plaintiffs respectfully request that the court deny Defendants' Motion to Dismiss.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY
LAW FIRM

 /s/ Laureen F. Bagley
John D. Sloan, Jr.
State Bar No. 18505100
jsloan@textrialfirm.com
Laureen F. Bagley
State Bar No. 24010522
lbagley@textrialfirm.com

101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
(903) 757-7000
(903) 757-7574 (Fax)

Alexander R. Wheeler
awheeler@rrexparris.com
Jason Paul Fowler
jfowler@rrexparris.com
R. REX PARRIS LAW FIRM
42220 10TH Street West, Suite 109
Lancaster, CA 93534-3428
(661) 949-2595
(661) 949-7524 (Fax)

John P. Zelbst
zelbst@zelbst.com
Chandra L. Holmes Ray
chandra@zelbst.com
ZELBST, HOLMES & BUTLER
P.O. Box 365
Lawton, OK 73502-0365
(580) 248-4844
(580) 248-6916 (Fax)

James E. Wren
Texas State Bar No. 22018200
James_Wren@baylor.edu
One Bear Place #97288
Waco, Texas 76798-7288
(254) 710-7670
(254) 710-2817 (Fax)
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record via electronic mail on this 7th day of January, 2011, as follows:

Paulo B. McKeeby
Joel S. Allen
Ellen L. Perlioni
Farin Khosravi
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201-7347

Deron R. Dacus
*RAMEY & FLOCK, P.C.*
100 East Ferguson, Suite 500
Tyler, Texas 75702

                                                                                    By: /s/ Laureen F. Bagley
                                                                                    LAUREEN F. BAGLEY